UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PACA, INC.; CHARLES EHLING; JUDY EHLING; AND EHLING INSURANCE & INVESTMENTS, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 3:06cv437-DRB ) |
| NATIONAL UNION FIRE INSURANCE COMPANY, | ) Removed from the Circuit Court of ) Tallapoosa County, Alabama ) CV-05-45 ) |
| Defendant. | ) |

RECEIVED
2006 MAY 15 P 3:56
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      MIDDLE DISTRICT OF ALABAMA
      EASTERN DIVISION

Defendant NATIONAL UNION FIRE INSURANCE COMPANY ("National Union") respectfully removes this case pursuant to 28 U.S.C. Sections 1441 and 1446 to the United States District Court for the Middle District of Alabama, Eastern Division.

1.   This action was commenced against National Union on April 12, 2006, entitled *"Paca, Inc.; Charles Ehling; Judy Ehling and Ehling Insurance & Investments, Inc., Plaintiffs, v. National Union Fire Insurance Company, Defendant,"* Civil Action No. CV-05-45 in the Circuit Court of Tallapoosa County, Alabama. The summons and complaint have not yet been served on National Union, but by this filing of a Notice of Removal, National Union hereby accepts

1

service and files this notice of removal to the United States District Court for the Middle District of Alabama, Eastern Division, within thirty (30) days in accordance with 28 U.S.C. § 1446(b).

2. This lawsuit is entitled "Amended Complaint" in an action originally filed March 4, 2005, in which Plaintiff PACA, Inc. sued Charles Ehling, Judy Ehling and Ehling Insurance & Investments, Inc. (the "Ehlings") for allegedly breaching their duties as PACA, Inc.'s insurance agent/broker by failing to procure insurance coverage. PACA, Inc. and the Ehlings subsequently reached a settlement agreement pursuant to which a consent judgment was entered by the state court in favor of PACA, Inc., awarding $3,952,227.56 in damages against the Ehlings. (Orders of Nov. 14, 2005 and Feb. 21, 2006 attached as Exhibit "A".) As part of the Order awarding damages, the trial court authorized PACA to amend its Complaint to "realign" the Ehlings as plaintiffs and to name as a defendant their insurer, National Union, in order to assert claims by PACA and the Ehlings for recovery of the insurance proceeds due under the Ehling's insurance policy. (*Id.*)

3. There already was pending in the United States District Court for the Northern District of Florida the same case or controversy, which was filed by the Ehlings as Plaintiffs against National Union as Defendant, entitled: "*Charles Ehling and Ehiling Insurance and Investments, Inc., Plaintiffs, vs. National Union Fire Insurance Company of Pittsburgh, Pennsylvania, et. al., Defendants,*" Case No: 4:05cv431-rh/wes. In their claim in Florida federal court the Ehlings seek insurance coverage (both a defense and indemnity) under the same insurance contract for the underlying claims, including the PACA claim which is the subject of the instant state court action. The Florida federal court has taken jurisdiction over the merits of that case and both parties have filed Motions for Summary Judgment which are under submission.

4.  This action is removable on two independent grounds: (1) diversity jurisdiction under 28 U.S.C. Section 1332 and (2) supplemental jurisdiction under 28 U.S.C. Section 1367.

### I.  Diversity Jurisdiction

5.  This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. Section 1332. The parties are completely diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6.  Defendant National Union is now, and was at the time of the commencement of this action, incorporated under the laws of Pennsylvania, with its principal place of business in Pittsburgh, Pennsylvania. (Ex. B, Compl. ¶ 3.)

7.  Plaintiff PACA, Inc. is now and was at the time of the commencement of this action an Alabama corporation with its principal place of business in the State of Alabama. (Ex. B, Compl. ¶ 1.)

8.  Plaintiffs Ehlings are now, and were at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, resident citizens of the State of Florida. Complete diversity, therefore, exists among the parties.

9.  This is not a "direct action" within the meaning of 28 U.S.C. Section 1332(c) which precludes the exercise of diversity jurisdiction in certain states like Louisiana which allow an injured third-party claimant to sue not only the tortfeasor but the tortfeasor's insurer. That section was explained by the Eleventh Circuit in *Fortson v. St. Paul Fire and Marine Insurance Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985): "That section was enacted by Congress in order to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a non-diverse party, even though the party insurance company

would otherwise be diverse." But where the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability insurance policy then the restriction does not apply. *Id.* "In other words, the statute will defeat diversity jurisdiction only if the claim which the third party has against the insured . . . is the same one asserted against the insurance company as within the zone of primary liability or which the company issued the policy." *John Cooper Produce, Inc. v. Paxton Nat'l Ins. Co.,* 774 F.2d 433, 435 (11th Cir. 1985). Furthermore, "the direct action proviso does not affect suits brought by an insured against his own insurer." *Bowers v. Continetal Ins. Co.,* 753 F.2d 1574, 1576 (11th Cir. 1985) (citations omitted). 28 U.S.C Section 1332(c) provides in pertinent part,

> In any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . ..

