# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARLES EHLING and EHLING INSURANCE
AND INVESTMENTS, INC.,

    Plaintiffs,

vs.

CASE NO: 4:05cv437-RH/wcs

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA, a Foreign
corporation, and AIG DOMESTIC CLAIMS, INC.,
a Delaware corporation,

    Defendants.
_____/

## NOTICE OF REMOVAL

Petitioners, National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") and AIG Domestic Claims, Inc. ("AIG"), Defendants in the above-captioned case, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rule 7.2, hereby file this Notice of Removal ("Notice") of this civil action from the Circuit Court of the Second Judicial Circuit of Florida in and for Leon County, Florida, Case No. 2005 CA 002466. The grounds for removal are as follows:

A.    **Subject Matter Jurisdiction**

    1.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists between Defendants, National Union and AIG,

EXHIBIT "D"

and Plaintiffs, Charles Ehling ("Ehling") and Ehling Insurance and Investments, Inc. ("Ehling Insurance"). Further, based upon the allegations on the face of the Complaint, the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

2. Defendant AIG is a foreign (non-Florida) corporation incorporated under the laws of Delaware with its principal place of business in Parsippany, New York. *See* Complaint, ¶ 3.

3. Defendant National Union is a foreign (non-Florida) corporation incorporated under the laws of Pennsylvania with its principal place of business in Pittsburgh, Pennsylvania. *See* Complaint, ¶ 4.

4. Plaintiff Ehling is a resident of Santa Rosa County, Florida. Plaintiff Ehling Insurance is a corporation incorporated under the laws of Florida with its principal place of business in Santa Rosa County, Florida.

5. Complete diversity of citizenship therefore exists under 28 U.S.C. § 1332, and this civil action is thus removable on this basis under 28 U.S.C. § 1441.

6. The allegations appearing on the face of the Complaint also demonstrate that the sum in controversy exceeds $75,000, exclusive of interest and costs.

7. As alleged in the Complaint, this lawsuit arises out of six lawsuits filed against Plaintiffs in various Florida Circuit Courts (the "Underlying Suits"). The Complaint herein alleges that Defendants had a duty to defend Plaintiffs in each of those suits under a policy of insurance. The Complaint alleges that Defendants have breached that purported duty by "refus[ing] to defend" Plaintiffs in each of the Underlying Suits.

8. Each Count of the Complaint herein alleges a breach of the alleged duty to defend and resulting damages as to a different one of the Underlying Suits. Taken together, the six counts of the Complaint herein make such allegations as to all six of the Underlying Suits.

9. Each Count alleges that it "is an action for damages that exceed $15,000." *See* Complaint, ¶¶ 1, 9, 20, 31, 42, 53, 64. The damages alleged in each count are the costs, including attorney's fees, incurred by Plaintiffs in defending each of the Underlying Suits at Plaintiffs' expense, and the attorney's fees and costs incurred in bringing this suit. Plaintiffs' claims for attorney's fees incurred in bringing this suit are clearly meant to be asserted under section 627.428, *Florida Statutes* (2004), although erroneously identified in the Complaint as "Chapter 428, *Florida Statutes*." (Complaint, "WHEREFORE paragraphs following ¶¶ 19, 30, 41, 52, 63, 74).[1]

10. Attorney's fees and costs incurred in defending an action that a plaintiff contends the insurer was contractually obliged to defend on the insured's behalf constitute damages, *Florida Insurance Guaranty Association, Inc. v. All The Way With Bill Vernay, Inc.*, 864 So. 2d 1126 (Fla. 2d DCA 2003), and are therefore not "costs" that are excluded from calculation of the amount in controversy under 28 U.S.C. § 1332(a). The same is true of fees and costs awarded to a prevailing plaintiff by statute. *See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000); *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908 (5th Cir. 2002).

---

[1] There is no such Chapter in the Florida Statutes as "Chapter 428."

11.  In each Count, both plaintiffs sue jointly under a single policy of insurance in which the costs of defense are included within the limits of liability. While Ehling is insured under the insurance policy, Ehling Insurance is insured under that policy (subject to all applicable exclusions and limitations) only to the extent that Ehling Insurance is either owned or controlled by the natural person insured, or in which the natural person insured is an employee, and then only with respect to those operations of the corporation directly related to the Professional Services provided by the insured natural person. *See* Complaint, Exhibit A, page 3. Both Plaintiffs are therefore asserting an alleged common and undivided interest under a single title or right -- AIG's and National Union's alleged duty to defend Plaintiffs under the insurance policy. Plaintiffs allege that AIG and National Union owe the same obligation to both Plaintiffs under the single insurance policy. *See National Union Fire Ins. Co. of Pittsburgh, Pa. v. ESI Ergonomic Solutions, LLC*, 342 F. Supp. 2d 853 (D. Ariz. 2004).

