# EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

CHARLES EHLING and EHLING INSURANCE
AND INVESTMENTS, INC.,

              Plaintiffs,

vs.

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA, a foreign
corporation, and AIG DOMESTIC CLAIMS, INC.,
a Delaware corporation,

              Defendants.

**CASE NO:
4:05cv431-rh/wcs**

_____/

### ANSWER AND DEFENSES/AFFIRMATIVE DEFENSES OF DEFENDANTS
### NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.
### & AIG DOMESTIC CLAIMS, INC.

Defendants, National Union Fire Insurance Company of Pittsburgh, PA., ("National Union") and AIG Domestic Claims, Inc. ("AIGDC"), respond to the Complaint filed by Plaintiffs as follows:

1.      Admitted for jurisdictional purposes only.

2.      Denied as without knowledge.

3.      Admitted.

4.      Admitted.

5.      This paragraph requires no responsive pleading.



EXHIBIT
"E"

6.  Admitted that National Union issued Policy No. 985-88-28 and the named insured was GE Financial Assurance, which provided insurance for certain of GE Financial Assurance agents, and that Charles Ehling at some point purported to be such an agent.  Otherwise denied.

7.  The terms of insurance Policy No. 985-88-28 speak for themselves, and the term of this policy on its face is from January 1, 2003 to January 1, 2004.  Otherwise denied.

8.  Insurance Policy No. 985-88-28 speaks for itself.   Otherwise denied. Also, specifically denied that the policy is attached.

### COUNT I

9.  Defendants readopt their responses to paragraphs 1-8.

10.  Admitted as to the nature of the action.  Otherwise denied.

11.  Admitted that "Glass Batteries" brought an action against Ehling.  The allegations in that complaint speak for themselves.  Otherwise denied.

12.  Denied.

13.  Admitted that Ehling eventually notified National Union of the Glass Batteries claim.  Otherwise denied.

14.  Admitted that National Union denied coverage for the Glass Batteries claim.  Otherwise denied.

15.  Admitted that National Union denied coverage for the Glass Batteries claim.  Otherwise denied.

16.    Admitted that Defendants denied coverage for the Glass Batteries claim. Otherwise denied.

17.    Denied.

18.    Denied.

19.    Denied as without knowledge.

## COUNT II

20.    Defendants readopt their responses to paragraphs 1-8.

21.    Admitted as to the nature of the action.  Otherwise denied.

22.    Admitted that Jarvis brought an action against Ehling.   The allegations in that complaint speak for themselves.  Otherwise denied.

23.    Admitted that Ehling eventually notified National Union of the Jarvis action.  Otherwise denied.

24.    Denied.

25.    Admitted that National Union denied coverage for the Jarvis claim. Otherwise denied.

26.    Admitted that National Union denied coverage for the Jarvis claim. Otherwise denied.

27.    Admitted that National Union denied coverage for the Jarvis claim. Otherwise denied.

28.    Denied.

29.    Denied.

30.    Denied as without knowledge.

## COUNT III

31.  Defendants readopt their responses to paragraphs 1-8.

32.  Admitted as to the nature of the action. Otherwise denied.

33.  Admitted that Lampasso brought an action against Ehling. The allegations in that complaint speak for themselves. Otherwise denied.

34.  Admitted that Ehling eventually notified National Union of the Lampasso claim. Otherwise denied.

35.  Denied.

36.  Admitted that National Union denied coverage for the Lampasso claim. Otherwise denied.

37.  Admitted that National Union denied coverage for the Lampasso claim. Otherwise denied.

38.  Admitted that National Union denied coverage for the Lampasso claim. Otherwise denied.

39.  Denied.

40.  Denied.

41.  Denied as without knowledge.

## COUNT IV

42.  Defendants readopt their responses to paragraphs 1-8.

43.  Admitted as to the nature of the action. Otherwise denied.

44.  Admitted that Maguran brought a claim against Plaintiffs. The allegations in that complaint speak for themselves. Otherwise denied.

