UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 MAY 15  P 3: 56

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| PACA, INC.; CHARLES EHLING; JUDY EHLING; AND EHLING INSURANCE & INVESTMENTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 3:06cv437-DRB <br><br> Removed from the Circuit Court of Tallapoosa County, Alabama <br> CV-05-45 |

## ANSWER OF DEFENDANT NATIONAL UNION

Defendant NATIONAL UNION FIRE INSURANCE COMPANY ("National Union") in answer to Plaintiffs' Complaint hereby adopts and incorporates as if fully set forth herein its Pleadings, including its Answer, Counterclaim, and Motion for Summary Judgment and supporting briefs, previously filed in the Unites States District Court for the Northern District of Florida, Tallahassee Division, entitled *Charles Ehling and Ehling Insurance and Investments, Inc., Plaintiffs vs. National Union Fire Insurance Company of Pittsburgh, et. al.*, Case No.: 4:05cv431-RH/WCS (copies of which have been filed as Exhibits to the Removal filed contemporaneously herewith). To the extent that any portion of Plaintiffs' Complaint is not heretofore denied, Defendant National Union hereby denies the same and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

1. Plaintiffs' summons and complaint are defective due to insufficiency of process.

2. Plaintiffs' summons and complaint are defective due to insufficiency of service of process.

process.

3. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

4. Plaintiffs' Complaint is due to be dismissed for lack of subject matter jurisdiction.

5. Plaintiffs' complaint is due to be dismissed for improper venue.

6. Plaintiffs' complaint is barred by the Abatement Statute.

7. Plaintiffs' claims are barred due to a prior pending action.

8. Plaintiffs' claims are barred by the statute of limitations.

9. Plaintiffs' claims are barred due the failure to satisfy conditions precedent.

10. Plaintiffs' claims are barred due to waiver or estoppel.

11. Plaintiffs' claims are barred due to the absence of a duty.

12. Plaintiffs' claims are barred due to the absence of a legal contract.

13. Plaintiffs' claims are barred for failure of consideration.

14. Plaintiffs' claims are subject to, and contradicted by, the express terms of the written contract.

15. The award of any damages would violate the prohibition against laws that impair the obligations of contracts in violation of the Contract Clause, Article I § 10, cl. 1, of the United States Constitution and Article I, § 22, of the Alabama Constitution in that plaintiffs' allegations are in derogation of the terms of the written contract that was contractually agreed upon by the plaintiffs and defendants.

   a. The award of any damages would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because such an award under these facts would

        violate the defendants' right to procedural and substantive due process.

16. The imposition of punitive damages in this case in excess of the cap provisions of Alabama Code § 6-11-21 (1991 Cum. Supp.) is violative of the due process rights of defendant as specifically noted by the United States Supreme Court in Oberg v. Honda Motor Company.

17. This Defendant says that the imposition of punitive damages under Alabama law is arbitrary and capricious inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature, plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama and that imposition of punitive damages under Alabama law, even with Green Oil and Hammond's guidelines is arbitrary and capricious leading to "grossly excessive" punitive damage awards inasmuch as the jury is provided neither guideline in reaching some ratio between compensatory and punitive damages nor some rational relation between the defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition. State Farm Mut. Automobile Ins. Co. v. Campbell, 123 S. Ct. 1513, 1524 (2003); BMW of North America v. Gore, 116 S. Ct. 1589 (1996).

18. Notions of judicial fairness, Due Process and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject him to punishment but also the severity of the penalty that a State may impose. This State provided no such notice to defendants leading to "grossly excessive" punitive damages awards that violate the United States Constitution and its amendments. BMW of North America v. Gore, 116 S. Ct. 1589 (1996). See also State Farm Mut. Automobile Ins. Co. v. Campbell, 123 S. Ct. 1513, 1524 (2003).

19. The imposition of punitive damages under Alabama Law in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States and the Alabama Constitution of 1901 and Article I, Sections 1, 6 and 22 of the Alabama Constitution of 1901 in each of the following separate and several ways:

   a. It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b. There are no specific standards provided upon which to base an award of punitive damages against this defendant.

   c. There are no provisions for clear and consistent appellate standards of review of any award of punitive damages against this defendant.

   d. The standards of conduct upon which punitive damages are sought against this

   defendant are vague and ambiguous.

 e. The procedures to be followed fail to provide a meaningful opportunity for challenging the excessiveness of such awards.

 f. Alabama law permits the imposition of punitive damages which are vastly disproportionate to any actual or compensatory injury.

 g. The award of punitive damages would constitute an arbitrary and capricious taking of the property of this defendant which is unjustified by any rational governmental interest.

 h. The present Alabama procedures fail to provide a reasonable limit on the amount of any punitive damages award, thus violating the 14th Amendment of the U.S. Constitution.

 i. The law and procedures to be followed fail to provide a meaningful opportunity for challenging the excessiveness of such awards.

 j. The award of punitive damages without sufficiently objective and specific standards to guide the jury's discretion is inconsistent with due process under the 14th Amendment of the U.S. Constitution.

20. Alabama law permits joint and several punishment of defendants who are guilty of different acts and degrees of culpability.

21. Defendants reserve the right to add any and all affirmative defenses.

            Respectfully submitted,

_____
FORREST S. LATTA          (LATTF0526)
CHAD C. MARCHAND          (MARCC5089)
Attorneys for Defendant
National Union Fire Insurance Company

OF COUNSEL:
BOWRON, LATTA & WASDEN, P.C.
P.O. Box 16046
Mobile, AL  36616
Telephone:   251/344-5151
Facsimile:   251/344-9696

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 15th day of May, 2006, served a copy of the foregoing pleading on the following by depositing the same in the United States mail, properly addressed with first class postage prepaid.

COUNSEL OF RECORD:

Counsel for PACA, Inc.
Randall S. Haynes, Esq.
Post Office Box 1660
Alexander City, AL  35011-1660

Mr. Charles Ehling
Mrs. Judy Ehling
Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL  32571

_____
OF COUNSEL