**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA** RECEIVED
**EASTERN DIVISION**

2006 MAY 15 P 3: 56

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| PACA, INC.; CHARLES EHLING; | ) | |
| JUDY EHLING; AND EHLING | ) | |
| INSURANCE & INVESTMENTS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 3:06cv 437-DRB |
| v. | ) | |
| | ) | Removed from the Circuit Court of |
| NATIONAL UNION FIRE INSURANCE | ) | Tallapoosa County, Alabama |
| COMPANY, | ) | CV-05-45 |
| | ) | |
| Defendant. | ) | |

### DEFENDANT NATIONAL UNION'S MEMORANDUM
### IN SUPPORT OF ITS MOTION TO DISMISS

Defendant NATIONAL UNION FIRE INSURANCE COMPANY ("National Union") has herewith filed a Motion to Dismiss Plaintiffs' Complaint against it on grounds that Plaintiffs are without any standing to bring a separate claim for relief in view of a parallel pending action in the United States District Court for the Northern District of Florida, Tallahassee Division, which arises out of the same case and controversy as the present matter. The instant Complaint, therefore, fails to state a claim for which relief can be granted.

In the alternative, the Florida federal court has assumed jurisdiction over these instant claims which is exclusive, and as such it precludes these Plaintiffs from bringing a separate lawsuit in this Court to assert their claims arising from the same nucleus of operative facts.

STATEMENT OF FACTS

On March 4, 2005, an original action was commenced in the Circuit Court of Tallapoosa County, Alabama by Plaintiff PACA, Inc. against Charles Ehling, Judy Ehling and Ehling Insurance & Investments, Inc. (the "Ehlings") alleging that the Ehlings failed to competently fulfill their duties and responsibilities as PACA, Inc.'s insurance broker and/or agents. Based on a consent judgment agreement entered between the parties, the court on November 14, 2005 entered judgment against the Ehlings in favor of PACA, Inc. and on February 21, 2006 awarded $3,952,227.56 in damages. (Orders of Nov. 14, 2005 and Feb. 21, 2006 attached as Exhibit "A".)

In addition to awarding PACA, Inc. damages, the Circuit Court of Tallapoosa County "realigned" the parties to all be plaintiffs and permitted the Complaint to be amended to add National Union as a defendant. (*Id.*) By amendment to the Complaint, Plaintiffs commenced an action against National Union in the Circuit Court of Tallapoosa County, Alabama on "*Paca, Inc.; Charles Ehling; Judy Ehling and Ehling Insurance & Investments, Inc., Plaintiffs, v. National Union Fire Insurance Company, Defendant*," Civil Action No. CV-05-45. The amended Complaint alleges that National Union is a party to the subject insurance contract and is owing insurance benefits to Plaintiffs by virtue of the underlying consent judgment. (Amd. Compl. attached as Exhibit "B".)

However, before the filing of this instant lawsuit, identical claims had already been filed in another lawsuit by the Ehlings against National Union, among other defendants, in the Circuit Court for the Second Judicial Circuit in Leon County, Florida, Case No. 2005CA002466 alleging that National Union had a duty to defend the Ehlings under a policy of insurance and seeking the

2

same policy benefits as are sought in the instant action.  (Florida Complaint attached as Exhibit "C".)    National Union removed the action to the United States District Court for the Northern District of Florida, Tallahassee Division and answered the Complaint.   (Florida Removal attached as Exhibit "D"; Florida Defendant's Answer attached as Exhibit "E".)  National Union filed a counterclaim against the Ehlings for Declaratory Judgment seeking a declaration that the insurance benefits which the Ehlings sought were not covered under the subject policy. (Florida Counterclaim attached as Exhibit "F".)  Both the Ehlings and National Union filed respective motions for summary judgment, which are presently pending before the federal court.  (Florida Mot. Summ. Jdgmnt. and Supp. Br. attached as Exhibit "G".)  As the United States District Court for the Northern District of Florida, Tallahassee Division has jurisdiction over an action under 28 U.S.C. Sections 1331 and 1332, which arises out of and is part of the same case and controversy as the present matter, this Court may properly exercise supplemental jurisdiction over this action under 28 U.S.C. Section1367(a) and dismiss this matter or transfer it to the federal court in Florida.


ARGUMENT

The lawsuit filed by Plaintiffs is in fact the "same case and controversy" as the Florida Federal action.  Plaintiffs' claims arise from the same "common nucleus of operative facts" and seek resolution of the same issue – whether Plaintiffs are entitled to coverage under a policy of insurance issued by National Union.  The proof of these claims will require the same evidence and witnesses. *See Palmer v. Hospital Authority of Randolph County,* 22 F.3d 1559, 1566.  Plaintiffs' claims thus are subject to supplemental jurisdiction under 28 U.S.C. Section 1367(a) which provides in pertinent part that:

[I]n any action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Consistent with judicial economy and uniformity, Plaintiffs do not have standing to bring separate claims in this Court. To allow Plaintiffs to bring a separate action in this Court would circumvent the authority of the Florida Federal court and lead to judicial inefficiency in the form of two trials on the same operative facts and issues. Plaintiffs' claims thus are due to be dismissed or transferred to the Federal Court which already has assumed jurisdiction over these claims.

Federal Rule of Civil Procedure 12(b) provides that where jurisdiction is lacking in either the forum or the person, the defendant may move for a motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiffs do not have standing to bring these claims in this Court, nor does the Court possess jurisdiction over these claims separate and apart from the Federal Court in Florida which already is reviewing the same issues and over which it has assumed jurisdiction. Thus, a Motion to Dismiss or Transfer is appropriate.[1]

WHEREFORE Defendant NATIONAL UNION FIRE INSURANCE COMPANY respectfully requests that this Court issue an Order dismissing Plaintiffs' Complaint on the grounds that they are without any standing to bring this separate claim for relief in view of a parallel pending action in the United States District Court for the Northern District of Florida, Tallahassee Division,

---

[1] An Alabama Federal Court faced with a similar situation, exercised supplemental jurisdiction and transferred the case to the court where the original action was filed stating "the plaintiffs, if allowed to proceed in the Circuit Court of Choctaw County, Alabama would frustrate the orders of the [federal court] and impede its proper exercise of jurisdiction; and this action should properly be transferred to the [federal court] for further proceedings in aid of its jurisdiction." (*Order of United States District Court for the Southern District of Alabama, Southern Division,* CV-96-0501-BH-M attached hereto as Exhibit "H".)

which arises out of the same case and controversy as the present matter; or in the alternative, issue an Order transferring this case to the United States District Court for the Northern District of Florida, Tallahassee Division, which has already assumed jurisdiction over the parallel matter.

Respectfully submitted,

*Janna Latta*

FORREST S. LATTA          (LATTF0526)
CHAD C. MARCHAND          (MARCC5089)
Attorneys for Defendant
National Union Fire Insurance Company

OF COUNSEL:
BOWRON, LATTA & WASDEN, P.C.
P.O. Box 16046
Mobile, AL 36616
Telephone:    251/344-5151
Facsimile:    251/344-9696

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 15th day of May, 2006, served a copy of the foregoing pleading on the following by depositing the same in the United States mail, properly addressed with first class postage prepaid.

COUNSEL OF RECORD:

Counsel for PACA, Inc.
Randall S. Haynes, Esq.
Post Office Box 1660
Alexander City, AL 35011-1660

Mr. Charles Ehling
Mrs. Judy Ehling
Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

*Janna Latta*

OF COUNSEL