## IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
## ALEXANDER CITY DIVISION

PACA, INC.; CHARLES EHLING;          *
JUDY EHLING; AND EHLING              *
INSURANCE & INVESTMENTS, INC.        *

      Plaintiffs,                     *
                       *      **CIVIL ACTION NO.:**
v.                                   *      **CV-05-45**
                       *
NATIONAL UNION FIRE INSURANCE        *
CO.,                                 *
                       *
      Defendant.                      *



**EXHIBIT**

tabbies

_____

## SUMMONS

NOTICE TO:    **National Union Fire Insurance Co.**
                **175 Water Street, 4th Floor**
                **New York, NY 10038**

THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFFS' ATTORNEY, **RANDALL S. HAYNES, 131 MAIN STREET, P.O. BOX 1660, ALEXANDER CITY, ALABAMA 35011**. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30 DAYS** AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

_____ **TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by either rules 4.1(b)(2) or 4.2(b)(2) of the *Alabama Rules of Civil Procedure*: You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon defendant.
This service by certified mail of this Summons is initiated upon the written request of Plaintiff pursuant to Rule __ Rules of Civil Procedure.

_____
CLERK/REGISTER

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

MAY 15 2006

35010  05-45

National Union Fire Insurance Company
175 Water Street, 4th Floor
New York, NY 10038

PS Form 3800, May 2000                    See Reverse for Instructions

7000 1670 0006 1038 9945

_____ RN ON SERVICE

on _____ (Return receipt hereto attached).

Summons and Complaint to _____ in _____

_____ DATE
RVER SIGNATURE

_____
TYPE OF PROCESS SERVER

## IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
## ALEXANDER CITY DIVISION

| | | |
|---|---|---|
| **PACA, INC.; CHARLES EHLING;** | * | |
| **JUDY EHLING; AND EHLING** | * | |
| **INSURANCE & INVESTMENTS, INC.** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **CIVIL ACTION NO.:** |
| **v.** | * | **CV-05-45** |
| | * | |
| **NATIONAL UNION FIRE INSURANCE** | * | |
| **CO.,** | * | |
| | * | |
| **Defendant.** | * | |

### SUMMONS

NOTICE TO:     **National Union Fire Insurance Co.**
**175 Water Street, 4th Floor**
**New York, NY 10038**

THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFFS' ATTORNEY, **RANDALL S. HAYNES, 131 MAIN STREET, P.O. BOX 1660, ALEXANDER CITY, ALABAMA 35011**.  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30 DAYS** AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by either rules 4.1(b)(2) or 4.2(b)(2) of the *Alabama Rules of Civil Procedure*: You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon defendant.

This service by certified mail of this Summons is initiated upon the written request of Plaintiff pursuant to Rule 4.1(c) of the *Alabama Rules of Civil Procedure.*

_May 11, 2006_                                                     _____
                                                                                    CLERK/REGISTER

### RETURN ON SERVICE

_ Certified Mail return receipt received in this office on _____ (Return receipt hereto attached).

I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ Alabama on _____.

_____          _____ DATE
                                                                     SERVER SIGNATURE

_____          _____
                                                                     TYPE OF PROCESS SERVER

IN THE CIRCUIT COURT
OF TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

*13*

RECEIVED
APR 2006
FRANK LUCAS
CIRCUIT CLERK

PACA, INC.; CHARLES EHLING;   )
JUDY EHLING; AND EHLING      )
INSURANCE & INVESTMENTS, INC.,)
                            )
     Plaintiffs,          )
                            )    CIVIL ACTION NO. CV-05-45
v.                      )
                            )
NATIONAL UNION FIRE       )
INSURANCE COMPANY,       )
                            )
     Defendant.         )

## AMENDED COMPLAINT

Come now PACA, Inc. ("PACA") in the above-styled case, and Charles Ehling,

Judy Ehling and Ehling Insurance & Investments, Inc. as realigned party plaintiffs, and

for their Amended Complaint against National Union Fire Insurance Company

("National Union") state as follows:

### I. PARTIES

1.     Plaintiff PACA is an Alabama corporation with its principal place of

business in the State of Alabama.

2.     Plaintiff Ehling Investments, Inc. ("Ehling Investments") is a corporation

organized and existing in the State of Florida with its principal place of business in the

State of Florida. Plaintiffs Charles and Judy Ehling ("Ehlings") are individuals residing

in the State of Florida. The Ehlings are the owners of Ehling Investments. The Ehlings

are insurance agents/brokers who purported to assist PACA in obtaining health

insurance benefits coverage for its employees through Meridian Benefits, Inc.

("Meridian"). The Ehlings and Ehling Investments will be collectively referred to hereinafter as the "Ehling Plaintiffs."

3.     Defendant/Garnishee National Union is a corporation incorporated under the laws of the State of Pennsylvania and doing business by agent in the State of Alabama. National Union provided Agent's Errors & Omissions insurance coverage for the Ehling Plaintiffs.

4.     This matter is not removable to federal court under either 28 U.S.C. § 1331 or § 1332. First, no federal question is implicated by this action. Second, there is not diversity of citizenship between the parties. Section 1332(c) states that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen[.] This action is a direct action against National Union. Furthermore, pursuant to this Court's order the Ehling Plaintiffs have been joined as realigned party plaintiffs, as is the proper course in an action where, as here, such parties have a vested interest in having the judgment against them satisfied by available insurance proceeds. *See Chicago Title Ins. Co. v. American Guaranty and Liability Ins. Co.*, 892 So. 2d 369 (Ala. 2004) (construing § 27-23-2 as requiring joinder of both the insurer and the insured in a direct action under that statute); *Davis v. Carey*, 149 F. Supp. 2d 593 (S.D. Ind. 2001) (proper alignment in garnishment action against an insurer is plaintiff, insured v. insurer); *Boston v. Titan Indemnity Co.*, 34 F. Supp. 2d 419 (S.D. Miss. 1999) (same). Because the Ehling Plaintiffs, who are citizens of the State of Florida, have not been joined as party-defendants, but as party plaintiffs, § 1332 makes National Union a citizen of the State of

01321966.1

Florida for purposes of this action. With the Ehling Plaintiffs and Defendant/Garnishee National Union both Florida citizens, there is not diversity between the parties and, therefore, this action is not removable.

## II. FACTS

5.    PACA is a wholly-owned subsidiary of Skilstaf, a professional employer organization, often described as an employee leasing company.

6.    On March 4, 2005, PACA filed its Complaint against the Ehling Plaintiffs. The Complaint alleges, among other things, that the Ehling Plaintiffs failed to competently fulfill their duties and responsibilities as PACA's insurance agents/brokers.

7.    On November 14, 2005, this Court entered a judgment against the Ehling Plaintiffs and in favor of PACA. *See* Order of Judgment, attached as Exhibit A.

8.    In addition, the November 14th Order set a hearing on damages for December 19, 2005. The Court required that notice of the December 19th damages hearing and of the November 14th Order be served on the Ehling Plaintiffs' insurance carriers to allow them the opportunity to participate, if they so chose.

9.    On November 15 and 16, 2005, counsel for PACA served the requisite notice on the Ehling Plaintiffs' insurers. *See* Notice Letters, attached collectively as Exhibit B. Despite being given notice and the opportunity to appear, no representative from any insurer appeared at the December 19th hearing.

10.    Evidence presented at the December 19th hearing included the testimony of Mr. Wayne Stark, President of PACA, relating to the amount of damages the Ehling Plaintiffs caused PACA to suffer.

-3-

11.    Based on this and the other evidence presented at the December 19th hearing, this Court entered a judgment in favor of PACA on February 21, 2006 in the amount of $3,952,227.56. *See* February 21st Order, attached as Exhibit C.

12.    No appeal was taken from the Court's February 21, 2006 Order.

## COUNT I

### Garnishment

13.    Plaintiff repeats and reavers paragraphs 1 through 12 above as if fully set forth herein.

14.    On February 21, 2006 this Court entered final judgment in favor of PACA and against the Ehling Plaintiffs in the amount of $3,952,227.56.

15.    The Ehling Plaintiffs and National Union are parties to that certain "Agent's Errors & Omissions" insurance contract, policy number 985-88-28.

16.    Monies under said insurance contract are due and owing PACA by virtue of this Court's November 14, 2005 and February 21, 2006 Orders.

17.    Said monies are in the possession of and/or under the control of Defendant/Garnishee National Union.

18.    Said monies are subject to garnishment. *See* Process of Garnishment, attached as Exhibit D.

WHEREFORE, premises considered, PACA demands satisfaction of the judgment entered against the Ehling Plaintiffs.

## COUNT II

### Ala. Code § 27-23-2

19.    Plaintiff repeats and realleges the allegations stated in paragraph 1

-4-

through 18 above as if fully set forth herein.

20.     On February 21, 2006 this Court entered final judgment in favor of PACA and against the Ehling Plaintiffs in the amount of $3,952,227.56.

21.     The Ehling Plaintiffs were insured against such loss or damage under insurance contract no. 985-88-28.

22.     PACA, as judgment creditor, is entitled to have the insurance money provided for under said contract of insurance applied to the satisfaction of the final judgment entered in its favor and against the Ehling Plaintiffs on February 21, 2006.

23.     Said judgment was not satisfied within 30 days after the date it was entered.

WHEREFORE, premises considered, PACA demands satisfaction of the judgment entered against Defendants.


*Randall S. Haynes*

RANDALL S. HAYNES
Counsel for Plaintiff PACA, Inc.


OF COUNSEL:

MORRIS, HAYNES & HORNSBY
P.O. Box 1660
Alexander City, AL 35010
(256) 329-2000


-5-

01321966.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on the following by depositing a copy of same in the United States Mail, properly addressed and first-class postage prepaid, this ___ day of _April_ , 2006:

National Union Fire Insurance Company
175 Water Street, 4th Floor
New York, NY 10038

Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Charles Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Judy Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571


OF COUNSEL

-6-

# EXHIBIT A

IN THE CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

PACA, INC.,                                )
                                           )
        Plaintiff,                         )
                                           )
vs.                                        )        Civil Action No. CV-05-45
                                           )
CHARLES EHLING, JUDY EHLING,               )
AND EHLING INSURANCE &                     )
INVESTMENTS, INC.                          )
                                           )
        Defendants.                        )

## ORDER OF JUDGMENT

Based upon the consent of Plaintiff PACA, Inc. ("PACA") and Defendants Charles

Ehling, Judy Ehling, and Ehling Insurance & Investments, Inc., the Court hereby makes the

following findings:

1.    PACA is the Plaintiff in this action against Defendants.

2.    PACA filed this action on March 4, 2005.

3.    Defendants made a claim with their insurance carriers to defend and indemnify

them in the present case.

4.    Defendants' insurance carriers have failed and refused to defend and indemnify

Defendants in this action.

5.    As a result, Defendants do not have the financial ability to defend themselves in

the present suit.

6.    Consequently, left with no other recourse, in order to reduce their exposure and

because they are financially unable to defend themselves, Defendants have been forced to enter

into an agreement with Plaintiff whereby Defendants consent to a judgment against them in favor

of the Plaintiff in exchange for Plaintiff's agreement to collect said judgment only to the extent that Defendants' insurance provides coverage.

7.    Defendants are not, by virtue of this judgment, admitting to any intentional wrongdoing.

Based upon the foregoing, it is hereby ORDERED that judgment be entered against the Defendants and in favor of the Plaintiff. The amount of said judgment shall be determined by this Court, after presentation of evidence by the Plaintiff, at a hearing to be held on *at 9Am* /2-19_____, 2005. This Order and notice of said hearing shall be served upon Defendants' insurance companies to allow them the opportunity to participate if they so choose.

