IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PACA, INC.; CHARLES EHLING; )<br>JUDY EHLING; AND EHLING )<br>INSURANCE & INVESTMENTS, INC.,)<br>)<br>Plaintiffs, )<br>) CASE NO. 3:06-CV-437-MEF<br>v. )<br>)<br>NATIONAL UNION FIRE )<br>INSURANCE COMPANY, )<br>)<br>)<br>Defendant. ) | |

### PLAINTIFF PACA, INC.'S MOTION TO MODIFY ORDER

COMES NOW Plaintiff PACA, Inc. ("PACA") and moves this Honorable Court to Modify its Order of May 31, 2006. In support of this Motion, PACA states as follows:

1. National Union Fire Insurance Company ("National Union") filed its Notice of Removal on May 15, 2006 removing this action from the Circuit Court of Tallapoosa County, Alabama. On the same day, National Union filed its Motion to Dismiss.

2. On May 31, 2006, this Court entered an Order requiring PACA to file a response, including a brief and any evidentiary materials, to National Union's Motion to Dismiss by June 12, 2006.

3. 28 U.S.C. § 1447(c) grants PACA 30 days within which to file a motion to remand on the basis of any defect in removal other than lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).") Motions to remand on the basis of defects in subject matter jurisdiction

01346399.1

2

may be made at any time before final judgment. *Id.*

4.   PACA intends to file a motion to remand this action based on both defects in subject matter jurisdiction and defects unrelated to subject matter jurisdiction.

5.   As to the latter, the 30-day period afforded by 28 U.S.C. § 1447 has yet to run and, in fact, will not run until June 14, 2006. The Court's May 31st Order, however, requires that PACA file its response to National Union's Motion to Dismiss prior to June 14, 2006.

6.   Therefore, PACA moves this Honorable Court to modify its May 31, 2006 Order with respect to the deadline to respond to National Union's Motion to Dismiss. More specifically, PACA requests that the Court reschedule this deadline for a date fifteen (15) days following the Court's ruling on its Motion to Remand.

7.   This modified date will serve to allow PACA an opportunity to file its Motion to Remand prior to having to respond (unnecessarily, possibly) to National Union's Motion to Dismiss, as well as allowing sufficient time within which to respond to the Motion to Dismiss should PACA's Motion to Remand be denied.

WHEREFORE, Plaintiff PACA, Inc. respectfully requests that this Court enter an Order modifying its May 31, 2006 Order to allow PACA fifteen (15) days after a ruling on its Motion to Remand within which to respond to National Union Fire Insurance Company's Motion to Dismiss.

2

01346399.1

        Respectfully submitted,


        s/ Randall S. Haynes
        RANDALL S. HAYNES
        Counsel for Plaintiff PACA, Inc.

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
P.O. Box 1660
Alexander City, AL 35010
Telephone: (256) 329-2000
Facsimile: (256) 329-2015

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on the following by CM/ECF notification on the date of filing:

Chad Christopher Marchand
Bowron Latta & Wasden PC
PO Box 16046
Mobile, AL 36616
251-344-5151
Fax: 251-344-9696
Email: ccm@bowronlatta.com

Forrest Stephen Latta
Bowron, Latta & Wasden P.C.
Post Office Box 16046
Mobile, AL 36616
(251) 344-5151
Fax: (251) 344-9696
Email: fsl@bowronlatta.com


        s/ Randall S. Haynes
        OF COUNSEL

01346399.1