IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PACA, INC.; CHARLES EHLING; JUDY EHLING; AND EHLING INSURANCE & INVESTMENTS, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION NO. 3:06cv437-DRB<br>)<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Defendant/Garnishee. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER OF DEFENDANT/GARNISHEE <u>NATIONAL UNION FIRE INSURANCE COMPANY</u>**

COMES NOW Plaintiff PACA, Inc. ("PACA") and hereby responds in opposition to the Motion to Dismiss or, In the Alternative, Motion to Transfer ("Motion to Transfer") of Defendant/Garnishee National Union Fire Insurance Company ("National Union"). In support of this Response in Opposition, PACA states as follows:

PACA has filed its Motion to Remand contemporaneous with the filing of this Response in Opposition. The Motion to Remand argues that this action was improperly removed to this Court and is due to be remanded to the Circuit Court of Tallapoosa County. PACA respectfully requests that this Court, for jurisdictional purposes, rule on the Motion to Remand prior to its consideration of National Union's Motion to Transfer.

01348618.1

## I.  SUMMARY OF ARGUMENT

National Union's Motion to Transfer fails for the following reasons:

1. National Union has not invoked a sufficient basis for dismissal or transfer of this action and, even if its arguments could be interpreted as a veiled attempt to do so, it has not met the standards for dismissal and/or transfer. National Union relies heavily on 28 U.S.C. § 1367's grant of supplemental jurisdiction. Under any interpretation, however, such reliance is misguided, as § 1367 does not, under these circumstance, grant the authority to dismiss or transfer an action to another forum.

2. It would be futile to dismiss or transfer this action so that it can be consolidated with another action currently pending in the United States District Court for the Northern District of Florida. Unlike the lawsuits involved in the Florida action, certain factual issues in the present action have already been decided by the Circuit Court of Tallapoosa County, Alabama. National Union was given notice and sufficient opportunity to appear and participate in the proceedings leading up to the decisions, yet chose not to attend or to subsequently file an appeal. The issues of insurance coverage as to the plaintiffs in the Florida action have yet to be ruled upon. National Union has not, because it cannot, cite to any legitimate reason for dismissal or transfer of this action and, therefore, it would be futile to do so.

3. National Union has filed a Motion for Summary Judgment. That motion is currently pending and awaiting decision. Leading up that the filing of the Motion for Summary Judgment, the parties presumably engaged in discovery. To transfer this action to be consolidated with another action in the procedural posture as the one in Florida would unduly and unnecessarily cause PACA to suffer prejudice.

## II. INTRODUCTION AND PROCEDURAL HISTORY

### a. The Underlying Action

On March 4, 2005, PACA filed its Complaint against Charles Ehling, Judy Ehling and Ehling Insurance & Investments, Inc. (collectively, the "Ehling defendants") in the Circuit Court of Tallapoosa County, Alabama. The Complaint alleges that the Ehling defendants approached PACA and offered to assist it with finding an insurance company to insure and administer the health insurance coverage for PACA employees. Upon the Ehling defendants' recommendation, PACA acquired insurance through Meridian Benefits, Inc. ("Meridian"). Meridian eventually failed to pay millions of dollars in health insurance claims made by PACA's employees – costs that PACA was forced to pay itself. PACA's lawsuit against the Ehling defendants sought recovery for those amounts.

On November 14, 2005, the Tallapoosa Circuit Court entered its Order of Judgment (attached hereto as Exhibit A) against the Ehling Defendants. The Order of Judgment, which was signed by the Circuit Court Judge, the Ehling Defendants and counsel for PACA, establishes, among other things, that the Ehling defendants,

> left with no other recourse, in order to reduce their exposure and because they are financially unable to defend themselves, . . . have been forced to enter into an agreement with Plaintiff whereby Defendants consent to a judgment against them in favor of the Plaintiff in exchange for Plaintiff's agreement to collect said judgment only to the extent that Defendants' insurance provides coverage.

