IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PACA, INC.; CHARLES EHLING; JUDY EHLING; AND EHLING INSURANCE & INVESTMENTS, INC., )<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY,<br><br>Defendant/Garnishee. | CIVIL ACTION NO. 3:06cv437-DRB |

**PLAINTIFFS' MOTION TO REMAND**

COMES NOW Plaintiff PACA, Inc. pursuant to 28 U.S.C. §§ 1332 and 1447, and for its Motion to Remand, states as follows:

### I. INTRODUCTION

1. On March 4, 2005, PACA filed its Complaint against Charles Ehling, Judy Ehling and Ehling Insurance & Investments, Inc. (collectively, the "Ehling defendants") in the Circuit Court of Tallapoosa County, Alabama.

2. The Complaint alleges that the Ehling defendants failed to perform certain professional services relating to obtaining health insurance coverage for PACA employees.

3. On November 14, 2005, the Circuit Court entered its Order of Judgment (attached hereto as Exhibit A) against the Ehling Defendants. The Order of Judgment, which was signed by the Circuit Court Judge, the Ehling Defendants and counsel for PACA, establishes that the Ehling defendants,

> left with no other recourse, in order to reduce their exposure and because

01348660.1

> they are financially unable to defend themselves, . . . have been forced to enter into an agreement with Plaintiff whereby Defendants consent to a judgment against them in favor of the Plaintiff in exchange for Plaintiff's agreement to collect said judgment only to the extent that Defendants' insurance provides coverage.

*See* Order of Judgment, ¶ 6. Moreover, the Order of Judgment establishes that the Ehling defendants made a claim with their insurance carriers (including National Union) to defend and indemnify them in the present case, and that such insurance carriers have failed and refused to so. The Order of Judgment also set an evidentiary hearing for December 19, 2005 to establish the extent of monetary damages and required that notice of the same be served on the Ehling defendants' insurance carriers.

4.  On November 15 and 16, 2006, counsel for PACA sent letters to the Ehling defendants' insurance carriers (including National Union) giving notice of the December 19th damages hearing and inviting them to attend. These letters are attached collectively hereto as Exhibit B. Despite being given notice and the opportunity to attend, no representative from the Ehling defendants' insurance carriers, including National Union, chose to appear at the hearing.

5.  On February 21, 2006, the Circuit Court entered an Order setting forth, among other things, its findings as to the December 19th damages hearing. The February 21, 2006 Order is attached as Exhibit C. After hearing evidence and testimony, the court found that the Ehling defendants' wrongful acts caused PACA to suffer damages in the amount of $3,952,227.56. The February 21st Order also found that proper notice of PACA's claim against the Ehling defendants was given to National Union under policy no. 985-88-28. Finally, based upon the evidence and testimony presented, the court made the following findings:

> The Court finds that these damages were incurred as a result of the wrongful acts of the Defendants during the performance of professional services in placing Plaintiff's insurance coverage. The Court finds that, as related to Plaintiff's claim, there were no intentional or malicious acts on

the part of the Defendants and that the wrongful acts of the Defendants were negligent acts, errors and omissions. The Court further finds that Plaintiff paid all outstanding medical claims and expenses and that the damages assessed here are therefore not employee benefits but rather reimbursement to Plaintiff for payment of claims and expenses. Finally, the Court notes for the record that Plaintiff experienced claim issues with Meridian, the Plan Administrator, prior to April 2003 when Plaintiff terminated Meridian as the Plan Administrator. Meridian did not file bankruptcy until May 15, 2003. Therefore, any damages awarded in this case are not based upon the insolvency of Meridian but rather on Meridian's claims handling abilities prior to its bankruptcy.

6. On April 12, 2006, PACA and the Ehling defendants[1] filed their Amended Complaint against National Union. The Amended Complaint, which is attached hereto as Exhibit D, asserts a claim under Ala. Code § 27-23-2[2] and seeks to garnish the insurance proceeds available to satisfy the judgment entered against the Ehling defendants.

7. On May 15, 2006, National Union removed this action to this Court. The Notice of Removal argues that federal subject matter jurisdiction exists on the grounds of diversity of citizenship (§ 1332) and supplemental jurisdiction (§ 1367). In particular, National Union asserts that, because it is a corporate resident of the State of Pennsylvania, and because Plaintiffs

---

[1] The Ehling defendants were joined with PACA as party plaintiffs to the Amended Complaint based on the Circuit Court's holding in the February 21st Order that the Ehling defendants were indispensable parties and that their interests were necessarily aligned with those of PACA for purposes of satisfying the underlying judgment with available insurance proceeds. *See* February 21st Order, ¶ 16.

[2] Section 27-23-2 states as follows:

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

01348660.1

PACA and the Ehling defendants are residents of Alabama and Florida, respectively, diversity of citizenship exists.

## II.    ARGUMENT

This action is due to be remanded pursuant to 28 U.S.C. §§ 1332 and 1447 on the grounds that diversity of citizenship does not exist between the parties and on the basis of abstention.