10.   The present matter was filed in Alabama which does not have a direct action statute like Louisiana and other states that allow an injured claimant to sue the tortfeasor's insurer without first obtaining a judgment. Those states – unlike Alabama – allow a claimant to bypass the tortfeasor and sue the insurer directly – as a third-party claimant. Congress by enacting subsection (c) has said the insurer's citizenship in those actions will be treated no different than the residence of its insured, so that the action remains in state court just as if the plaintiff had sued only the tortfeasor. Thus, the plaintiff is not forced to include the tortfeasor, solely for jurisdictional purposes, where the state legislature has attempted to obviate the necessity of suing the tortfeasor.

11.   That is not true in Alabama. Here a third-party claimant cannot sue the tortfeasor's insurer directly. It must obtain a judgment against the tortfeasor. And then, having obtained a judgment, the claimant is interposed (stands in the shoes) of the tortfeasor to seek any

insurance benefits which may apply. Alabama therefore is not a state which allows for a "direct action" such as contemplated in 28 U.S.C Section 1332(c).

12. Furthermore, even if Alabama were a direct action state, the exception in Section 1332(c) does in apply because the insureds (the Ehlings) are in fact parties to this action, and their citizenship is completely diverse from both the alleged injured party, PACA, Inc., and from their insurer National Union. (The Ehlings are citizens of Florida; PACA, Inc. is a citizen of Alabama; and National Union is a citizen of Pennsylvania). S*ee Wheelwright Trucking Co. v. Dorsey Trailers, Inc.* 158 F. Supp. 2d 1298, 1301 (M.D. Ala. 2001) ("Because [the insured] was not named in Wheelwright's garnishment action, Liberty is deemed a citizen of the State of which the insured is a citizen . . ."). "Congress intended for 28 U.S.C. § 1332(c)(1) to prevent suit against an insurer in federal court when both the injured party and the insured were citizens of the same state . . .." *Id.* (quoting in part *Sherman v. Pennsylvania Lumbermen's Mut. Ins. Co.,* 21 F. Supp. 2d 543 (D. Md. 1998)). Under such a scenario, the insurer would step into the shoes of the insured for all purposes, including for determination of citizenship for diversity jurisdiction, which oftentimes precludes removal to federal court. S*ee Wheelwright Trucking Co. v. Dorsey Trailers, Inc.* 158 F. Supp. 2d 1298, 1301 (M.D. Ala. 2001).

13. Thus the present diversity action is different in kind and nature than those which are regarded as "direct actions" that are non-removable under Section 1332(c) where the claimant and tortfeasors are non-diverse, and where state law allows the claimant to file suit directly against the tortfeasor's insurer.

14. As the Complaint clearly sets forth a specific amount of money damages, demanding satisfaction of the judgment in the amount of $3,952,227.56, the value of the matter in controversy clearly exceeds $75,000.00. The time to ascertain whether the requisite

jurisdictional amount exists is the time the Notice of Removal is filed. *See Sierminski,* 216 F.3d at 949. *Accord Jeffries v. Silvercup Bakers, Inc.,* 434 F.2d 310 (7th Cir. 1970).

## II.     Supplemental Jurisdiction under 28 U.S.C. § 1367.

15.     This action also is removable under the provisions of 28 U.S.C. Sections 1367(a) and 1441(a). The claims asserted by Plaintiffs in this action are essentially the same "case or controversy" within the meaning of U.S. Constitution Article III as the case currently pending in the United States District Court for the Northern District of Florida, "*Charles Ehling and Ehling Insurance and Investments, Inc., Plaintiffs, vs. National Union Fire Insurance Company of Pittsburgh, Pennsylvania, et. al., Defendants,*" Case No: 4:05cv431-rh/wes. In both the present case and the Florida case, the issue is whether plaintiffs are entitled to any coverage under an insurance policy issued by National Union to the Ehlings.[1]