12.  Plaintiffs' six alleged counts – each of which alleges damages exceeding $15,000 -- can therefore be aggregated to satisfy the federal jurisdictional amount. *Elliott Indus. Ltd. Partnership v. BP America Prod. Co.*, 407 F.3d 1091 (10th Cir. 2005); *Leonard v. Enterprise Rent-a-Car*, 279 F.2d 967, 974 (11th Cir. 2002) (claims aggregation permitted when the plaintiffs unite to enforce a single title or right in which they have a common and undivided interest).

13.  A court may aggregate claims against multiple defendants to reach the amount in controversy if the defendants are alleged to be jointly liable. *Seguros*

4

*Commercial America v. Hall*, 115 F. Supp. 2d 1371 (M.D. Fla. 2000); *Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F. Supp. 1052 (S.D. Fla. 1997).[2]

14. Plaintiffs are alleging a joint liability between AIG and National Union. Under each cause of action alleged, Plaintiffs seek damages from "Defendant." In addition, Plaintiffs specifically allege:

> 6. AIG and NATIONAL UNION shall be hereinafter collectively referred to as "Defendant."
> 7. Under the terms of the error and omissions insurance policy number 985-88-28, Defendant agreed to insure Plaintiffs during the period from 2001-2004, against any loss or liability occurring as a result of an error or omission by Plaintiffs in the course of their business as an insurance agent.
> 8. Defendant also agreed to defend Plaintiffs in any action brought against Plaintiffs alleging damages as a result of Plaintiffs' error or omission . . . .

Complaint ¶¶ 6-8.

15. Based on the foregoing, the amount in controversy clearly exceeds $75,000, exclusive of interest and costs (*i.e.*, six counts multiplied by at least $15,000 each = claims exceeding $90,000).

16. Consequently, this action is removable to federal court because there is original federal jurisdiction under 28 U.S.C. § 1332.

**B.   Timeliness of Removal**

17. This action was commenced in the Circuit Court of the Second Judicial Circuit of Florida in and for Leon County, Florida, entitled *Charles Ehling and Ehling*

---

[2] Except that Defendants obviously admit and assert that they are not incorporated in Florida nor have their respective principal places of business in Florida, Defendants remove this action based on the allegations of the Complaint, without admitting those allegations. Thus, for example, Defendants reserve the right to dispute that either Defendant "insured . . . Plaintiff" under the insurance policy sued on. *See* Complaint ¶ 6.

*Insurance and Investments, Inc. v. National Union Fire Insurance Company of Pittsburgh Pennsylvania, a Foreign corporation and AIG Domestic Claims, Inc., a Delaware corporation*, Case Number 2005 CA 002466. On or about October 17, 2005, Defendant National Union's registered agent received a copy of the Summons and Complaint. On or about October 19, 2005, Defendant National Union was served, through its registered agent, with a copy of the Summons and Complaint. On or about October 17, 2005, AIG's registered agent was served with a copy of the Summons and Complaint. On or about October 19, 2005, the Complaint filed by Plaintiffs was received by Defendant, AIG.

18. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of the Summons and Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

19. Venue exists in the Northern District of Florida, Tallahassee Division, because the Circuit Court of Leon County, Florida, is within the Tallahassee Division.

C. **State Court Materials**

20. Written Notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel and a copy will be promptly filed with the Circuit Court for Leon County, Florida, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice to Parties of Removal is attached as Exhibit A.

21. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 7.2, copies of all process, pleadings, orders, and other papers or exhibits filed in the State Court will be filed within 10 days of the filing of the Notice of Removal. A copy of the Complaint and Summons

is attached hereto as Exhibit B for the Court's reference.  The Complaint and Summons are "all process, pleadings, motions, and orders" served on Defendants to date.

**WHEREFORE,** Defendants National Union and AIG request that this action be removed.

Respectfully Submitted,

Robert Pass, Esquire
Florida Bar No. 0183169
Christine R. Dean
Florida Bar No. 0569372
CARLTON FIELDS, P.A.
P.O. Drawer 190
Tallahassee, FL 32302-0190
Telephone: (850) 224-1585
Facsimile: (850) 222-0398

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U.S. Mail to James W. Linn, Esquire, and Glenn E. Thomas, Esquire, Lewis Longman & Walker, P.A., 125 South Gadsden Street, Suite 300, Tallahassee, FL 32301, on this 16th day of November 2005.

Attorney