45.     Admitted that Ehling eventually notified National Union of the Maguran claim. Otherwise denied.

46.     Denied.

47.     Admitted that National Union denied coverage of the Maguran claim. Otherwise denied.

48.     Admitted that National Union denied coverage of the Maguran claim. Otherwise denied.

49.     Admitted that National Union denied coverage of the Maguran claim. Otherwise denied.

50.     Denied.

51.     Denied.

52.     Denied as without knowledge.

## COUNT V

53.     Defendants readopt their responses in Paragraphs 1-8.

54.     Admitted as to the nature of the action. Otherwise denied.

55.     Admitted that Hess brought an action against Ehling. The allegations in that complaint speak for themselves.

56.     Admitted that Ehling eventually notified National Union of the Hess claim. Otherwise denied.

57.     Denied.

58.     Admitted that National Union denied coverage of the Hess claim. Otherwise denied.

59.    Admitted that National Union denied coverage of the Hess claim. Otherwise denied.

60.    Admitted that National Union denied coverage of the Hess claim. Otherwise denied.

61.    Denied.

62.    Denied.

63.    Denied as without knowledge.

## COUNT VI

64.    Defendants readopt their responses to paragraphs 1-8.

65.    Admitted as to the nature of the action. Otherwise denied.

66.    Admitted that DSK Group brought an action against Plaintiffs. The allegations in the complaint speak for themselves. Otherwise denied.

67.    Admitted that Ehling eventually notified National Union of the DSK Group claim.

68.    Denied.

69.    Admitted that National Union denied coverage for the DSK Group claim. Otherwise denied.

70.    Admitted that National Union denied coverage for the DSK Group claim. Otherwise denied.

71.    Admitted that National Union denied coverage for the DSK Group claim. Otherwise denied.

72.    Denied.

73.    Denied.

74.    Denied as without knowledge.

## DEFENSES/AFFIRMATIVE DEFENSES

1.    The claims do not come within the policy coverage for "wrongful acts."

2.    Ehling fails to assert he had a current appointment with GE Financial Assurance as an insurance agent, a condition of coverage.

3.    Procurement of insurance coverage with Meridian Health Plan was originally before the continuity date under the policy, and all claims are interrelated wrongful acts excluded by Exclusion (e), which excludes any claims against the insured arising out of, based upon, or attributable to any actual or alleged wrongful act or interrelated wrongful acts occurring prior to the continuity date, if on or before such date any insured knew or could have reasonably foreseen that such wrongful act or interrelated wrongful acts could be a basis of a claim.

4.    Coverage is excluded by Exclusion (g) which excludes any claim against the insured arising out of, based upon or attributable to the insolvency, receivership, bankruptcy, liquidation, or inability to pay of any entity in which the insured has placed funds or obtained coverage or invested funds for a client.

5.    The insured failed to timely report the claims as required under the terms of the policy.

6.     Ehling Insurance and Investments, Inc. is not a named insured or otherwise covered based on the theories of direct liability brought against the corporate entity in the claims, and therefore costs of defense, assuming there are any that are covered, must be allocated between covered and non-covered parties.

7.     The claims are excluded by Exclusion (a)(1), which excludes any claim against an insured arising out of, based upon, or attributable to any actual or alleged criminal, dishonest, malicious, knowingly wrongful or fraudulent act committed by or at the direction of the insured.

8.     Coverage is excluded by Exclusion (t), which excludes any claim against an insured arising out of, based upon, or attributable to payment of employee benefit, because the group health insurance coverage addressed in the various complaints is an employee benefit.

9.     The policy does not provide coverage for the claims as they do not arise from the provision of "professional services", because the insured agent did not place business with an insurance company, as Meridian was not a company authorized to write insurance.

10.     Some of the claims were not first made against the insured and reported during the policy period.

Respectfully Submitted,

Robert Pass, Esquire  (FBN: 0183169)
Frederick T. Hawkes (FBN: 0307629)
Christine R. Dean     (FBN: 0569372)
CARLTON FIELDS, P.A.
P.O. Drawer 190
Tallahassee, FL 32302-0190
Telephone: (850) 224-1585
Facsimile: (850) 222-0398

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U.S. Mail to James W. Linn, Esquire, and Glenn E. Thomas, Esquire, Lewis Longman & Walker, P.A., 125 South Gadsden Street, Suite 300, Tallahassee, FL 32301, on this 21st day of November 2005.

Attorney