DONE AND ORDERED this *14th* day of *November*, 2005.

*11-15-05*
*Copies-Attorney of Record*

_____
Circuit Judge
Circuit Court of Tallapoosa County, Alabama.

_____
Charles Ehling

_____
Judy Ehling

_____
Charles Ehling, on behalf of, and as principal of
Ehling Investments, Inc.

_____
Judy Ehling, on behalf of, and as principal of Ehling
Investments, Inc.

2

01247649.1

_Randall S. Haynes_
Randall S. Haynes
Attorney for Plaintiff

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
P.O. Box 1660
Alexander City, AL 35010
(256) 329-2000


_W. Percy Badham III_   by R.S.H.
W. Percy Badham III    with express permiss.
Attorneys for Plaintiff PACA, Inc.

OF COUNSEL:

Robert W. Tapscott, Jr.
Brannon J. Buck
MAYNARD, COOPER, & GALE
1901 6th Avenue North
Suite 2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

- 3 -

# EXHIBIT B

MORRIS, HAYNES & HORNSBY
ATTORNEYS AT LAW

REPLY TO:
131 MAIN STREET
P.O. BOX 1660
ALEXANDER CITY, ALABAMA 35011-1660
TELEPHONE (256) 329-2000
FACSIMILE (256) 329-2015

LARRY W. MORRIS, P.C.
RANDALL S. HAYNES, P.C.
CLAY HORNSBY, P.C.
NANCY L. EADY
JEREMY KNOWLES
M. TODD WHEELES
EMILY H. NELSON

BIRMINGHAM OFFICE:
3500 COLONNADE PARKWAY
SUITE 100
BIRMINGHAM, ALABAMA 35243

TELEPHONE (205) 324-4008
FACSIMILE (205) 324-0803
Email: chornsby@mhhlaw.net

November 16, 2005

AIG Technical Service, Inc.
Attention: Andy Ritchie
1750 Water Street
New York, NY 10038

RE:   **PACA, Inc. V. Charles Ehling, Judy Ehling, Ehling Insurance and
Investments, Inc.
In the Circuit Court of Tallapoosa County, Alabama
Civil Action No. CV-05-45
Policy Periods: 22000 to January 2002, January 2004 to January 2005, and
January 2005 to January 2006**

To whom it may concern:

Please forward the enclosed Court Order to the appropriate insurers for Ehling
Insurance and Investments, Inc., Charles Ehling and/or Judy Ehling as well as affiliated
entities.   Our firm represents the Plaintiff in the above-styled case.  Please find
enclosed a copy of a judgment entered against your insured and in favor of the Plaintiff.
Pursuant to the Court's Order, we are sending you notice of this Order and notice of a
hearing to be held on damages on December 19, 2005, at 9:00 a.m.

Please contact me by telephone and/or facsimile to confirm receipt of this
important court document.

Yours truly,

RANDALL S. HAYNES

RSH/cc
Enclosure

cc:     Aon Assoication Services, Inc.
        Plan Administrator
        159 E. County Line Road
        Hatboro, PA 19040

        Charles Ehling
        4848 W. Spencer Field Road
        Pace, Florida 32571

MORRIS, HAYNES & HORNSBY
ATTORNEYS AT LAW

LARRY W. MORRIS, P.C.
RANDALL S. HAYNES, P.C.
CLAY HORNSBY, P.C.
NANCY L. EADY
JEREMY KNOWLES
M. TODD WHEELES
EMILY H. NELSON

REPLY TO:
131 MAIN STREET
P.O. BOX 1660
ALEXANDER CITY, ALABAMA 35011-1660
TELEPHONE (256) 329-2000
FACSIMILE (256) 329-2015

BIRMINGHAM OFFICE:
3500 COLONNADE PARKWAY
SUITE 100
BIRMINGHAM, ALABAMA 35243

TELEPHONE (205) 324-4008
FACSIMILE (205) 324-0803
Email: chornsby@mhhlaw.net

DIRECT DIAL:
(256) 329-2742
Email: rhaynes@morrishaynesandhornsby.com

November 15, 2005

**VIA U.S. MAIL**

National Union Fire Insurance Company
Attn: Arthur Gorodess
175 Water Street, 4th Floor
New York, NY 10038

> Re:    **PACA, Inc. v. Charles Ehling, Judy Ehling, Ehling Insurance**
>         **and Investments, Inc.**
>         **In the Circuit Court of Tallapoosa County, Alabama**
>         **Civil Action No. CV-05-45**
>         **Agents' Errors & Omissions Insurance Policy Number 985-88-28**
>         **Customer Number 210214000**
>         **Policy Period: January 1, 2003 to January 1, 2004**

To whom it may concern:

Our firm represents the Plaintiff in the above-styled case.  Please find enclosed a copy of a judgment entered against your insured and in favor of the Plaintiff.  Pursuant to the Court's Order, we are sending you notice of this Order and notice of a hearing to be held on damages on December 19, 2005.

If you have any questions, please do not hesitate to give me a call.  Thank you for your consideration.

Yours truly,

*Randall S. Haynes*

Randall S. Haynes

cc:    Aon Association Services, Inc.

01259951.1

November 15, 2005
Page 2

cc:    Aon Association Services, Inc.
       **Plan Administrator**
       159 E. County Line Road
       Hatboro, PA 19040

       Charles Ehling
       4848 W. Spencer Field Road
       Pace, Florida 32571

01259951.1

MORRIS, HAYNES & HORNSBY
ATTORNEYS AT LAW

LARRY W. MORRIS, P.C.
RANDALL S. HAYNES, P.C.
CLAY HORNSBY, P.C.
NANCY L. EADY
JEREMY KNOWLES
M. TODD WHEELES
EMILY H. NELSON

REPLY TO:
131 MAIN STREET
P.O. BOX 1660
ALEXANDER CITY, ALABAMA 35011-1660
TELEPHONE (256) 329-2000
FACSIMILE (256) 329-2015

BIRMINGHAM OFFICE:
3500 COLONNADE PARKWAY
SUITE 100
BIRMINGHAM, ALABAMA 35243

TELEPHONE (205) 324-4008
FACSIMILE (205) 324-0803
Email: chornsby@mhhlaw.net

DIRECT DIAL:
(256) 329-2742
Email: rhaynes@morrishaynesandhornsby.com

November 15, 2005

**VIA U.S. MAIL**

Westport Insurance Corporation
Professional Liability Claims
P.O. Box 2991
Overland Park, KS 66201

Re:    **PACA, Inc. v. Charles Ehling, Judy Ehling, Ehling Insurance and Investments, Inc.**
**In the Circuit Court of Tallapoosa County, Alabama**
**Civil Action No. CV-05-45**
**Professional Liability Insurance Policy Number LEO-59633**
**Policy Period: March 1, 2002 to December 31, 2002**

To whom it may concern:

Our firm represents the Plaintiff in the above-styled case. Please find enclosed a copy of a judgment entered against your insured and in favor of the Plaintiff. Pursuant to the Court's Order, we are sending you notice of this Order and notice of a hearing to be held on damages on December 19, 2005.

If you have any questions, please do not hesitate to give me a call. Thank you for your consideration.

Yours truly,

Randall S. Haynes

01259914.1

November 15, 2005
Page 2

WAS

cc:   Aon Association Services, Inc.
**Plan Administrator**
159 E. County Line Road
Hatboro, PA 19040

Charles Ehling
4848 W. Spencer Field Road
Pace, Florida 32571

MORRIS, HAYNES & HORNSBY
ATTORNEYS AT LAW

REPLY TO:

LARRY W. MORRIS, P.C.
RANDALL S. HAYNES, P.C.
CLAY HORNSBY, P.C.
NANCY L. EADY
JEREMY KNOWLES
M. TODD WHEELES
EMILY H. NELSON

131 MAIN STREET
P.O. BOX 1660
ALEXANDER CITY, ALABAMA 35011-1660
TELEPHONE (256) 329-2000
FACSIMILE (256) 329-2015

BIRMINGHAM OFFICE:
3500 COLONNADE PARKWAY
SUITE 100
BIRMINGHAM, ALABAMA 35243

TELEPHONE (205) 324-4008
FACSIMILE (205) 324-0803
Email: chornsby@mhhlaw.net

DIRECT DIAL:
(256) 329-2742
Email: rhaynes@morrishaynesandhornsby.com

November 15, 2005

**VIA U.S. MAIL**

Employers Reinsurance Corporation
Professional Liability Claims
P.O. Box 2991
Overland Park, KS 66201

> Re:  **PACA, Inc. v. Charles Ehling, Judy Ehling, Ehling Insurance and Investments, Inc.**
> **In the Circuit Court of Tallapoosa County, Alabama**
> **Civil Action No. CV-05-45**
> **Professional Liability Insurance Policy Number Leo-59633**
> **Policy Period: December 1, 2000 to January 1, 2002**

To whom it may concern:

Our firm represents the Plaintiff in the above-styled case. Please find enclosed a copy of a judgment entered against your insured and in favor of the Plaintiff. Pursuant to the Court's Order, we are sending you notice of this Order and notice of a hearing to be held on damages on December 19, 2005.

If you have any questions, please do not hesitate to give me a call. Thank you for your consideration.

Yours truly,

Randall S. Haynes

01259876.1

November 15, 2005
Page 2

WAS
cc:     Aon Association Services, Inc.
        **Plan Administrator**
        159 E. County Line Road
        Hatboro, PA 19040

        Charles Ehling
        4848 W. Spencer Field Road
        Pace, Florida 32571

# EXHIBIT C

IN THE CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

PACA, INC.,                              )
                                        )
      Plaintiff,                        )
                                        )
vs.                                     )       Civil Action No. CV-05-45
                                        )
CHARLES EHLING, JUDY EHLING,            )
AND EHLING INSURANCE &                  )
INVESTMENTS, INC.                       )
                                        )
      Defendants.                       )

## ORDER

This matter is before this Court for a determination of damages to be established on a judgment entered by this Court on November 14, 2005. The Court hereby makes the following findings:

1.     PACA is the Plaintiff in this action against Defendants.

2.     PACA filed this action on March 4, 2005.

3.     Defendants made a claim with their insurance carriers to defend and indemnify them in the present case.

4.     Defendants' insurance carriers failed and refused to defend and indemnify Defendants in this action.

5.     As a result, Defendants did not have the financial ability to defend themselves in the present suit.

6.     Consequently, left with no other recourse, in order to reduce their exposure and because they were financially unable to defend themselves, Defendants were forced to enter into an agreement with Plaintiff whereby Defendants consented to a judgment against them in favor

of the Plaintiff in exchange for Plaintiff's agreement to collect said judgment only to the extent that Defendants' insurance provides coverage.

7.    Defendants did not, by virtue of this judgment, admit to any intentional wrongdoing.

8.    Based upon the above, on November 14, 2005, this Court entered judgment against the Defendants and in favor of the Plaintiff and set a hearing for December 19, 2005 to determine damages and the amount of said judgment.

9.    In its November 14, 2005 Order, this Court required that said order and notice of the December 19, 2005 hearing be served upon Defendants' insurance companies to allow them the opportunity to participate if they so chose.

10.    Said notice was given as evidenced by the letters attached hereto as Exhibit A.

11.    Despite being given notice and the opportunity to appear, no representative from any of the Defendants' insurance companies appeared at the December 19 hearing.