*See* Order of Judgment, ¶ 6. Moreover, the Order of Judgment establishes that the Ehling defendants made a claim with their insurance carriers (including National Union) to defend and indemnify them in the present case, and that such insurance carriers refused to do so. *Id.* at ¶¶ 3, 4. The Order of Judgment also set an evidentiary hearing for December 19, 2005 to establish the extent of PACA's monetary damages and required that notice of the same be served on the

3

Ehling defendants' insurance carriers.

On November 15 and 16, 2006, counsel for PACA sent letters to the Ehling defendants' insurance carriers (including National Union) giving notice of the December 19th damages hearing and inviting them to attend. These letters are attached collectively hereto as Exhibit B. Despite being given notice and the opportunity to attend, no representative from the Ehling defendants' insurance carriers, including National Union, chose to appear at the hearing.

On February 21, 2006, the Tallapoosa Circuit Court entered an Order setting forth, among other things, its findings from the December 19th damages hearing.[1] The February 21, 2006 Order is attached as Exhibit C. In particular, the court found that, based on the testimony of Mr. Wayne Stark, PACA's President, the Ehling defendants' wrongful acts caused PACA to suffer damages in the amount of $3,952,227.56. The February 21st Order also found that proper notice of PACA's claims against the Ehling defendants was given to National Union under policy no. 985-88-28. Finally, based upon the testimony and evidence presented, the court made the following findings:

> The Court finds that these damages were incurred as a result of the wrongful acts of the Defendants *during the performance of professional services* in placing Plaintiff's insurance coverage. The Court finds that, as related to Plaintiff's claim, *there were no intentional or malicious acts on the part of the Defendants and that the wrongful acts of the Defendants were negligent acts, errors and omissions*. The Court further finds that Plaintiff paid all outstanding medical claims and expenses and that *the damages assessed here are therefore not employee benefits* but rather reimbursement to Plaintiff for payment of claims and expenses. Finally, the Court notes for the record that Plaintiff experienced claim issues with Meridian, the Plan Administrator, prior to April 2003 when Plaintiff terminated Meridian as the Plan Administrator. Meridian did not file bankruptcy until May 15, 2003. Therefore, *any damages awarded in this case are not based upon the insolvency of Meridian* but rather on Meridian's claims handling abilities prior to its bankruptcy.

---

[1] The November 14, 2005 Order of Judgment and the February 21, 2006 Order are attached to PACA's Amended Complaint as Exhibits A and C, respectively, and, therefore, this Court may properly consider them for purposes of National Union's Motion to Transfer.

4

01348618.1

(emphasis added). National Union received notice of this hearing and had every opportunity to attend, but chose not to do so.

b.     **The Present Action**

On April 12, 2006, PACA and the Ehling defendants[2] filed their Amended Complaint against National Union. The Amended Complaint, which is attached hereto as Exhibit D, asserts a claim under Ala. Code § 27-23-2[3] and, additionally, seeks to garnish the insurance proceeds available to satisfy the judgment entered against the Ehling defendants. On May 15, 2006, National Union removed this action to this Court. On the same day, National Union filed its Motion to Dismiss or, In the Alternative, Motion to Transfer and memorandum in support thereof.

The Motion to Transfer requests that this Court either dismiss the present action or, alternatively, to transfer it to an action National Union refers to as a "parallel action" pending in the U.S. District Court for the Northern District of Florida. In particular, National Union's Motion argues that, because the Florida action was filed before the instant lawsuit (presumably referring to the action instituted by the filing of the Amended Complaint), PACA either (1) somehow fails to state a claim upon which relief may be granted; or (2) the U.S. District Court

---

[2] The Ehling defendants were joined with PACA as party plaintiffs to the Amended Complaint based on the Tallapoosa Circuit Court's holding in the February 21st Order that the Ehling defendants were indispensable parties and that their interests were necessarily aligned with those of PACA for purposes of satisfying the underlying judgment with available insurance proceeds. *See* February 21st Order, ¶ 16.