### 1.    Diversity of Citizenship Does Not Exist Between the Parties

28 U.S.C. § 1332(c)(1) states that "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined *as a party-defendant*, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . ." 28 U.S.C. § 1332(c)(1) (emphasis added). First, this action is a direct action against National Union. *See Wheelwright Trucking Co. v. Dorsey Trailers, Inc.*, 158 F. Supp. 2d 1298 (M.D. Ala. 2001) ("The diversity statute (§ 1332) is strictly construed, and under the modern trend, a "direct action" can include post-judgment garnishments brought by a judgment creditor against the judgment debtor's commercial insurer.").[3]

Second, § 1332(c)(1) states that **in a direct action where the insured is not joined as a party-defendant**, then the insurer shall be deemed to be a citizen of the state where the insured is a citizen. The Ehlings have not been joined as party-defendants but, instead, as *party-plaintiffs* per the Circuit Court of Tallapoosa's February 21st Order. *See* February 21st Order, ¶ 16. Thus, by the plain language of § 1332(c)(1), the citizenship of National Union (the insurer) is deemed to be that of the Ehlings (the insureds).

The Ehlings, now realigned as plaintiffs, are citizens of Florida. Thus, National Union is,

---

[3] Like PACA, Wheelwright brought a writ of garnishment under Ala. Code §§ 6-6-370 *et seq.* and 27-23-2. The U.S. District Court for the Middle District of Alabama explicitly stated that "[t]hese are direct action statutes."

pursuant to § 1332, also deemed a citizen of Florida. Because the Ehlings, as Florida citizens, are *party-plaintiffs* to the Amended Complaint and National Union, also deemed a Florida citizen, is a party-defendant to the Amended Complaint, diversity of citizenship does not exist. Accordingly, this action is due to be remanded to the Circuit Court of Tallapoosa County.

### 2. This Court Should Exercise Its Discretion to Abstain or Stay This Proceeding

Even assuming, *arguendo*, that there is diversity of citizenship -- which there is not -- this Court should exercise its discretion to abstain or stay the current proceeding in favor of its original state court venue and PACA's chosen forum. In discussing a federal court's discretionary power to abstain, the United States Supreme Court has noted that:

> Although a federal equity court does have jurisdiction of a particular proceeding, it may, in its sound discretion, whether its jurisdiction is invoked on the ground of diversity of citizenship or otherwise, 'refuse to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest,' for it 'is the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy.

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 724 (U.S. 1996) (quoting *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)). In this respect, the Court must consider "the federal interests in retaining jurisdiction over the dispute and the competing concern for the 'independence of state action,' that the State's interests are paramount and that a dispute would be best adjudicated in a state forum." *Id.* at 728 (citations omitted).[4]

In the present case, the State of Alabama has a significant interest in both preventing the

---

[4] *See also Quackenbush*, 517 U.S. at 718 (U.S. Supreme Court decisions on abstention "'reflect a doctrine of abstention appropriate to our federal system, whereby the federal courts, 'exercising a wise discretion,' restrain their authority because of 'scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary. This use of equitable powers is a contribution of the courts in furthering the harmonious relation between state and federal authority without the need of rigorous congressional restriction of those powers.'") (citations omitted).

wrongful conduct committed by the Ehlings, as well as providing full recompense for PACA's injuries. In addition, this matter raises issues of state insurance law, an industry closely regulated by the State of Alabama. Finally, the Circuit Court of Tallapoosa County is most familiar with the facts of the underlying lawsuit, as it was that court which heard the evidence and decided the factual questions raised in the underlying proceeding.

In addition, this Court is vested with the discretion to abstain from hearing this action – which is, in essence, a declaratory judgment action – based on the principals enumerated in *Angora Enterprises, Inc. v. Condominium Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 388 (11th Cir. 1986).

> Although Fed. R. Civ. P. 57 specifically provides that the existence of "another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate," a court, "in the exercise of the discretion that it always has in determining whether to give a declaratory judgment, may properly refuse declaratory relief if the alternative remedy is better or more effective." 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d*, § 2758 at 621-23.
>
> Unnecessary interference with state court litigation should be avoided. The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise would be presented in a state action.

*Brillart v. Excess Insurance Co. of America*, 316 U.S. 491, 495 (1942). Based on these principals, this Court has the authority and the discretion to abstain from hearing this action and remand it to the Circuit Court of Tallapoosa County.

For all of these reasons, this Court should remand this case back to the Circuit Court of Tallapoosa County and abstain from exercising jurisdiction over the action.

WHEREFORE, PACA respectfully requests that this Court enter an Order remanding this action to the Circuit Court of Tallapoosa County, Alabama, Alexander Division.

01348660.1

Respectfully submitted, this, the 12th day of June, 2006.

/s/ Randall S. Haynes
Randall S. Haynes
Counsel for Plaintiff PACA, Inc.

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
P.O. Box 1660
Alexander City, AL 35010
(256) 329-2000

## CERTIFICATE OF SERVICE

I hereby certify that the following persons will be served by CM/ECF:

Forrest S. Latta
Chad C. Marchand
Bowron, Latta & Wasden, P.C.
P.O. Box 16046
Mobile, AL 36616
251-344-5151

Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Charles Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Judy Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571