16.     The Ehlings originally filed a Complaint in the Circuit Court for the Second Judicial Circuit in Leon County, Florida, Case No. 2005CA002466 alleging that National Union, among other defendants, had a duty to defend the Ehlings in this present case under a policy of insurance and sought insurance benefits under the subject policy. (Florida Complaint attached as Exhibit "C".)   National Union removed that action to the United States District Court for the Northern District of Florida, Tallahassee Division and answered the Complaint. (Florida Removal attached as Exhibit "D"; Florida Defendant's Answer attached as Exhibit "E".) National Union filed a counterclaim against the Ehlings for Declaratory Judgment seeking a declaration of what rights and benefits, if any, the Ehlings were entitled to under the subject insurance policy. (Florida Counterclaim attached as Exhibit "F".) Both the Ehlings and National Union have filed motions for summary judgment in that action, which are presently pending

---

[1]     Additionally, in the federal action, the issue of whether the Ehlings are entitled to a defense of the present

before the federal court.  (Florida Motions for Summary Judgment and Supporting Briefs attached as Exhibit "G".)  As the United States District Court for the Northern District of Florida, Tallahassee Division has jurisdiction over that action under 28 U.S.C. § 1331 and 1332 which is identical to the case and controversy of the present matter, this Court may properly exercise supplemental jurisdiction over this action under 28 U.S.C. Section 1367(a).

17. The supplemental jurisdiction statute, 28 U.S.C. Section 1367(a), provides in pertinent part that:

> [I]n in any action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

This statute limits the power of courts to refuse to exercise supplemental jurisdiction over claims that are part of the same Article III case or controversy as claims over which the courts have original jurisdiction.  By "providing that 'the district courts *shall* have supplemental jurisdiction....' [the statute] confers power to entertain supplemental jurisdiction in mandatory terms." *Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1555 (9th Cir. 1994). *See also Lucero v. Trosch*, 121 F.3d 591, 597-98 (11th Cir. 1997).

18. The instant claims asserted herein constitute the "same case or controversy" under Article III as the claims in the before the United States District Court for the Northern District of Florida, Tallahassee Division.

19. Under 28 U.S.C. Section 1367(a), whether claims form the "same case or controversy" as claims in an action within the original jurisdiction of the federal courts is determined by the standards of *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also* H.R.Rep. No. 734, 101st Cong., 2nd Sess., reprinted in 1990 U.S.C.C.A.N. 6860, 6874 n.15;

---

action was also in dispute and is still in the process of being decided by the federal court.

*Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1566-69 (11th Cir. 1994); *Edmondson & Gallagher v. Alban Towers Tenants Association*, 48 F.3d 1260, 1266 (D.C. Cir. 1995). *Gibbs* required that the claims involved "derive from a common nucleus of operative fact," and be such that they should ordinarily be tried "in one judicial proceeding." 383 U.S. at 725; *see also Palmer*, 22 F.3d at 1566 (although all elements of claims were not identical, and in some cases were "quite different[;]" the fact that each claim involved the "same facts, occurrences, witnesses and evidence" was sufficient to satisfy Section 1367(a) and confer supplemental jurisdiction).

20.     In their present Complaint, Plaintiffs allege that the Ehlings "failed to competently fulfill their duties and responsibilities as PACA's insurance agents/brokers" and seek recovery of insurance benefits from National Union based on a judgment entered against the Ehlings for their own negligence. (Complaint ¶¶ 6-23). As stated above, National Union is a defendant not for any specific actions of its own, but only because it is the insurer of the Ehlings. (*Id.*) In other words, National Union is sued on the subject insurance policy just as in the Florida federal action. Essentially, PACA, Inc. stands in the shoes of the Ehlings to the extent that any insurance coverage is forthcoming, having only those rights as the Ehlings. Thus, the two cases arise out of the same nucleus of operative facts, constitute the same case and controversy and include the same parties.

21.     To prove these claims will require many of the same witnesses and much of the same evidence in both cases. *See Palmer*, 22 F.3d at 1566. *See also Tamiami Partners, LTD. v. Miccosukee Tribe of Indians of Florida,* 177 F.3d 1212, 1224 (11th Cir. 1999) ("This strategic decision, however, did not catalyze some mysterious fissile process that split the sphere of operative facts surrounding the termination dispute into two separate nuclei"). Plaintiffs' claims

are inseparable from those raised in the Florida federal suit, and thus, are subject to supplemental jurisdiction under 28 U.S.C. Section 1367(a).