12.    The Court finds that Defendants gave proper notice of this claim to National Union, under policy no. 985-88-28 for the policy period 1/05 to 1/06, as evidenced by the letter from Defendants attached hereto as Exhibit B. There could be other policies and policy periods implicated and/or applicable to this claim as well but the Court was only presented evidence relating to the policy period 1/05 to 1/06.

13.    The Court heard extensive testimony from Mr. Wayne Stark, President of PACA, the Plaintiff in this case, relating to the damages suffered by the Plaintiff as a result of Defendants' wrongful conduct.

14.    Based upon the testimony of Mr. Stark and the other evidence presented by the Plaintiff, this Court hereby enters judgment in favor of the Plaintiff and against all Defendants, jointly and severally, in the amount of $3,952,227.56.

- 2 -

15.     The Court finds that these damages were incurred as a result of the wrongful acts of the Defendants during the performance of professional services in placing Plaintiff's insurance coverage.  The Court finds that, as related to Plaintiff's claim, there were no intentional or malicious acts on the part of the Defendants and that the wrongful acts of the Defendants were negligent acts, errors and omissions.  The Court further finds that Plaintiff paid all outstanding medical claims and expenses and that the damages assessed here are therefore not employee benefits but rather reimbursement to Plaintiff for payment of claims and expenses.  Finally, the Court notes for the record that Plaintiff experienced claim issues with Meridian, the Plan Administrator, prior to April 2003 when Plaintiff terminated Meridian as the Plan Administrator. Meridian did not file bankruptcy until May 15, 2003.  Therefore, any damages awarded in this case are not based upon the insolvency of Meridian but rather on Meridian's claims handling abilities prior to its bankruptcy.

16.     As a result of circumstances surrounding the entry of this judgment and the actual entry of this judgment against Defendants, the Court finds that the Plaintiff and the Defendants now have a common interest, at least in regard to any insurance coverage that may be applicable to the claims and judgment in this case.  Therefore, to the extent any relief is sought against Defendants' insurers, the Plaintiff and Defendants in this case shall be deemed to be realigned as Plaintiffs.  Moreover, the Court finds that the Defendants and/or Realigned Plaintiffs are clearly indispensable, real parties in interest as to any action against their insurers based upon their desire to have the judgment entered against them satisfied with insurance proceeds.

2-24-06
Atty of Record
Deft.

_____
Circuit Court Judge of Tallapoosa County, Alabama                2-21-06

01297530.1

# ATTACHMENT D

| State of Alabama | | | | Case Number |
|---|---|---|---|---|
| Unified Judicial System | | **PROCESS OF GARNISHMENT** | | |
| Form C-21 (Front) | Rev. 10/99 | | | CV-05-45 |

| IN THE | Circuit | **COURT OF** | Tallapoosa | **COUNTY, ALABAMA** |
|---|---|---|---|---|

**NAME AND ADDRESS OF PLAINTIFF** *(Person Asserting Claim)*
PACA, Inc.
Please direct all correspondence or papers to attorney for plaintiff at the address shown below..

**NAME AND ADDRESS OF DEFENDANT** *(Person Whose Property is*
Ehling Insurance and Investments, et al. *Subject to Garnishment)*
3163 Benton Boulevard
Pace, FL 32571

**NAME AND ADDRESS OF ATTORNEY FOR PLAINTIFF**
Randall S. Haynes
P.O. Box 1660
Alexander City, AL 35010

**NAME AND ADDRESS OF GARNISHEE**
National Union Fire Insurance Company
175 Water Street, 4ᵗʰ Floor
New York, NY 10038

| DATE OF | | | |
|---|---|---|---|
| JUDGMENT | February 21, 2006 | | |
| JUDGMENT AMOUNT: | $ | | 3,952,227.56 |
| COSTS: | $ | | |
| LESS CREDIT: | $ | | |
| OTHER: | $ | | |
| TOTAL: | $ | | 3,952,227.56 |

**AFFIDAVIT**

A. | I make oath that I have obtained the above judgment and believe the named garnishee is or will be indebted to the named defendant or has or will have effects of the defendant under the garnishee's control. I believe that a Process of Garnishment against the garnishee is necessary to obtain satisfaction of the judgment.

B. | If the garnishment is for wages, salary or other compensation, I further make oath that the amount to be withheld must be:
**25%** of disposable earnings for the week **OR** the amount by which disposable earnings for the week exceed 30 times the federal minimum hourly wage in effect at the time the earnings are payable, **WHICHEVER IS LESS.**
**20%** of disposable earnings for the week **OR** the amount by which disposable earnings for the week exceed 50 times the federal minimum hourly wage in effect at the time the earnings are payable, **WHICHEVER IS LESS**, which amount is in compliance with the instructions on the reverse side of this form.

C. | I hereby request disbursement of amounts periodically paid into court pursuant to this garnishment.

Sworn to and subscribed before me this
day of April /2 , 2006

_____
Notary Public/Clerk (Signature)

Affiant/Attorney (Signature) *Randy Haynes*

**WRIT OF GARNISHMENT**

**TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:**
You are hereby commanded to serve Process of Garnishment on the GARNISHEE, | National Union Fire Insurance Company
and a copy on the defendant, (s) Charles Ehling, Judy Ehling, Ehling Insurance & Investments, Inc.. | and make proper return to this court.
**NOTICE TO DEFENDANT: READ THE IMPORTANT INFORMATION ON THE BACK OF THIS FORM (Regarding Your Rights)**
**NOTICE TO GARNISHEE: YOU ARE THE GARNISHEE IN THE ABOVE ACTION.**

You must complete and file the enclosed Answer form within thirty (30) days from service of process. If you fail to file an Answer, the plaintiff can proceed for judgment against you for the amount of the claim, plus costs. Mailing the **Notarized Answer Form** to the clerk of the court at the address below constitutes making a proper appearance in the court. **YOU MUST ANSWER:**

(1) | **whether you are or were indebted to the defendant at the time you received this process, or when you make your answer, or during the intervening time, or**

(2) | **whether you will be indebted to the defendant in the future by existing contract, or**

(3) | **whether by existing contract you are liable to the defendant for the delivery of personal property or for the payment of money, or**

(4) | **whether you have in your possession or control, money or effects belonging to the defendant.**

You are commanded to retain the amount indicated above wages, salary or other compensation due or which will become due to the defendant for such period of time as is necessary to accumulate the sum of $ | $1,000,000.00 | *(judgment and costs).* You are required, after a period of 30 days from the first retention of any sum from the defendant's wages, salary, or other compensation, to begin paying the moneys withheld into court as they are deducted or withheld and continue to do so on a monthly or more frequent basis until the full amount is withheld. If employment of the defendant is terminated BEFORE the sum is accumulated, you are required by law to report the termination and pay into court within 15 days AFTER termination, all sums withheld in compliance with this garnishment. *(See Reverse Side for Instructions on Garnishments).* If you have in your possession or control property or money belonging to the defendant, which is NOT wages, salary or other compensation, you are further commanded to hold the property or money subject to orders of this court.

| Date Issued: | | | By: | |
|---|---|---|---|---|
| | Clerk | | | Deputy Clerk |
| | Address: | | | |

| This process was executed by serving a copy on (Garnishee) | | | | |
|---|---|---|---|---|
| | on (Date) | | . Service on (Defendant) |
| Served by: | | Title: | | |

| COURT RECORD (Original) | PLAINTIFF (Copy) | DEFENDANT (Copy) | GARNISHEE (Copy) |
|---|---|---|---|
| Form C-21 (back) | Rev. 10/99 | **PROCESS OF GARNISHMENT** | |

*Instructions For Determining the Percentage of Wages, Salary or Other Compensation to be Withheld*

I. GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM SITUATIONS OTHER THAN CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF: §6-10-7, Code of Alabama 1975, and Title 15, §1673, *United States Code* ("U.S.C.").

Under Alabama and federal law, the amount subject to garnishment to collect such judgments shall not exceed the **LESSER** of:

| | (1) | twenty-give (25) percent of "disposable earnings" for the week | **OR** |
| | (2) | the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable. | |

II. GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM CONSUMER LOANS, CONSUMER CREDIT SALES AND CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF: §5-19-15, *Code of Alabama*, 1975 as amended by Act 88-294, effective April 13, 1988.

A. Under this law, **if the debt or demand was created ON OR AFTER April 12, 1988,** the amount subject to garnishment shall not exceed the **LESSER** of:

| | | (1) | twenty-five (25) percent of "disposable earnings" for the week **OR** |
| | | (2) | the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable. |

B. **If the debt or demand was created BEFORE April 12, 1988,** the amount subject to garnishment shall not **exceed the LESSER** of:

| | | (1) | twenty (20) percent of "disposable earnings" for the week **OR** |
| | | (2) | the amount by which "disposable earnings" for the week exceed fifty (50) times the federal minimum hourly wage in effect at the time the earnings are payable. |

**DISPOSABLE EARNINGS DEFINED:** An employee's "disposable earnings" means that part of earnings of an individual remaining after deduction of amounts required by law to be withheld such as Federal Income Tax, Federal Social Security Tax, and State and Local Taxes.

## NOTICE TO GARNISHEE

**Note:** If you have in your possession or control property or money belonging to the defendant **(which is not wages, salary or other compensation),** you should hold the property or money subject to the orders of the court. The formula outlined below only applies if the property sought to be garnished is wages, salary or other compensation of the defendant.

**(Use the following formula to calculate a garnishment of wages, salary or other compensation)**

| | (1) | Calculate "disposable earnings" for the week (see definition of "disposable earnings" above). |
| | (2) | If the twenty-five (25) percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty-five (25) percent. Then multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by thirty (30) and subtract this amount from "disposable earnings." Compare these two and obtain lesser amount. |
| | | **OR** |
| | (3) | If the twenty (20) percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty (20) percent. Multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by fifty (50) and subtract this amount from "disposable earnings." Compare these two and obtain lesser amount. |
| | (4) | After the calculation is made in accordance with (2) or (3) above (whichever is applicable), the amount of the garnishment for the week is the **LESSER** amount. Withhold this amount and pay it into court as instructed in the "Writ of Garnishment" on the front of this form: |
| | (5) | **THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE YOU SHOULD CONSULT A LAWYER FOR ADVICE.** |

**PROTECTION AGAINST DISCHARGE:** Title 15, §1674, U.S.C., prohibits an employer from discharging any employee because his or her earnings have been subjected to garnishment for any one indebtedness.

## NOTICE TO DEFENDANT OF RIGHT TO CLAIM EXEMPTION FROM GARNISHMENT

A process of garnishment has been delivered to you. This means that a court may order your wages, money in a bank, sums owed to you, or other property belonging to you, to be paid into court to satisfy a judgment against you.

Laws of the State of Alabama and of the United States provide that in some circumstances certain money and property may not be taken to pay certain types of court judgments, because certain money or property may be "exempt" from garnishment. For example, under state law, in some circumstances, up to $3,000.00 in wages, personal property, including money, bank accounts, automobiles, appliances, etc., may be exempt from process of garnishment. Similarly, under federal law, certain benefits and certain welfare payments may be exempt from garnishment. Benefits and payments ordinarily exempt from garnishment include, for example, social security payments, SSI payments, veteran's benefits, AFDC (welfare) payments, unemployment compensation payments and workmen's compensation payments.