[3] Section 27-23-2 states as follows:

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

01348618.1

for the Northern District of Florida "has assumed jurisdiction over these instant claims," therefore precluding PACA from bringing this lawsuit. National Union relies on 28 U.S.C. § 1367 as authority for its Motion to Transfer.

    c.    **The Florida Action**

On October 11, 2005, the Ehling defendants filed their Complaint against National Union[4] in the Circuit Court for the Second Judicial Court in and for Leon County, Florida. This lawsuit is referred to hereinafter as the "Florida action." The Complaint alleges that National Union breached its duty to defend the Ehling defendants under policy number 985-88-28 in six lawsuits arising from the sale of Meridian insurance products. National Union removed the action to the U.S. District Court for the Northern District of Florida on November 16, 2005 and counterclaimed for declaratory judgment on January 23, 2006. National Union's counterclaim seeks declaratory relief that the lawsuits against the Ehling defendants arising from the sale of Meridian insurance products are not covered claims under policy number 985-88-28.[5]

On February 28, 2006, National Union filed its Motion for Summary Judgment in the Florida action, asserting various grounds for its argument that it had no duty to defend or indemnify the Ehling defendants in these lawsuits. In particular, National Union makes the following arguments in support of summary judgment:

- The claims made against the Ehling defendants are not covered claims because they arose out of Meridian's insolvency or inability to pay the claims (the "insolvency exclusion");

- The claims made against the Ehling defendants are not covered claims because they arose out of payments due under an employee benefits plan (the "employee benefits exclusion"); and

---

[4] AIG Domestic Claims, Inc. is also named as a defendant to the action.

[5] In addition to the six lawsuits cited by the Ehling defendants, National Union cites two others for which it failed to provide defense or indemnification.

- The claims made against the Ehling defendants are not covered claims because they involve certain excluded "wrongful acts" committed by the Ehling defendants (the "wrongful acts exclusion").[6]

## III. ARGUMENT

### A. National Union Has Not Invoked This Court's Authority to Transfer, Has Cited No Legitimate Reason For Transfer and Has Raised No Basis For Dismissal

What is most striking about National Union's Motion to Transfer is its utter lack of citation to virtually any authority allowing the requested relief; the only exceptions being badly misguided references to 28 U.S.C. § 1367(a) and a case wholly inapposite to the present one. Contrary to National Union's contention, § 1367 *does not* grant a federal court of a foreign state the authority to, as National Union says, automatically "assume jurisdiction" of a lawsuit pending in another federal forum, nor does it give that court "exclusive" jurisdiction on the basis that the two cases involve the "same nucleus of operative facts" – another contention that is erroneous (see below). Furthermore, the only case cited by National Union in support of dismissal or transfer is *Jackson v. Trustmark Nat'l Bank*, an unpublished opinion where the U.S. District Court for the Southern District of Alabama transferred the lawsuit of three plaintiffs to a pending mandatory class action in the Southern District of Mississippi. The opinion offers no factual background or legal guidance to speak of, and the fact that the *Jackson* plaintiffs' lawsuit was transferred because the plaintiffs were found to be part of a mandatory class action provides no support for National Union's argument. The opinion does not even mention § 1367 or supplemental jurisdiction.

Indeed, National Union has not (because it cannot) argue that this action should be transferred under one or more of the legitimate avenues afforded federal civil litigants, whether it be under 28 U.S.C. § 1404, § 1406 or the federal common law doctrine of *forum non*

---

[6] In addition to these grounds, National Union's Counterclaim alleges that the claims made against the Ehling defendants are not covered claims because they do not involve the performance of or failure to perform so-called "professional services" (the "professional services exclusion").

7

*conveniens*.[7] First, National Union makes no argument that venue is improperly-laid. Thus, it has waived any conceivable grounds for transfer pursuant to § 1406. Fed. R. Civ. P. 12(h)(1). Likewise, National Union makes no argument that the requisite factors for transfer under § 1404 or dismissal under the doctrine of *forum non conveniens* are met.