22. Actions that comprise the same "case or controversy" already in federal court are removable under 28 U.S.C. Section 1367, either in combination with 28 U.S.C. Section 1441(a) or under Section 1367 alone. 28 U.S.C. Section 1441(a) permits the removal of all claims which could originally have been filed in federal court. *See U.S. for the use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 645 (7th Cir. 1987), *cert denied sub nom. Brandt v. Uptown Nat'l Bank,* 484 U.S. 1026 (1988). *See also Gorman v. Roberts,* 909 F. Supp. 1493, 1506 (M.D. Ala. 1995) (holding that statute makes supplemental jurisdiction mandatory absent any exception).

23. Removal is appropriate since the claims are part of the same case or controversy, and this represents an action within the Court's original jurisdiction which could have been filed in federal court originally. Therefore, Sections 1441(a) and 1367(a) together provide removal authority. *See Englehardt v. Paul Revere Life Ins. Co.,* 139 F.3d 1346, 1349-52 (11th Cir. 1998); *Booty v. Shoney's, Inc.*, 872 F. Supp. 1524, 1528 (E.D. La. 1995) (approving removal of plaintiff's spouse's loss of consortium claim which did not satisfy $50,000 amount in controversy requirement). *See also Carnagie-Mellon Univ. v. Cohill,* 484 U.S. 343, 357, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1998); *Fairchild v. State Farm Mutual Automobile Insurance Co.,* 907 F. Supp. 969, 972 (M.D. La. 1995) (adopting the *Booty* court's position and approving removal of claim). In addition, courts have held that Section 1367's "broad grant" of jurisdiction to the federal courts, *Rodriguez v. Pacificare of Texas, Inc.,* 980 F.2d 1014, 1018 (5th Cir. 1993), provides removal authority in and of itself. *See Leith v. Lufthansa German Airlines*, 793 F. Supp. 808 (N.D. Ill. 1995).

24. Supplemental jurisdiction extends to garnishment actions. *See, e.g., Vukadinovich v. McCarthy,* 59 F.3d 58, 62 (7th Cir. 1995) (finding that collection of attorney's fees from party's employer by way of garnishment within statutory supplemental jurisdiction); *Kelly v. Michaels,* 59 F.3d 1055, 1058 (10th Cir. 1995) (holding that a collection of judgment by garnishment of trust was within statutory supplemental jurisdiction).

25. In a nearly identical situation, the U.S. District Court for the Southern District of Alabama exercised supplemental jurisdiction and thereupon transferred a case to the court where the original action was pending, stating "the plaintiffs, if allowed to proceed in the Circuit Court of Choctaw County, Alabama would frustrate the orders of the [federal court] and impede its proper exercise of jurisdiction; and this action should properly be transferred to the [federal court] for further proceedings in aid of its jurisdiction." (*Order of United States District Court for the Southern District of Alabama, Southern Division, Jackson v. PRUPAC, et. al.,* , CV-96-0501-BH-M attached hereto as Exhibit "H".)

### III. Other Prerequisites for Removal

26. This action may be removed to this Court by National Union pursuant to 28 U.S.C. Section 1441, as amended, because this action is a civil action of which United States District Courts have original jurisdiction under 28 U.S.C. Sections 1332(a) and 1337.

27. The documents attached hereto as Exhibit "B" constitute all of the process, pleadings and orders served upon National Union in this action.

28. Pursuant to 28 U.S.C. Section 1446(d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Tallapoosa County, Alabama, and written notice of this removal has been served on all adverse parties as required by law.

29. If any questions arise as to the propriety of the removal of this action, National Union requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

DATED this ___ day of May, 2006.

_____
FORREST S. LATTA        (LATTF0526)
CHAD C. MARCHAND        (MARCC5089)
Attorneys for Defendant
National Union Fire Insurance Company

OF COUNSEL:
BOWRON, LATTA & WASDEN, P.C.
P.O. Box 16046
Mobile, AL  36616
Telephone:    251/344-5151
Facsimile:    251/344-9696

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 15th day of May, 2006, served a copy of the foregoing pleading on the following by depositing the same in the United States mail, properly addressed with first class postage prepaid.

COUNSEL OF RECORD:

Counsel for PACA, Inc.
Randall S. Haynes, Esq.
Post Office Box 1660
Alexander City, AL  35011-1660

Mr. Charles Ehling
Mrs. Judy Ehling
Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL  32571

_____
OF COUNSEL