THESE EXAMPLES ARE FOR PURPOSES OF ILLUSTRATION ONLY. WHETHER YOU WILL BE ENTITLED TO CLAIM ANY EXEMPTION FROM THE PROCESS OF GARNISHMENT, AND, IF SO, WHAT PROPERTY MAY BE EXEMPT, WILL BE DETERMINED BY THE FACTS IN YOUR PARTICULAR CASE. IF YOU ARE UNCERTAIN AS TO YOUR POSSIBLE EXEMPTION RIGHTS, YOU SHOULD CONSULT A LAWYER FOR ADVICE.

TO CLAIM ANY EXEMPTION THAT MAY BE AVAILABLE TO YOU, YOU MUST PREPARE A "CLAIM OF EXEMPTION" FORM LISTING ON IT ALL YOUR WAGES AND PERSONAL PROPERTY; HAVE THE CLAIM OF EXEMPTION NOTARIZED; AND FILE IT IN THE CLERK'S OFFICE. ALSO, IT IS YOUR RESPONSIBILITY TO MAIL OR DELIVER A COPY OF THE CLAIM OF EXEMPTION TO THE PLAINTIFF WHO HAS A JUDGMENT AGAINST YOU. YOU MUST INDICATE ON THE CLAIM OF EXEMPTION THAT YOU FILED IN THE CLERK'S OFFICE WHETHER YOU MAILED OR DELIVERED THE COPY TO THE PLAINTIFF AND THE DATE ON WHICH YOU MAILED OR DELIVERED IT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE, YOU SHOULD SEE A LAWYER.

If you file a claim of exemption, the plaintiff will have approximately ten (10) days to file a "contest" of your claim of exemption. If a contest is filed, a court hearing will be scheduled and you will be notified of the time and place of the hearing. If plaintiff does not file a contest, the property claimed by you as exempt will be released from the garnishment.

If you do not file a claim of exemption, your property may be turned over to the court and paid to the plaintiff on the judgment against you.

**TO PROTECT YOUR RIGHTS, IT IS IMPORTANT THAT YOU ACT PROMPTLY. IF YOU HAVE ANY QUESTIONS, YOU SHOULD CONSULT A LAWYER.**

## NOTICE TO PLAINTIFF OF RIGHT TO CONTEST CLAIM OF EXEMPTION OF DEFENDANT

If a "Claim of Exemption" is filed in the clerk's office and mailed or delivered to you by the defendant, you have approximately ten (10) days to file a "Contest" to the Claim of Exemption with the clerk of the court.

**If a Contest is timely filed,** a court hearing will be scheduled within seven (7) calendar days (or on the next business day thereafter if the court is not open on the seventh day). You and the defendant will be notified of the time and place of the hearing.

**If you fail to make timely Contest of the Claim of Exemption,** after fifteen (15) calendar days from the filing of such claim by the defendant, the Process of Garnishment and any writ of garnishment issued therein shall be **dismissed** or, where appropriate, **modified** to the extent necessary to give effect to the claimed exemptions.

IF YOU ARE UNCERTAIN AS HOW TO FILE A CONTEST TO THE CLAIM OF EXEMPTION, YOU SHOULD CONSULT A LAWYER FOR ADVICE.

THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE.

IN THE CIRCUIT COURT
OF TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

RECEIVED
APR 2006
FRANK LUCAS
CIRCUIT CLERK

PACA, INC.; CHARLES EHLING;       )
JUDY EHLING; AND EHLING           )
INSURANCE & INVESTMENTS, INC.,    )
                                  )
    Plaintiffs,                    )
                                  )     CIVIL ACTION NO. CV-05-45
v.                                )
                                  )
NATIONAL UNION FIRE               )
INSURANCE COMPANY,                )
                                  )
                                  )
    Defendant.                     )

## AMENDED COMPLAINT

Come now PACA, Inc. ("PACA") in the above-styled case, and Charles Ehling, Judy Ehling and Ehling Insurance & Investments, Inc. as realigned party plaintiffs, and for their Amended Complaint against National Union Fire Insurance Company ("National Union") state as follows:

### I. PARTIES

1.    Plaintiff PACA is an Alabama corporation with its principal place of business in the State of Alabama.

2.    Plaintiff Ehling Investments, Inc. ("Ehling Investments") is a corporation organized and existing in the State of Florida with its principal place of business in the State of Florida. Plaintiffs Charles and Judy Ehling ("Ehlings") are individuals residing in the State of Florida. The Ehlings are the owners of Ehling Investments. The Ehlings are insurance agents/brokers who purported to assist PACA in obtaining health insurance benefits coverage for its employees through Meridian Benefits, Inc.

("Meridian").  The Ehlings and Ehling Investments will be collectively referred to hereinafter as the "Ehling Plaintiffs."

3.      Defendant/Garnishee National Union is a corporation incorporated under the laws of the State of Pennsylvania and doing business by agent in the State of Alabama.  National Union provided Agent's Errors & Omissions insurance coverage for the Ehling Plaintiffs.

4.      This matter is not removable to federal court under either 28 U.S.C. § 1331 or § 1332.  First, no federal question is implicated by this action.  Second, there is not diversity of citizenship between the parties.  Section 1332(c) states that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen[.]  This action is a direct action against National Union.  Furthermore, pursuant to this Court's order the Ehling Plaintiffs have been joined as realigned party plaintiffs, as is the proper course in an action where, as here, such parties have a vested interest in having the judgment against them satisfied by available insurance proceeds.  *See Chicago Title Ins. Co. v. American Guaranty and Liability Ins. Co.*, 892 So. 2d 369 (Ala. 2004) (construing § 27-23-2 as requiring joinder of both the insurer and the insured in a direct action under that statute); *Davis v. Carey*, 149 F. Supp. 2d 593 (S.D. Ind. 2001) (proper alignment in garnishment action against an insurer is plaintiff, insured v. insurer); *Boston v. Titan Indemnity Co.*, 34 F. Supp. 2d 419 (S.D. Miss. 1999) (same).  Because the Ehling Plaintiffs, who are citizens of the State of Florida, have not been joined as party-defendants, but as party plaintiffs, § 1332 makes National Union a citizen of the State of

01321966.1

Florida for purposes of this action. With the Ehling Plaintiffs and Defendant/Garnishee National Union both Florida citizens, there is not diversity between the parties and, therefore, this action is not removable.

## II. FACTS

5.     PACA is a wholly-owned subsidiary of Skilstaf, a professional employer organization, often described as an employee leasing company.

6.     On March 4, 2005, PACA filed its Complaint against the Ehling Plaintiffs. The Complaint alleges, among other things, that the Ehling Plaintiffs failed to competently fulfill their duties and responsibilities as PACA's insurance agents/brokers.

7.     On November 14, 2005, this Court entered a judgment against the Ehling Plaintiffs and in favor of PACA. *See* Order of Judgment, attached as Exhibit A.

8.     In addition, the November 14th Order set a hearing on damages for December 19, 2005. The Court required that notice of the December 19th damages hearing and of the November 14th Order be served on the Ehling Plaintiffs' insurance carriers to allow them the opportunity to participate, if they so chose.

9.     On November 15 and 16, 2005, counsel for PACA served the requisite notice on the Ehling Plaintiffs' insurers. *See* Notice Letters, attached collectively as Exhibit B. Despite being given notice and the opportunity to appear, no representative from any insurer appeared at the December 19th hearing.

10.     Evidence presented at the December 19th hearing included the testimony of Mr. Wayne Stark, President of PACA, relating to the amount of damages the Ehling Plaintiffs caused PACA to suffer.

01321966.1

11.    Based on this and the other evidence presented at the December 19th hearing, this Court entered a judgment in favor of PACA on February 21, 2006 in the amount of $3,952,227.56.  *See* February 21st Order, attached as Exhibit C.

12.    No appeal was taken from the Court's February 21, 2006 Order.

## COUNT I

### Garnishment

13.    Plaintiff repeats and reavers paragraphs 1 through 12 above as if fully set forth herein.

14.    On February 21, 2006 this Court entered final judgment in favor of PACA and against the Ehling Plaintiffs in the amount of $3,952,227.56.

15.    The Ehling Plaintiffs and National Union are parties to that certain "Agent's Errors & Omissions" insurance contract, policy number 985-88-28.

16.    Monies under said insurance contract are due and owing PACA by virtue of this Court's November 14, 2005 and February 21, 2006 Orders.

17.    Said monies are in the possession of and/or under the control of Defendant/Garnishee National Union.

18.    Said monies are subject to garnishment.  *See* Process of Garnishment, attached as Exhibit D.

WHEREFORE, premises considered, PACA demands satisfaction of the judgment entered against the Ehling Plaintiffs.

## COUNT II

### Ala. Code § 27-23-2

19.    Plaintiff repeats and realleges the allegations stated in paragraph 1

-4-

through 18 above as if fully set forth herein.

20.    On February 21, 2006 this Court entered final judgment in favor of PACA and against the Ehling Plaintiffs in the amount of $3,952,227.56.

21.    The Ehling Plaintiffs were insured against such loss or damage under insurance contract no. 985-88-28.

22.    PACA, as judgment creditor, is entitled to have the insurance money provided for under said contract of insurance applied to the satisfaction of the final judgment entered in its favor and against the Ehling Plaintiffs on February 21, 2006.

23.    Said judgment was not satisfied within 30 days after the date it was entered.

WHEREFORE, premises considered, PACA demands satisfaction of the judgment entered against Defendants.

_Randall S. Haynes_
RANDALL S. HAYNES
Counsel for Plaintiff PACA, Inc.

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
P.O. Box 1660
Alexander City, AL 35010
(256) 329-2000

-5-

01321966.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on the following by depositing a copy of same in the United States Mail, properly addressed and first-class postage prepaid, this 2 day of April , 2006:

National Union Fire Insurance Company
175 Water Street, 4th Floor
New York, NY 10038

Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Charles Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Judy Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

_Randall A Haynes_
OF COUNSEL

-6-

```
| AVSO351                                                    CV 2005 000045.00  |
|                                                                               |
|                                       JUDGE: ASSIGNED JUDGE                    |
```

ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY
CIRCUIT CIVIL

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY

PACA, INC. VS CHARLES EHLING, JUDY EHLING & EHLING INS., ETC.
FILED: 03/04/2005 TYPE: NEGLIGENCE-GENERAL   TYPE TRIAL: JURY      TRACK:

```
*********************************************************************************
DATE1:            CA:                    CA DATE:
DATE2:            AMT:          $.00  PAYMENT:
DATE3:
*********************************************************************************
```

PLAINTIFF 001: PACA, INC.
                                    ATTORNEY: HAYNES RANDALL
                                    HAY006    P O BOX 1660
              , AL 00000-0000                101 MADISON ST
              PHONE: (256)000-0000           ALEXANDER CITY, AL 350
ENTERED: 03/07/2005 ISSUED:          TYPE:            (205)3  -2000
SERVED:             ANSWERED:         JUDGEMENT:

                                    BADHAM WALKER P III
                                    2400 AMSOUTH HARBERT PL
                                    1901 6TH AVE NORTH
                                    BIRMINGHAM, AL  5203
                                         (205)254 000

                                    TAPSCOTT ROBERT W JR
                                    2400 AMSOUTH/HARBERT PL
                                    1901 6TH AVENUE NORTH
                                    BIRMINGHAM, AL  5203
                                         (205)254 000

                                    BUCK BRANNON JEFFREY
                                    1901 6TH AVE. N STE 24
                                    AMSOUTH HARBOR PLAZA
                                    BIRMINGHAM, AL  5203
                                         (205)254 210