Clearly, the reason for this omission is that the grounds for transfer or dismissal under either of these authorities cannot be met. In *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005), the U.S. Court of Appeals for the Eleventh Circuit recently restated the factors to be considered for a transfer under § 1404:

> Section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

National Union fails to address even one of these factors. Likewise, National Union does not raise or even address the factors relevant to a dismissal under the doctrine of *forum non conveniens*.[8]

In sum, National Union has failed to move under *any* legitimate basis for transfer or dismissal of this action and Section 1367 offers no assistance in this regard. Accordingly,

---

[7] *See Torreblanca de Aguilar v. Boeing Co.*, 806 F. Supp. 139, 145 (E.D. Tex. 1992) ("[A] federal court sitting in a diversity action is required to apply the federal law of *forum non conveniens* when addressing motions to dismiss a plaintiff's case to a foreign forum."); *Northern Indiana Public Service Co. v. Envirotech Corp.*, 566 F. Supp. 362, 364 (N.D. Ind. 1983), ("[B]ecause the issue of a transfer is a question of federal procedure and is covered exclusively by section 1404(a), federal law controls the transferability of a diversity suit.")

[8] In *Membreno v. Costa Crociere S.p.A.*, 425 F.3d 932 (11th Cir. 2005), the Eleventh Circuit enunciated the following factors in considering a motion to dismiss on the basis of *forum non conveniens*:

> The party seeking to have a case dismissed based on *forum non conveniens* "must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice."

*Id.* at 937

01348618.1

National Union's Motion to Transfer is due to be denied.

**B.    It Would Be Futile to Transfer and/or Dismiss the Present Action Because National Union Is Collaterally Estopped From Denying Coverage**

A federal district court may refuse to transfer an action when it would be either futile or unnecessary to do so. *See Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999). Such is the case where, as here, a transfer would serve no purpose whatsoever, as the facts and issues National Union wishes to litigate in Florida have already been decided by the Tallapoosa Circuit Court. Accordingly, National Union's Motion to Transfer is due to be denied.

It is all too transparent that the reason National Union has not attempted to travel under a legitimate federal basis for dismissal or transfer is that, under the circumstances, there is simply not one available to it. As a substitute for a potentially meritorious argument, National Union repeatedly, *and without any factual explanation*, states that the present action and the Florida action are in fact the "same case and controversy," that both actions seek resolution of the same issue – whether PACA is entitled to coverage under National Union's insurance policy, and that proof of these claims will require the same evidence and witnesses. All three contentions are plainly wrong. To the contrary, the present action and the Florida action share virtually no common ground, save that National Union is a party to both.

As an initial matter, National Union's Motion to Transfer offers absolutely no explanation for its blanket statement that this action and the Florida actions are "identical" – a fact that, by itself, warrants denial of the Motion Transfer. ***Indeed, National Union would leave this Court to assume that all eight lawsuits against the Ehling defendants referenced in its Counterclaim and Motion for Summary Judgment all involve the same facts.*** Particularly where, as here, the relevant issues to be decided involve individualized factual determinations for determining insurance coverage, such an assertion is reckless at best. For instance, National

9

01348618.1

Union's bald assertion fails to answer the following questions:

- What legal claims are asserted in each of the lawsuits against the Ehling defendants?

- At what times did these claims arise (*e.g.*, before, during or after Meridian's insolvency)? This question has a bearing on National Union's argument that the "insolvency exclusion" bars coverage.

- What knowledge did the Ehling defendants have with respect to their sale of Meridian products and when? This question is relevant to National Union's argument that the "wrongful acts exclusion" bars coverage.

- Have the other plaintiffs entered into a consent order with the Ehling defendants, like PACA has?

- Have all relevant issues pertaining to coverage already been raised and decided by another court of competent jurisdiction, as they have in PACA's lawsuit against the Ehling defendants?

National Union does not answer these questions for us.

Even assuming for the sake of argument that all eight lawsuits involve the same *factual* underpinnings, National Union fails to address the most distinct characteristic of this action: **pertinent factual issues in the present action have already been decided**, as evidence by the Circuit Court of Tallapoosa's February 21, 2006 Order. In particular, every one of the grounds National Union uses to attempt to avoid coverage by way of its Counterclaim and Motion for Summary Judgment was presented to and ruled upon[9] by the Circuit Court of Tallapoosa County and this ruling is collateral estoppel on all issues presented in the Florida action (at least as it pertains to PACA's claims against the Ehling defendants).[10]

---

[9] Paragraph 15 of the February 21, 2006 Order specifically addresses each of these grounds and holds in favor of coverage.