DEFENDANT 001: EHLING CHARLES
              C/O EHLING INS.,-INV.,INC  ATTORNEY: _Pro Se_
              3163 BENTON BLVD
              PACE, FL 32571-0000
              PHONE: (256)000-0000
ENTERED: 03/07/2005 ISSUED: 03/04/2005 TYPE:   CERTIFIED
SERVED:             ANSWERED:          JUDGEMENT:

DEFENDANT 002: EHLING JUDY
              C/O EHLING INS.,-INV.,INC  ATTORNEY: _Pro Se_
              3163 BENTON BLVD
              PACE, FL 32571-0000
              PHONE: (256)000-0000
ENTERED: 03/07/2005 ISSUED: 03/04/2005 TYPE:   CERTIFIED
SERVED:             ANSWERED:          JUDGEMENT:

DEFENDANT 003: EHLING INSURANCE & INVESTMENTS INC
              3163 BENTON BLVD           ATTORNEY:
              PACE, FL 32571-0000
              PHONE: (256)000-0000
ENTERED: 03/07/2005 ISSUED: 03/04/2005 TYPE:   CERTIFIED
SERVED:             ANSWERED:          JUDGEMENT:

3405, Summons & Complaint Filed
              Cir No

SAW   03/07/2005                              CV 2005 00  45.00

AVSO352                                          CASE: CV 2005 000045.00
                                                 JUDGE: ASSIGNED JUDGE
------------------------------------------------------------------------
                        ALABAMA JUDICIAL DATA CENTER
                     CASE ACTION SUMMARY CONTINUATION
                              CIRCUIT CIVIL
------------------------------------------------------------------------
      IN THE CIRCUIT  COURT OF TALLAPOOSA      COUNTY
      PACA, INC., VS CHARLES EHLING, JUDY EHLING & EHLING INS., ETC.
      FILED: 03/04/2005 TYPE:  NEGLIGENCE-GENERAL    TYPE TRIAL: JURY      TRACK:
      ***********************************************************************
      DATE1:            CA:                    CA DATE:
      DATE2:            AMT:            $.00  PAYMENT:
      ***********************************************************************

| 3.9.05 | Doo1 - Doo2 - Doo3 - Served |
| 4.7.05 | Answer of Doo 1 |
| 4.24.05 | Def's Answer to Complaint |
| 4.14.05 | Order to Judgment |
|  | Hearing (Date to be Determined) |

SAW    03/07/2005

```
AVS0353                      ALABAMA JUDICIAL DATA CENTER
                                     FEE SHEET
                                  CIRCUIT CIVIL           CASE:CV 2005  0045.0

  N THE CIRCUIT  COURT OF TALLAPOOSA     COUNTY    JUDGE: ASSIGNED JUDGE

   PACA, INC., VS CHARLES EHLING, JUDY EHLING & EHLING INS., ETC.
     PATTY:HAYNES RANDALL S               DATTY:
            P O BOX 1660
            101 MADISON ST
            ALEXANDER CITY, AL  35011
```

| CIVIL FEE SUMMARY | DATE | DATE | DATE | DATE | CONTINUATION | DATE | DATE | DATE | DATE |
|---|---|---|---|---|---|---|---|---|---|
| | AMT | AMT | AMT | AMT | | AMT | AMT | A | AMT |
| DOCKET FILING FEE | | | | | | | | | |
| SM(<)       $37.00 | | | | | OTHER SERVICES | | | | |
| SM(>)      $111.00 | | | | | COMMISSION ON SALE | | | | |
| DIST       $202.00 | | | | | JUDGEMENTS | | | | |
| CIRC       $201.00 | | | | | POST JUDGEMENT FEE | | | | |
| JU/CS       $94.00 | | | | | ATTACHMENTS | | | | |
| LAW LIBRARY TAX | 2.00 | | | | GARNISHMENTS | | | | |
| JURY DEMAND | | | | | EXECUTION | | | | |
| SERVICE FEES | | | | | APPEAL COSTS | | | | |
| EACH DEF OVER | | | | | LOWER COURT COSTS | | | | |
| | | | | | OTHER | | | | |
| CERT MAIL | | | | | COURT ADM FUND | | | | |
| SUBPOENA EACH | | | | | FAMILY COURT | | | | |
| ABND VEH     $37.00 | | | | | SHERIFF'S FEE | | | | |
| WORKERS | | | | | | | | | |
| COMP       $149.00 | | | | | TOTAL COSTS | | | | |

| CASH RECEIPTS/FROM | DATE RECEIVED | RECEIPT NUMBER | AMOUNT RECEIVED | GARNISHEE |
|---|---|---|---|---|
| Marie Haynes Hundy | 3-4-05 | 43173 | 40⁻ | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| DISBURSEMENTS PAID TO | DATE PAID | CHECK NO | AMOUNT PAID |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

```
SAW   03/07/2005
```

**IN THE CIRCUIT COURT OF**
**TALLAPOOSA COUNTY, ALABAMA**
**ALEXANDER CITY DIVISION**

PACA, INC.,                                          )
                                                     )
    Plaintiff,                   )
                                                     )
vs.                                                  )   **Civil Action No. CV-05-45**
                                                     )
CHARLES EHLING, JUDY EHLING,                         )
AND EHLING INSURANCE &                               )
INVESTMENTS, INC.                                    )
                                                     )
    Defendants.                  )

## ORDER

This matter is before this Court for a determination of damages to be established on a judgment entered by this Court on November 14, 2005. The Court hereby makes the following findings:

    1.    PACA is the Plaintiff in this action against Defendants.

    2.    PACA filed this action on March 4, 2005.

    3.    Defendants made a claim with their insurance carriers to defend and indemnify them in the present case.

    4.    Defendants' insurance carriers failed and refused to defend and indemnify Defendants in this action.

    5.    As a result, Defendants did not have the financial ability to defend themselves in the present suit.

    6.    Consequently, left with no other recourse, in order to reduce their exposure and because they were financially unable to defend themselves, Defendants were forced to enter into an agreement with Plaintiff whereby Defendants consented to a judgment against them in favor

of the Plaintiff in exchange for Plaintiff's agreement to collect said judgment only to the extent that Defendants' insurance provides coverage.

7.    Defendants did not, by virtue of this judgment, admit to any intentional wrongdoing.

8.    Based upon the above, on November 14, 2005, this Court entered judgment against the Defendants and in favor of the Plaintiff and set a hearing for December 19, 2005 to determine damages and the amount of said judgment.

9.    In its November 14, 2005 Order, this Court required that said order and notice of the December 19, 2005 hearing be served upon Defendants' insurance companies to allow them the opportunity to participate if they so chose.

10.    Said notice was given as evidenced by the letters attached hereto as Exhibit A.

11.    Despite being given notice and the opportunity to appear, no representative from any of the Defendants' insurance companies appeared at the December 19 hearing.

12.    The Court finds that Defendants gave proper notice of this claim to National Union, under policy no. 985-88-28 for the policy period 1/05 to 1/06, as evidenced by the letter from Defendants attached hereto as Exhibit B. There could be other policies and policy periods implicated and/or applicable to this claim as well but the Court was only presented evidence relating to the policy period 1/05 to 1/06.

13.    The Court heard extensive testimony from Mr. Wayne Stark, President of PACA, the Plaintiff in this case, relating to the damages suffered by the Plaintiff as a result of Defendants' wrongful conduct.

14.    Based upon the testimony of Mr. Stark and the other evidence presented by the Plaintiff, this Court hereby enters judgment in favor of the Plaintiff and against all Defendants, jointly and severally, in the amount of $3,952,227.56.

01297530.1

15.    The Court finds that these damages were incurred as a result of the wrongful acts of the Defendants during the performance of professional services in placing Plaintiff's insurance coverage.  The Court finds that, as related to Plaintiff's claim, there were no intentional or malicious acts on the part of the Defendants and that the wrongful acts of the Defendants were negligent acts, errors and omissions.  The Court further finds that Plaintiff paid all outstanding medical claims and expenses and that the damages assessed here are therefore not employee benefits but rather reimbursement to Plaintiff for payment of claims and expenses.  Finally, the Court notes for the record that Plaintiff experienced claim issues with Meridian, the Plan Administrator, prior to April 2003 when Plaintiff terminated Meridian as the Plan Administrator. Meridian did not file bankruptcy until May 15, 2003.  Therefore, any damages awarded in this case are not based upon the insolvency of Meridian but rather on Meridian's claims handling abilities prior to its bankruptcy.

16.    As a result of circumstances surrounding the entry of this judgment and the actual entry of this judgment against Defendants, the Court finds that the Plaintiff and the Defendants now have a common interest, at least in regard to any insurance coverage that may be applicable to the claims and judgment in this case.  Therefore, to the extent any relief is sought against Defendants' insurers, the Plaintiff and Defendants in this case shall be deemed to be realigned as Plaintiffs.  Moreover, the Court finds that the Defendants and/or Realigned Plaintiffs are clearly indispensable, real parties in interest as to any action against their insurers based upon their desire to have the judgment entered against them satisfied with insurance proceeds.

2-24-06
Attorney of Record
Defts.

2-21-06

_____
Circuit Court Judge of Tallapoosa County, Alabama

RECEIVED
FEB 200?
FRANK L?
CIRCUIT

- 3 -

01297530.1

# EXHIBIT A

# MORRIS, HAYNES & HORNSBY

### ATTORNEYS AT LAW

LARRY W. MORRIS, P.C.
RANDALL S. HAYNES, P.C.
CLAY HORNSBY, P.C.
NANCY L. EADY
JEREMY KNOWLES
M. TODD WHEELES
EMILY H. NELSON

REPLY TO:
131 MAIN STREET
P.O. BOX 1660
ALEXANDER CITY, ALABAMA 35011-1660
TELEPHONE (256) 329-2000
FACSIMILE (256) 329-2015

BIRMINGHAM OFFICE:
3500 COLONNADE PARKWAY
SUITE 100
BIRMINGHAM, ALABAMA 35243

TELEPHONE (205) 324-4008
FACSIMILE (205) 324-0803
Email: chornsby@mhhlaw.net

November 16, 2005

AIG Technical Service, Inc.
Attention: Andy Ritchie
1750 Water Street
New York, NY 10038

RE:    **PACA, Inc. V. Charles Ehling, Judy Ehling, Ehling Insurance and
Investments, Inc.
In the Circuit Court of Tallapoosa County, Alabama
Civil Action No. CV-05-45
Policy Periods: 22000 to January 2002, January 2004 to January 2005, and
January 2005 to January 2006**

To whom it may concern:

Please forward the enclosed Court Order to the appropriate insurers for Ehling Insurance and Investments, Inc., Charles Ehling and/or Judy Ehling as well as affiliated entities. Our firm represents the Plaintiff in the above-styled case. Please find enclosed a copy of a judgment entered against your insured and in favor of the Plaintiff. Pursuant to the Court's Order, we are sending you notice of this Order and notice of a hearing to be held on damages on December 19, 2005, at 9:00 a.m.

Please contact me by telephone and/or facsimile to confirm receipt of this important court document.