[10] It is well-established that, in order for the doctrine of collateral estoppel to apply, the following four elements must be established: (1) an issue in a prior action is identical to an issue in the present action; (2) the issue in the prior action was litigated; (3) resolution of such issue was necessary to the prior judgment; and (4) the same parties are involved in the two actions. *Ernst & Young, LLP v. Tucker*, 2006 WL 895234 at * 14 (Ala. 2006) (quoting *Smith v. Union Bank & Trust Co.*, 653 So. 2d 933, 934 (Ala.1995)). All such elements are present here. Indeed, the fact that National Union was not a party to the Underlying action is of no consequence, as it was given abundant

By moving for summary judgment in the Florida action, however, National Union has obviously turned a blind eye toward this Order and the proceedings leading up to its entry. Indeed, National Union's Motion to Transfer conveniently fails to mention the fact that the same issues it wishes to litigate in Florida have already been decided as to PACA's claims against the Ehling defendants. This fact begs the question, then, of what purpose a transfer would serve, except to allow National Union an attempt to take another bite at the apple? If the law permitted such a result, National Union would surely have pointed this Court and PACA to some legal authority holding as much.

To the contrary, the Full Faith and Credit Act requires that federal courts give the same preclusive effect to a state court judgment as that given by another court in that State. *First Alabama Bank of Montgomery v. Parsons Steel, Inc.*, 825 F.2d 1475, 1480 (11th Cir. 1987); 28 U.S.C.A. § 1738 ("Such Acts, records and judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."). Thus, all issues presented to the Circuit Court of Tallapoosa and ruled upon by that court, including those related to the insolvency exclusion, the employee benefits exclusion, the wrongful acts exclusion and the professional services exclusion, are due to be upheld in federal court, whether it be in this Court or in the Florida action.[11]

As such, it would be futile to transfer this action to an another venue so that it can be consolidated with another lawsuit in which these issues have yet to be decided and where a

---

opportunity to first appear to defend the Ehling defendants against claims made by PACA and, then, to contest damages at the December 19th hearing. National Union declined both opportunities and has decided not to file an appeal.

[11] In its Motion to Transfer, National Union does not attack the validity of the consent judgment or the February 21st Order. Indeed, National Union has never contested these orders and did not file an appeal following their entry.

motion summary judgment is currently pending. Accordingly, National Union's Motion to Transfer is due to be denied.

### C. To Grant National Union's Motion to Transfer Would Cause PACA To Suffer Undue Prejudice

National Union has filed a motion for summary judgment in the Florida action and that motion is currently awaiting decision by the District Court judge. Prior to National Union moving for summary judgment, the parties presumably engaged in discovery to bring them to that point. However, PACA has not been a party to that discovery nor has PACA had a chance to participate in the briefing of the summary judgment proceeding. To require that PACA now be thrown into that lawsuit and forced to respond to National Union's summary judgment motion without that benefit would be extremely prejudicial.

In total, although PACA vigorously contends that the present action was *never* due to be transferred to the Florida action, it most certainly cannot be transferred now after National Union has suddenly shown some interest in PACA's claims. As such, National Union's Motion to Transfer is due to be denied because of the undue prejudice it would cause to PACA's prosecution of its claims.

### CONCLUSION

For the foregoing reasons, PACA respectfully requests that this Court enter an Order denying National Union's Motion to Dismiss Or, In the Alternative, Motion to Transfer.

Respectfully submitted, this, the 12th day of June, 2006.

/s/ Randall S. Haynes
Randall S. Haynes
Counsel for Plaintiff PACA, Inc.

01348618.1

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
P.O. Box 1660
Alexander City, AL 35010
(256) 329-2000

## CERTIFICATE OF SERVICE

I hereby certify that the following persons will be served by CM/ECF:

Forrest S. Latta
Chad C. Marchand
Bowron, Latta & Wasden, P.C.
P.O. Box 16046
Mobile, AL 36616
251-344-5151

Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Charles Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Judy Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

13

01348618.1