Yours truly,

RANDALL S. HAYNES

RSH/cc
Enclosure

cc:    Aon Assoication Services, Inc.
       Plan Administrator
       159 E. County Line Road
       Hatboro, PA 19040

       Charles Ehling
       4848 W. Spencer Field Road
       Pace, Florida 32571

## MORRIS, HAYNES & HORNSBY
ATTORNEYS AT LAW

LARRY W. MORRIS, P.C.
RANDALL S. HAYNES, P.C.
CLAY HORNSBY, P.C.
NANCY L. EADY
JEREMY KNOWLES
M. TODD WHEELES
EMILY H. NELSON

REPLY TO:
131 MAIN STREET
P.O. BOX 1660
ALEXANDER CITY, ALABAMA 35011-1660
TELEPHONE (256) 329-2000
FACSIMILE (256) 329-2015

BIRMINGHAM OFFICE:
3500 COLONNADE PARKWAY
SUITE 100
BIRMINGHAM, ALABAMA 35243

TELEPHONE (205) 324-4008
FACSIMILE (205) 324-0803
Email: chornsby@mhhlaw.net

DIRECT DIAL:
(256) 329-2742
Email: rhaynes@morrishaynesandhornsby.com

November 15, 2005

**VIA U.S. MAIL**

National Union Fire Insurance Company
Attn: Arthur Gorodess
175 Water Street, 4th Floor
New York, NY 10038

> Re:     **PACA, Inc. v. Charles Ehling, Judy Ehling, Ehling Insurance**
> **and Investments, Inc.**
> **In the Circuit Court of Tallapoosa County, Alabama**
> **Civil Action No. CV-05-45**
> **Agents' Errors & Omissions Insurance Policy Number 985-88-28**
> **Customer Number 210214000**
> **Policy Period: January 1, 2003 to January 1, 2004**

To whom it may concern:

Our firm represents the Plaintiff in the above-styled case. Please find enclosed a copy of a judgment entered against your insured and in favor of the Plaintiff. Pursuant to the Court's Order, we are sending you notice of this Order and notice of a hearing to be held on damages on December 19, 2005.

If you have any questions, please do not hesitate to give me a call. Thank you for your consideration.

Yours truly,

*Randall S. Haynes*

Randall S. Haynes

cc:     Aon Association Services, Inc.

01259951.1

November 15, 2005
Page 2

cc:    Aon Association Services, Inc.
       **Plan Administrator**
       159 E. County Line Road
       Hatboro, PA 19040

       Charles Ehling
       4848 W. Spencer Field Road
       Pace, Florida 32571

MORRIS, HAYNES & HORNSBY
ATTORNEYS AT LAW

REPLY TO:
131 MAIN STREET
P.O. BOX 1660
ALEXANDER CITY, ALABAMA 35011-1660
TELEPHONE (256) 329-2000
FACSIMILE (256) 329-2015

LARRY W. MORRIS, P.C.
RANDALL S. HAYNES, P.C.
CLAY HORNSBY, P.C.
NANCY L. EADY
JEREMY KNOWLES
M. TODD WHEELES
EMILY H. NELSON

BIRMINGHAM OFFICE:
3500 COLONNADE PARKWAY
SUITE 100
BIRMINGHAM, ALABAMA 35243

TELEPHONE (205) 324-4008
FACSIMILE (205) 324-0803
Email: chornsby@mhhlaw.net

DIRECT DIAL:
(256) 329-2742
Email: rhaynes@morrishaynesandhornsby.com

November 15, 2005

**VIA U.S. MAIL**

Westport Insurance Corporation
Professional Liability Claims
P.O. Box 2991
Overland Park, KS 66201

> **Re:** **PACA, Inc. v. Charles Ehling, Judy Ehling, Ehling Insurance and**
> **Investments, Inc.**
> **In the Circuit Court of Tallapoosa County, Alabama**
> **Civil Action No. CV-05-45**
> **Professional Liability Insurance Policy Number LEO-59633**
> **Policy Period: March 1, 2002 to December 31, 2002**

To whom it may concern:

   Our firm represents the Plaintiff in the above-styled case.  Please find enclosed a copy of a judgment entered against your insured and in favor of the Plaintiff.  Pursuant to the Court's Order, we are sending you notice of this Order and notice of a hearing to be held on damages on December 19, 2005.

   If you have any questions, please do not hesitate to give me a call.  Thank you for your consideration.

Yours truly,

Randall S. Haynes

01259914.1

November 15, 2005
Page 2

WAS

cc:   Aon Association Services, Inc.
      **Plan Administrator**
      159 E. County Line Road
      Hatboro, PA 19040

      Charles Ehling
      4848 W. Spencer Field Road
      Pace, Florida 32571

MORRIS, HAYNES & HORNSBY

ATTORNEYS AT LAW

REPLY TO:

131 MAIN STREET

P.O. BOX 1660

ALEXANDER CITY, ALABAMA 35011-1660

TELEPHONE (256) 329-2000

FACSIMILE (256) 329-2015

LARRY W. MORRIS, P.C.
RANDALL S. HAYNES, P.C.
CLAY HORNSBY, P.C.
NANCY L. EADY
JEREMY KNOWLES
M. TODD WHEELES
EMILY H. NELSON

BIRMINGHAM OFFICE:
3500 COLONNADE PARKWAY
SUITE 100
BIRMINGHAM, ALABAMA 35243

TELEPHONE (205) 324-4008
FACSIMILE (205) 324-0803
Email: chornsby@mhhlaw.net

DIRECT DIAL:
(256) 329-2742
Email: rhaynes@morrishaynesandhornsby.com

November 15, 2005

**VIA U.S. MAIL**

Employers Reinsurance Corporation
Professional Liability Claims
P.O. Box 2991
Overland Park, KS 66201

  Re: **PACA, Inc. v. Charles Ehling, Judy Ehling, Ehling Insurance and
     Investments, Inc.
     In the Circuit Court of Tallapoosa County, Alabama
     Civil Action No. CV-05-45
     Professional Liability Insurance Policy Number Leo-59633
     Policy Period: December 1, 2000 to January 1, 2002**

To whom it may concern:

   Our firm represents the Plaintiff in the above-styled case.  Please find enclosed a copy of
a judgment entered against your insured and in favor of the Plaintiff.  Pursuant to the Court's
Order, we are sending you notice of this Order and notice of a hearing to be held on damages on
December 19, 2005.

   If you have any questions, please do not hesitate to give me a call.  Thank you for your
consideration.

        Yours truly,

        Randall S. Haynes

01259876.1

November 15, 2005
Page 2

WAS

cc:    Aon Association Services, Inc.
        **Plan Administrator**
        159 E. County Line Road
        Hatboro, PA 19040

        Charles Ehling
        4848 W. Spencer Field Road
        Pace, Florida 32571

**EXHIBIT B**

FROM :C                    FAX NO. :8509950556              27 2006 02:24PM  P2

Charles and Judy Ehling
4848 W. Spencer Field Road
Pace, FL 32571

MAILED
4-4-05
CERTIFIED DAVID

April 2,2005

AIG Technical Services, Inc
1750 Water Street
New York, NY 10038

Charles A. Ehling
Policy Number: 985-88-28

This is to inform you that I Have received  paper work to do with the attached claim on
PACA, Inc. We are looking into finding an attorney at this point. I was
sick for almost two weeks and was unable to handle this matter. But I'm back in my
office now and working to get all this done. I will be denying all allegations. I have never
meet these people face to face. They did all there own enrolling of clients and They
received half of the commissions they are also an  insurance agency. All I need is for you
to step up and honor my contract with you and help with these Attorney fees  and most of
all this will go away. As I feel I have an off information that will help us solve this matter.

Sincerely

Charles Ehling

**IN THE CIRCUIT COURT OF**
**TALLAPOOSA COUNTY, ALABAMA**
**ALEXANDER CITY DIVISION**

| | | |
|---|---|---|
| PACA, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Civil Action No. CV-05-45** |
| | ) | |
| **CHARLES EHLING, JUDY EHLING,** | ) | |
| **AND EHLING INSURANCE &** | ) | |
| **INVESTMENTS, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER OF JUDGMENT

Based upon the consent of Plaintiff PACA, Inc. ("PACA") and Defendants Charles Ehling, Judy Ehling, and Ehling Insurance & Investments, Inc., the Court hereby makes the following findings:

1.    PACA is the Plaintiff in this action against Defendants.

2.    PACA filed this action on March 4, 2005.

3.    Defendants made a claim with their insurance carriers to defend and indemnify them in the present case.

4.    Defendants' insurance carriers have failed and refused to defend and indemnify Defendants in this action.

5.    As a result, Defendants do not have the financial ability to defend themselves in the present suit.

6.    Consequently, left with no other recourse, in order to reduce their exposure and because they are financially unable to defend themselves, Defendants have been forced to enter into an agreement with Plaintiff whereby Defendants consent to a judgment against them in favor

of the Plaintiff in exchange for Plaintiff's agreement to collect said judgment only to the extent that Defendants' insurance provides coverage.

7.    Defendants are not, by virtue of this judgment, admitting to any intentional wrongdoing.

Based upon the foregoing, it is hereby ORDERED that judgment be entered against the Defendants and in favor of the Plaintiff.  The amount of said judgment shall be determined by this Court, after presentation of evidence by the Plaintiff, at a hearing to be held on *at 9 Am* *12-19* , 2005.  This Order and notice of said hearing shall be served upon Defendants' insurance companies to allow them the opportunity to participate if they so choose.

DONE AND ORDERED this *14th* day of *November*, 2005.

*11-15-05*
*Copies-Attorney of Record*

_____
Circuit Judge
Circuit Court of Tallapoosa County, Alabama.

NOV 2005
RECEIVED
FRANK LUCAS
CIRCUIT CLERK

_____
Charles Ehling

_____
Judy Ehling

_____
Charles Ehling, on behalf of, and as principal of Ehling Investments, Inc.

_____
Judy Ehling, on behalf of, and as principal of Ehling Investments, Inc.

01247649.1

2

Randall S. Haynes
Attorney for Plaintiff


OF COUNSEL:

MORRIS, HAYNES & HORNSBY
P.O. Box 1660
Alexander City, AL 35010
(256) 329-2000


W. Percy Badham III    by R.S.H.
Attorneys for Plaintiff PACA, Inc.    with express permiss


OF COUNSEL:

Robert W. Tapscott, Jr.
Brannon J. Buck
MAYNARD, COOPER, & GALE
1901 6th Avenue North
Suite 2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000


- 3 -

01247649.1



PACA, INC.,

     Plaintiff

v.                                  CIVIL ACTION CV-05-45

CHARLES EHLING, JUDY EHLING,
AND EHLING INSURANCE &
INVESTMENTS, INC.,

     Defendants

## ANSWER TO COMPLAINT BY DEFENDANTS

     COMES NOW Defendants and for answer to the Plaintiff's Complaint filed herein states as follows:

    1.     Agree.

    2.     Agree.

    3.     Agree.

    4.     Insufficient information to agree or disagree.

    5.     Insufficient information to agree or disagree.

    6.     Disagree.  Allen Brewer of PACA contacted Defendant's office.  Until that time, Defendants did not know PACA existed.

    7.     Agree.  Allen Brewer contacted Defendants office by telephone and made inquiries into Meridian Benefit's health plan, which Defendants in turn forwarded information to Mr. Brewer.  Mr. Brewer was sent brochures and referrals that were all

1

furnished to Defendants office by Meridian Benefit's staff, which included Meridian's

President Don Ruth, Vice President Harry White and Attorney Ben Zander. Defendants

office does not recall on how Mr. Brewer came to know about Meridian Benefit nor

Defendants office.

        8.      Disagree. Information, a plan outline and rates were negotiated with PACA

through Meridian Benefit and Defendants in turn forwarded this information, plan outline

and rates received from Meridian Benefit to PACA for their review and decision. PACA

or SkilStaff signed the Meridian Benefit contract to proceed with their employee benefits

package. There was no contract between PACA/Skilstaff and Defendants other than the

agreement between Allen Brewer and Defendants to pay Mr. Brewer half the commissions

earned monthly as premiums were mailed in to Meridian Benefit.

        9.      Agree.

        10.      Defendants office does not recall talking directly to the PACA plan

Participants. Defendants do recall talking with Mr. Brewer and his assistant regarding

claims issues.

        11.      Agree. Defendants were dealing with Meridian Benefit on claims issues as

PACA contacted Defendants about those issues as they arose. Meridian Benefit had a full

Claims Department and was paying PACA's claims. Meridian would give Defendants

updates and Defendants office would contact either Mr. Brewer or his assistant either by

telephone or by e-mail to give them updates.

2

12.    Agree.  Defendant, Charles Ehling, did fly to Meridian Benefit in New Jersey and discussed with Harry White, Ben Zander and Ken, Meridian's Accountant, PACA's concerns about their outstanding claims and Mr. Ehling was told by Meridian Benefit that all claims would be paid.

13.    Defendants do not recall when PACA terminated their contract with Meridian Benefit.  All premiums from PACA went directly to Meridian Benefit, not Defendants office.  Defendants recall that claims totaling more than $70,000 were paid by Meridian Benefit.

14.    Insufficent information to deny or agree.  Defendants office is aware of Allen Brewer having his own self-funded plan in place and Defendant, Charles Ehling, was sure Mr. Brewer was knowledgeable in adjudicating medical bills.  Why were these outstanding claims that Mr. Brewer states his company paid in full not adjudicated to minimize the amount owed?  In addition, Paragraph 13 states that PACA terminated with Meridian in April 2003; however, in Paragraph 14, it states PACA terminated the Plan in December 2003.

15.    Agree.

16.    Agree, and this was done.  Defendants were not hired by PACA.  Allen Brewer received half of the compensation paid on the plan each month as the premium was paid and received by Meridian Benefit.

3

17.    Disagree.  The Meridian Benefit contract between Meridian and PACA stated that this was a totally self-funded ERISA plan, which was governed by the Department of Labor.  The Meridian contract was read and signed by PACA.

18.    Disagree.

## COUNT II

19.    Agree.

20.    Disagree.  Defendant, Charles Ehling, remembers his conversations with Allen Brewer.  Mr. Brewer was more knowledgeable than Mr. Ehling about self-funded plans, due to the fact that Mr. Brewer administered his own plan.

21.    Disagree.

22.    Disagree.  Meridian Benefit was registered with the Department of Labor. Meridian Benefit also told Defendant, Charles Ehling, that they filed 5500 reports for each group per year.  Meridian Benefit would periodically mail to the groups information about reinsurance coverage and other information about the company, including plan descriptions and monthly billing.  These items were mailed directly from Meridian Benefit to the groups, not the Defendants.

23.    Disagree.

## COUNT III

24.    Agree.

25.    Disagree.

26.    Disagree.

4

## COUNT IV

27.    Agree.

28.    Disagree. The Plan was represented by Meridian Benefit as a self-funded plan with Reinsurance. These facts were sent out to all clients from Meridian Benefit's officers; Don Ruth, President, Harry White, Vice President, Attorney Ben Zander, and Meridian's Accountant, Ken (not sure of last name). The contract signed by PACA, prior to the Plan going into effect, also states the plan is a self-funded plan. Within a month after the Plan went into effect, all groups receive a Final Contract outlining the entire plan, and in the Final Contract it also states that the plan is a self-funded plan.

29.    Disagree.

30.    Disagree. Defendant, Judy Ehling, was in contact with Meridian Benefit's Claims Department almost on a daily basis requesting information, updates, and trying to expedite the processing of PACA's outstanding claims. Once Ms. Ehling received these updates from Meridian she would in turn contact either Allen Brewer or his assistant by telephone or e-mail to give them the status. Meridian Benefit mislead over 2,900 agents nationwide with all of their lies and deceit.

31.    Disagree.

32.    Disagree.

_____ 4-28-05
Charles Ehling
Ehling Insurance and Investments
Defendant

_____ 4-28-05
Judy Ehling
Ehling Insurance and Investments
Defendant

5

Charles and Judy Ehling
4848 W. Spencer Field Road
Pace, FL 32571

April 2,2005



Mr. Frank Lucas Circuit clerk
P.O.Box 189
Alexander City, Al 35010

This is to inform you that I Have received your paper work to do with PACA, Inc.
Case number CV-05-45. We are looking into finding an attorney at this point. I was
sick for almost two weeks and was unable to handle this matter. But I'm back in my
office and working to get all this done. I will be denying all allegations.

Sincerely

Charles Ehling

4-8-05
Randall Haynes
Walker P. Badham, III, etals

RETURN RECEIPT
REQUESTED

NAME:
1st Notice 4-6-0?
2nd Notice
Return

7003 1010 0004 5963 9141

MR. FRANK LUCAS CREDIT CHECK,
P.O. BOX 189
ALEXANDER CITY, AL 35010

APR-05
FL

PB METER
846136

U.S. POSTAGE

RETURN RECEIPT
REQUESTED

## IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
## ALEXANDER CITY DIVISION

PACA, INC.,                                    *
                                               *
    Plaintiff,                          *
                                               *
V                                              * CIVIL ACTION NUMBER CV-05- 45
                                               *
CHARLES EHLING; JUDY EHLING; and               *
EHLING INSURANCE & INVESTMENTS,                *
INC.,                                          *
                                               *
    Defendants.                         *



### SUMMONS – CIVIL

NOTICE TO **CHARLES EHLING, c/o EHLING INSURANCE & INVESTMENTS, INC., 3163 BENTON BOULEVARD, PACE, FLORIDA 32571** .

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFFS' ATTORNEY, **RANDALL S. HAYNES, MORRIS, HAYNES AND HORNSBY, POST OFFICE BOX 1660, ALEXANDER CITY, ALABAMA 35011-1660**. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____ **TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by either rules 4.1(b)(2) or 4.2(b)(2) of the *Alabama Rules of Civil Procedure*: You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon defendants.

THIS SERVICE BY CE



IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

PACA, INC.,                                *
                                           *
        Plaintiff,                         *
                                           *
V                                          * CIVIL ACTION NUMBER CV-05- 45
                                           *
CHARLES EHLING; JUDY EHLING; and           *
EHLING INSURANCE & INVESTMENTS,            *
INC.,                                      *
                                           *
        Defendants.                        *

## SUMMONS – CIVIL

NOTICE TO **CHARLES EHLING, c/o EHLING INSURANCE & INVESTMENTS, INC., 3163 BENTON BOULEVARD, PACE, FLORIDA  32571**.

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFFS' ATTORNEY, **RANDALL S. HAYNES, MORRIS, HAYNES AND HORNSBY, POST OFFICE BOX 1660, ALEXANDER CITY, ALABAMA  35011-1660**. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  YOU  MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____    **TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by either rules 4.1(b)(2) or 4.2(b)(2) of the *Alabama Rules of Civil Procedure*: You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon defendants.

_____    **THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS** is initiated upon the written request of Plaintiffs pursuant to Rule 4.1(c) of the *Alabama Rules of Civil Procedure*.

E                                                   **CLERK/REGISTER**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RETURN ON SERVICE

_____ Certified Mail return receipt received in this office on _____ (Return receipt hereto attached).

_____ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____.

_____                           _____ DATE
                                                 SERVER SIGNATURE

ADDRESS
OF SERVER _____

_____
TYPE OF PROCESS SERVER

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

PACA, INC.,                              *
                                        *
        Plaintiff,                      *
                                        *
v                                       *  CIVIL ACTION NUMBER CV-05-___45___
                                        *
CHARLES EHLING; JUDY EHLING; and        *
EHLING INSURANCE & INVESTMENTS,         *
INC.,                                   *
                                        *
        Defendants.                     *

## SUMMONS – CIVIL

NOTICE TO **JUDY EHLING, c/o EHLING INSURANCE & INVESTMENTS, INC., 3163 BENTON BOULEVARD, PACE, FLORIDA 32571** .

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFFS' ATTORNEY, **RANDALL S. HAYNES, MORRIS, HAYNES AND HORNSBY, POST OFFICE BOX 1660, ALEXANDER CITY, ALABAMA 35011-1660**. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.
*****************************************************************************
_____  **TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by either rules 4.1(b)(2) or 4.2(b)(2) of the *Alabama Rules of Civil Procedure*: You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon defendants.

X  **THIS SERVICE BY**



## IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
## ALEXANDER CITY DIVISION

PACA, INC.,                                    *
                                               *
      Plaintiff,                         *
                                               *
V                                              * CIVIL ACTION NUMBER CV-05-__45__
                                               *
CHARLES EHLING; JUDY EHLING; and               *
EHLING INSURANCE & INVESTMENTS,                *
INC.,                                          *
                                               *
      Defendants.                        *

### <u>SUMMONS – CIVIL</u>

NOTICE TO <u>JUDY EHLING, c/o EHLING INSURANCE & INVESTMENTS, INC., 3163 BENTON BOULEVARD, PACE, FLORIDA  32571</u> .

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFFS' ATTORNEY, <u>RANDALL S. HAYNES, MORRIS, HAYNES AND HORNSBY, POST OFFICE BOX 1660, ALEXANDER CITY, ALABAMA  35011-1660</u>. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN  __30__  DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  YOU  MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

____     **TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by either rules 4.1(b)(2) or 4.2(b)(2) of the *Alabama Rules of Civil Procedure*: You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon defendants.

__X__     THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS is initiated upon the written request of ___ pursuant to Rule 4.1(c) of the *Alabama Rules of Civil Procedure*.

    *(Reverse)*          _V Clark 4/2005_          _Frank Lucas Jr._
                                               **CLERK/REGISTER**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RETURN ON SERVICE

____ Certified Mail return receipt received in this office on _____ (Return receipt hereto attached).

____ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____.

_____  DATE

SERVER SIGNATURE _____

ADDRESS _____

TYPE OF PROCESS SERVER _____



## IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
### ALEXANDER CITY DIVISION

PACA, INC.,                              *
                                         *
   **Plaintiff,**        *
                                         *
V                                        * CIVIL ACTION NUMBER CV-05-___45___
                                         *
CHARLES EHLING; JUDY EHLING; and         *
EHLING INSURANCE & INVESTMENTS,          *
INC.,                                    *
                                         *
   **Defendants.**        *

### SUMMONS – CIVIL

NOTICE TO **EHLING INSURANCE & INVESTMENTS, INC., 3163 BENTON BOULEVARD, PACE, FLORIDA   32571.**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFFS' ATTORNEY, **RANDALL S. HAYNES, MORRIS, HAYNES AND HORNSBY, POST OFFICE BOX 1660, ALEXANDER CITY, ALABAMA   35011-1660**. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU  MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____ **TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by either rules 4.1(b)(2) or 4.2(b)(2) of the *Alabama Rules of Civil Procedure*: You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon defendants.



IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

PACA, INC.,                          *
                                     *
        Plaintiff,                   *
                                     *
V                                    * CIVIL ACTION NUMBER CV-05-___45___
                                     *
CHARLES EHLING; JUDY EHLING; and     *
EHLING INSURANCE & INVESTMENTS,      *
INC.,                                *
                                     *
        Defendants.                  *

## SUMMONS – CIVIL

NOTICE TO **EHLING INSURANCE & INVESTMENTS, INC., 3163 BENTON BOULEVARD, PACE, FLORIDA 32571**.

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFFS' ATTORNEY, **RANDALL S. HAYNES, MORRIS, HAYNES AND HORNSBY, POST OFFICE BOX 1660, ALEXANDER CITY, ALABAMA 35011-1660**. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.
*****************************************************************************

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by either rules 4.1(b)(2) or 4.2(b)(2) of the *Alabama Rules of Civil Procedure*: You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon defendants.

**IS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS** is initiated upon the written request of Plaintiffs pursuant to Rule 4.1(c) of the *Alabama Rules of Civil Procedure*.

_____          _____
                                       CLERK/REGISTER

*****************************************************************************

RETURN ON SERVICE

_____ Certified Mail return receipt received in this office on _____ (Return receipt hereto attached).

_____ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____, Alabama on _____

_____          _____
                                       DAT

_____          SERVER SIGNATURE

ADDRESS
OF SERVER _____          _____
                                       TYPE OF PROCESS SERVER

IN THE CIRCUIT COURT
OF TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

PACA, INC.,                              )
                                         )
    Plaintiff,                           )
                                         ) CIVIL ACTION NO.
v.                                       )
                                         )      *CV05.45*
CHARLES EHLING, JUDY EHLING,             )
AND EHLING INSURANCE &                   )
INVESTMENTS, INC.,                       )
                                         )
    Defendants.                          )

## COMPLAINT

Comes now PACA, Inc. ("PACA"), plaintiff in the above-styled case, and for its

Complaint against Charles Ehling, Judy Ehling, and Ehling Insurance and Investments,

Inc., says as follows:

### I. PARTIES

1.    PACA is an Alabama corporation with its principal place of business in

the State of Alabama.

2.    Ehling Investments, Inc. is a corporation organized and existing in the

State of Florida with its principal place of business in the State of Florida.

3.    Charles and Judy Ehling are individuals residing in the State of Florida.

The Ehlings are, upon information and belief, the owners of Ehling Investments, Inc.

The Ehlings are insurance agents/brokers who assisted PACA in obtaining the health

insurance benefits coverage for PACA employees from Meridian Benefits, Inc.

### II. FACTS

4.    PACA is a wholly owned subsidiary of Skilstaf, a professional employer

00975777.1

organization, often described as an employee leasing company.

5.    PACA offered health insurance coverage to its eligible employees who choose to obtain this coverage pursuant to the terms of the PACA Health and Welfare Plan.

6.    PACA was approached by Defendants Charles and Judy Ehling, insurance agents/brokers licensed to sell insurance, who offered to assist PACA with finding an insurance company to insure and administer the health insurance coverage for PACA employees.

7.    The Ehlings held themselves out as experienced insurance agents/brokers who were competent and qualified to offer advice, consultation and administration services to PACA in securing insurance coverage and plan administration services for the PACA Health and Welfare Plan. The Ehlings additionally represented themselves as insurance agents/brokers familiar with PACA's expressed desire to (1) obtain insurance coverage for the health insurance plan that would include an extensive PPO network with favorable rates and discounts which would result in substantial cost savings to PACA and its employees and (2) to secure claims and plan administration services under the Plan that would ensure that participants' claims were processed in a timely, accurate manner.

8.    Based upon the Ehling's representations about their superior experience, expertise and knowledge in these areas, including their proclaimed knowledge and expertise in securing appropriate claims administration services and in negotiating and procuring insurance coverage for employers wanting to provide health insurance plans to their employees, PACA followed the Ehlings' recommendation to purchase coverage

00975777.1

for the PACA plan from Meridian Benefit, Inc. ("Meridian"). PACA purchased this coverage directly from the Ehlings, who received commissions and consultant fees for their services.

9. Effective January 1, 2002, PACA entered into an agreement with Meridian pursuant to which Meridian was to insure the PACA health insurance plan and serve as the Claim Administrator and Plan Administrator of the PACA plan.

10. At all times prior to April, 2003, PACA dealt with Meridian primarily through Judy Ehling and Charles Ehling, who acted as the go-betweens and agents of Meridian in its dealings with PACA. The Ehlings were the main contacts between PACA and Meridian regarding applications for coverage under the plan, distribution of plan documents to PACA to provide to its employees, and regarding all eligibility, coverage, and claims issues arising under the plan. Moreover, the Ehlings communicated directly with PACA plan participants who had questions regarding eligibility or claims payment issues under the plan.

11. PACA began receiving inquiries and complaints from medical service providers regarding non-payment of claims for PACA employees who had health insurance under the PACA plan. PACA forwarded those inquiries to the Ehlings, who supposedly were dealing directly with Meridian on resolving these claims payment issues.

12. PACA notified the Ehlings that it was concerned about the problems it was experiencing with claims payments by Meridian and asked assurance from the Ehlings that "all of our outstanding claims will be taken care of immediately". Defendant Judy Ehling responded that Charles Ehling had flown to Meridian's office to

-3-

"get these answers resolved". The Ehlings subsequently informed PACA that Meridian had agreed to pay all outstanding claims incurred by PACA employees. However, Meridian never paid these claims.

13.    In April, 2003, PACA terminated Meridian as the Plan Administrator, Claim Administrator, and agent of the PACA plan retroactive to March 1, 2003 due to its misrepresentations regarding the nature of the plan and its failure to pay claims under the plan. PACA additionally made demand upon Meridian for payment of all premiums received by Meridian from PACA employees, which payments totaled approximately $350,000.00 from January, 2002 through February, 2003. During this same time period, Meridian paid less than $70,000 in claims for PACA employees.

14.    From March 1, 2003 through December 31, 2003, PACA paid all valid health benefits claims incurred by employees participating in the PACA Health and Welfare Plan out of its own funds. These claims payments made by PACA total approximately $862,107.33, in addition to administrative fees and costs. There are no remaining unpaid claims incurred by Plan participants through December 31, 2003, the date the Plan was terminated.

COUNT I
NEGLIGENT FAILURE TO PROCURE INSURANCE

15.    Plaintiff repeats and reavers paragraphs 1 through 14 above as if fully set forth herein.

16.    The Defendants had a duty to properly perform their services and responsibilities as the insurance agents/brokers hired by PACA to obtain health insurance coverage for the PACA Health and Welfare Plan.

-4-

00975777.1

17.    The Defendants were negligent in performing said services and responsibilities.  Defendants negligently: (a) failed to use the knowledge, skill, expertise and diligence required in connection with PACA's expressed insurance needs; (b) failed to use the knowledge, skill, expertise and diligence required in connection with placing PACA's insurance coverage; (c) failed to disclose, discuss and explain that the coverage purchased from Meridian was not full insurance coverage for the Plan but rather was merely a self-funded claims account funded by premiums paid by PACA and its employees and administered, not insured, by Meridian; (d) failed to investigate the financial stability of Meridian; and (e) failed to disclose the financial status of Meridian to PACA.

18.    As a proximate result of these negligent acts,  PACA has been damaged.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants for compensatory damages in an amount to be awarded by a jury, plus interest and costs.

## COUNT II
## BREACH OF FIDUCIARY DUTY

19.    Plaintiff repeats and realleges the allegations stated in paragraph 1 through 14 above as if fully set forth herein.

20.    A fiduciary relationship arose out of the trust and confidence placed by Plaintiff in the superior knowledge, skill and judgment of the Defendants.

21.    Defendants held themselves out as experts in this area and undertook to advise and consult PACA with its needs and concerns, including the negotiation and procurement of the Meridian insurance coverage.

00975777.1

22.    Defendants breached this duty by: (a) failing to use the knowledge, skill, expertise and diligence required in connection with plaintiff's expressed insurance needs; (b) misrepresenting to plaintiff the fact that the insurance coverage purchased by PACA from Meridian to fully insure the PACA Health and Welfare Plan was actually not insurance at all but rather was a self-funded claims account for which Meridian provided only administrative services; (c) failing to use the knowledge, skill, expertise and diligence required in connection with placing PACA's insurance coverage; (d) failing to disclose, discuss and explain that the coverage purchased from Meridian was not full insurance coverage for the Plan but rather was merely a self-funded claims account funded by premiums paid by PACA and its employees and administered, not insured, by Meridian; (e) failing to investigate the financial stability of Meridian; and (f) failing to disclose the financial status of Meridian to PACA.

23.    As a proximate result of said breaches by Defendants, PACA has been damaged.

WHEREFORE, premises considered, PACA demands a judgment against Defendants for compensatory and punitive damages in an amount to be awarded by a jury, plus interest and costs.

<u>COUNT III</u>
<u>WANTONNESS</u>

24.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein.

25.    The above stated actions by the Defendants constitute wanton behavior.

26.    As a proximate result of the wanton behavior by Defendants, plaintiff

-6-

has been damaged.

WHEREFORE, premises considered, plaintiff demands a judgment against Defendants for compensatory and punitive damages to be determined by a jury, plus interest and costs.

### COUNT IV
### FRAUD/SUPPRESSION

27.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein.

28.    Defendants misrepresented to plaintiff the fact that the insurance coverage purchased by PACA from Meridian to fully insure the PACA Health and Welfare Plan was actually not insurance at all but rather was a self-funded claims account for which Meridian provided only administrative services.

29.    Defendants misrepresented to plaintiff that Meridian was a legitimate, financially stable insurer who was able to pay and administer PACA's health claims.

30.    Additionally, the Defendants were the main point of contact between PACA and Meridian and fraudulently suppressed and concealed from PACA: (1) the fact that Meridian had ceased timely paying PACA employee's health benefits claims due to financial problems that Meridian was experiencing; (b ) the fact that Meridian was under investigation by several states for engaging in a fraudulent scheme to sell what employers believed to be insurance coverage for employee health benefit plans which coverage was in reality nothing more than a self-funded claims account; (c) the fact that Meridian was financially unstable and unable to pay PACA'a claims.

31.    These misrepresentations and suppressions were relied upon by plaintiff

-7-

to its detriment.

32.    As a proximate result of these misrepresentations and suppressions, plaintiff has been damaged.

WHEREFORE, premises considered, plaintiff demands a judgment against defendants for compensatory and punitive damages in an amount to be determined by a jury, plus interest and costs.

_Randall S. Haynes_

RANDALL S. HAYNES
HAY006

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
P.O. Box 1660
Alexander City, AL 35010
(256) 329-2000

_W. Percy Badham III_

W. PERCY BADHAM III (416842147)
ROBERT W. TAPSCOTT JR. (416113108)
BRANNON J. BUCK (416115848)

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

Attorneys for Plaintiff PACA, Inc.

00975777.1

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES IN THE ABOVE COMPLAINT.

_____
Of Counsel


Please serve the following defendants by Certified Mail:

Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Charles Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Judy Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

00975777.1

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93    Rev. 5/99 | **COVER SHEET**<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>C V 2005 45 · <br>Date of Filing:<br>Month   Day   Year   Judge Code: |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF ~~TALLAPOOSA COUNTY, ALEXANDER CITY,~~ , **ALABAMA**
*(Name of County)*

PACA, INC. v. CHARLES EHLING; JUDY EHLING; et al.
**Plaintiff** **Defendant**

**First Plaintiff** ☒ Business   ☐ Individual        **First Defendant** ☐ Business   ☒ Individual
☐ Government ☐ Other                            ☐ Government ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☒ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN** (check one):   F ☒ INITIAL FILING       A ☐ APPEAL FROM      O ☐ OTHER: _____
                                                    DISTRICT COURT
                          R ☐ REMANDED             T ☐ TRANSFERRED FROM
                                                    OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☒ YES  ☐ NO    **Note:** Checking "Yes" **does not** constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:** ☒ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

---

ATTORNEY CODE:    3-7-05
HAY006          Date                    _Randall S. Haynes_
                                        Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☐ YES  ☒ NO  ☐ UNDECIDED