**IN THE CIRCUIT COURT**
**OF TALLAPOOSA COUNTY, ALABAMA**
**ALEXANDER CITY DIVISION**

| | |
|---|---|
| PACA, INC.; CHARLES EHLING; JUDY EHLING; AND EHLING INSURANCE & INVESTMENTS, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) **CIVIL ACTION NO. CV-05-45** |
| NATIONAL UNION FIRE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## AMENDED COMPLAINT

Come now PACA, Inc. ("PACA") in the above-styled case, and Charles Ehling,

Judy Ehling and Ehling Insurance & Investments, Inc. as realigned party plaintiffs, and

for their Amended Complaint against National Union Fire Insurance Company

("National Union") state as follows:

## I. PARTIES

1.      Plaintiff PACA is an Alabama corporation with its principal place of

business in the State of Alabama.

2.      Plaintiff Ehling Investments, Inc. ("Ehling Investments") is a corporation

organized and existing in the State of Florida with its principal place of business in the

State of Florida. Plaintiffs Charles and Judy Ehling ("Ehlings") are individuals residing

in the State of Florida. The Ehlings are the owners of Ehling Investments. The Ehlings

are insurance agents/brokers who purported to assist PACA in obtaining health

insurance benefits coverage for its employees through Meridian Benefits, Inc.



EXHIBIT
"B"

("Meridian"). The Ehlings and Ehling Investments will be collectively referred to hereinafter as the "Ehling Plaintiffs."

3.      Defendant/Garnishee National Union is a corporation incorporated under the laws of the State of Pennsylvania and doing business by agent in the State of Alabama. National Union provided Agent's Errors & Omissions insurance coverage for the Ehling Plaintiffs.

4.      This matter is not removable to federal court under either 28 U.S.C. § 1331 or § 1332. First, no federal question is implicated by this action. Second, there is not diversity of citizenship between the parties. Section 1332(c) states that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen[.] This action is a direct action against National Union. Furthermore, pursuant to this Court's order the Ehling Plaintiffs have been joined as realigned party plaintiffs, as is the proper course in an action where, as here, such parties have a vested interest in having the judgment against them satisfied by available insurance proceeds. *See Chicago Title Ins. Co. v. American Guaranty and Liability Ins. Co.*, 892 So. 2d 369 (Ala. 2004) (construing § 27-23-2 as requiring joinder of both the insurer and the insured in a direct action under that statute); *Davis v. Carey*, 149 F. Supp. 2d 593 (S.D. Ind. 2001) (proper alignment in garnishment action against an insurer is plaintiff, insured v. insurer); *Boston v. Titan Indemnity Co.*, 34 F. Supp. 2d 419 (S.D. Miss. 1999) (same). Because the Ehling Plaintiffs, who are citizens of the State of Florida, have not been joined as party-defendants, but as party plaintiffs, § 1332 makes National Union a citizen of the State of

01321966.1

Florida for purposes of th... action.  With the Ehling Plaintiffs and Defendant/Garnishee National Union both Florida citizens, there is not diversity between the parties and, therefore, this action is not removable.

## II. FACTS

5.      PACA is a wholly-owned subsidiary of Skilstaf, a professional employer organization, often described as an employee leasing company.

6.      On March 4, 2005, PACA filed its Complaint against the Ehling Plaintiffs.  The Complaint alleges, among other things, that the Ehling Plaintiffs failed to competently fulfill their duties and responsibilities as PACA's insurance agents/brokers.

7.      On November 14, 2005, this Court entered a judgment against the Ehling Plaintiffs and in favor of PACA.  *See* Order of Judgment, attached as Exhibit A.

8.      In addition, the November 14th Order set a hearing on damages for December 19, 2005.  The Court required that notice of the December 19th damages hearing and of the November 14th Order be served on the Ehling Plaintiffs' insurance carriers to allow them the opportunity to participate, if they so chose.

9.      On November 15 and 16, 2005, counsel for PACA served the requisite notice on the Ehling Plaintiffs' insurers.  *See* Notice Letters, attached collectively as Exhibit B.  Despite being given notice and the opportunity to appear, no representative from any insurer appeared at the December 19th hearing.

10.     Evidence presented at the December 19th hearing included the testimony of Mr. Wayne Stark, President of PACA, relating to the amount of damages the Ehling Plaintiffs caused PACA to suffer.

-3-

01321966.1

11.    Based on this and the other evidence presented at the December 19th hearing, this Court entered a judgment in favor of PACA on February 21, 2006 in the amount of $3,952,227.56. *See* February 21st Order, attached as Exhibit C.

12.    No appeal was taken from the Court's February 21, 2006 Order.

## COUNT I
### Garnishment

13.    Plaintiff repeats and reavers paragraphs 1 through 12 above as if fully set forth herein.

14.    On February 21, 2006 this Court entered final judgment in favor of PACA and against the Ehling Plaintiffs in the amount of $3,952,227.56.

15.    The Ehling Plaintiffs and National Union are parties to that certain "Agent's Errors & Omissions" insurance contract, policy number 985-88-28.

16.    Monies under said insurance contract are due and owing PACA by virtue of this Court's November 14, 2005 and February 21, 2006 Orders.

17.    Said monies are in the possession of and/or under the control of Defendant/Garnishee National Union.

18.    Said monies are subject to garnishment. *See* Process of Garnishment, attached as Exhibit D.

WHEREFORE, premises considered, PACA demands satisfaction of the judgment entered against the Ehling Plaintiffs.

## COUNT II
### Ala. Code § 27-23-2

19.    Plaintiff repeats and realleges the allegations stated in paragraph 1

-4-

through 18 above as if fully set forth herein.

20.     On February 21, 2006 this Court entered final judgment in favor of PACA and against the Ehling Plaintiffs in the amount of $3,952,227.56.

21.     The Ehling Plaintiffs were insured against such loss or damage under insurance contract no. 98188-28.

22.     PACA, as judgment creditor, is entitled to have the insurance money provided for under said contract of insurance applied to the satisfaction of the final judgment entered in its favor and against the Ehling Plaintiffs on February 21, 2006.

23.     Said judgment was not satisfied within 30 days after the date it was entered.

WHEREFORE, premises considered, PACA demands satisfaction of the judgment entered against Defendants.


_Randall S. Haynes_
RANDALL S. HAYNES
Counsel for Plaintiff PACA, Inc.


OF COUNSEL:

MORRIS, HAYNES & HORNSBY
P.O. Box 1660
Alexander City, AL 35011
(256) 329-2000


-5-

01321966.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on the following by depositing a copy of same in the United States Mail, properly addressed and first-class postage prepaid, this ___ day of _____ April _____, 2006:

National Union Fire Insurance Company
175 Water Street, 4th Floor
New York, NY 10038

Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Charles Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Judy Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

OF COUNSEL

-6-

01321966.1

# EXHIBIT A

IN THE CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

PACA, INC.,                                )
                                           )
      Plaintiff,                        )
                                           )
vs.                                        )    Civil Action No. CV-05-45
                                           )
CHARLES EHLING, JUDY EHLING,               )
AND EHLING INSURANCE &                      )
INVESTMENTS, INC.                          )
                                           )
      Defendants.                       )

## ORDER OF JUDGMENT

Based upon the consent of Plaintiff PACA, Inc. ("PACA") and Defendants Charles

Ehling, Judy Ehling, and Ehling Insurance & Investments, Inc., the Court hereby makes the

following findings:

1.    PACA is the Plaintiff in this action against Defendants.

2.    PACA filed this action on March 4, 2005.

3.    Defendants made a claim with their insurance carriers to defend and indemnify

them in the present case.

4.    Defendants' insurance carriers have failed and refused to defend and indemnify

Defendants in this action.

5.    As a result, Defendants do not have the financial ability to defend themselves in

the present suit.

6.    Consequently, but with no other recourse, in order to reduce their exposure and

because they are financially unable to defend themselves, Defendants have been forced to enter

into an agreement with Plaintiff whereby Defendants consent to a judgment against them in favor

of the Plaintiff in exchange for Plaintiff's agreement to collect said judgment only to the extent that Defendants' insurance provides coverage.

7.     Defendants are not, by virtue of this judgment, admitting to any intentional wrongdoing.

Based upon the foregoing, it is hereby ORDERED that judgment be entered against the Defendants and in favor of the Plaintiff. The amount of said judgment shall be determined by this Court, after presentation of evidence by the Plaintiff, at a hearing to be held on _12-19_ *at 9Am*, 2005. This Order and notice of said hearing shall be served upon Defendants' insurance companies to allow them the opportunity to participate if they so choose.

DONE AND ORDERED this _14th_ day of _November_, 2005.

_1-15-05_
_Copies Attorney of Record_

_____
Circuit Judge
Circuit Court of Tallapoosa County, Alabama.

_____
Charles Ehling

_____
Judy Ehling

_____
Charles Ehling, on behalf of, and as principal of
Ehling Investments, Inc.

_____
Judy Ehling, on behalf of, and as principal of Ehling
Investments, Inc.

01247649.1                                          2

_Randall S. Haynes_
Randall S. Haynes
Attorney for Plaintiff

OF COUNSEL:

MORRIS, HAYNES & HORN, BY
P.O. Box 1660
Alexander City, AL 35010
(256) 329-2000

_W. Percy Badham III_    _by R.S.H._
W. Percy Badham III    _with express permission_
Attorneys for Plaintiff PACA, Inc.

OF COUNSEL:

Robert W. Tapscott, Jr.
Brannon J. Buck
MAYNARD, COOPER, & GALE
1901 6th Avenue North
Suite 2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

01247649.1    - 3 -

# EXHIBIT B

MORRIS. HAYNES & HORNSBY
ATTORNEYS AT LAW

LARRY W. MORRIS, P.C.
RANDALL S. HAYNES, P.C.
CLAY HORNSBY, P.C.
NANCY L. EADY
JEREMY KNOWLES
M. TODD WHEELES
EMILY H. NELSON

REPLY TO:
131 MAIN STREET
P.O. BOX 1660
ALEXANDER CITY, ALABAMA 35011-1660
TELEPHONE (256) 329-2000
FACSIMILE (256) 329-2015

BIRMINGHAM OFFICE:
3500 COLONNADE PARKWAY
SUITE 100
BIRMINGHAM, ALABAMA 35243

TELEPHONE (205) 324-4008
FACSIMILE (205) 324-0803
Email: chornsby@mhhlaw.net

November 16, 2005

AIG Technical Service, Inc.
Attention: Andy Ritchie
1750 Water Street
New York, NY 10038

RE:   PACA, Inc. V. Charles Ehling, Judy Ehling, Ehling Insurance and
      Investments, Inc.
      In the Circuit Court of Tallapoosa County, Alabama
      Civil Action No. CV-0  -45
      Policy Periods: 2200  to January 2002, January 2004 to January 2005, and
      January 2005 to January 2006

To whom it may concern:

       Please forward the enclosed Court Order to the appropriate insurers for Ehling
Insurance and Investments, Inc., Charles Ehling and/or Judy Ehling as well as affiliated
entities.  Our firm representing the Plaintiff in the above-styled case.  Please find
enclosed a copy of a judgment entered against your insured and in favor of the Plaintiff.
Pursuant to the Court's Order, we are sending you notice of this Order and notice of a
hearing to be held on damages on December 19, 2005, at 9:00 a.m.

       Please contact me by telephone and/or facsimile to confirm receipt of this
important court document.

                                    Yours truly,

                                    RANDALL S. HAYNES

RSH/cc
Enclosure

cc:    Aon Assoication Serv :es, Inc.
       Plan Administrator
       159 E. County Line R:ad
       Hatboro, PA 19040

       Charles Ehling
       4848 W. Spencer Fle :l Road
       Pace, Florida 32571

MORRIS. HAYNES & HORNSBY
ATTORNEYS AT LAW

LARRY W. MORRIS, P.C.
RANDALL B. HAYNES, P.C.
CLAY HORNSBY, P.C.
NANCY L. EADY
JEREMY KNOWLES
M. TODD WHEELES
EMILY H. NELSON

REPLY TO:
131 MAIN STREET
P.O. BOX 1660
ALEXANDER CITY, ALABAMA 35011-1660
TELEPHONE (256) 329-8000
FACSIMILE (256) 329-8015

BIRMINGHAM OFFICE:
3800 COLONNADE PARKWAY
SUITE 100
BIRMINGHAM, ALABAMA 39243

TELEPHONE (205) 324-4008
FACSIMILE (205) 324-0003
Email: chornsby@mhhlaw.net

DIRECT DIAL:
(256) 329-2742
Email: rhaynes@morrishaynesandhornsby.com

November 15, 2005

VIA U.S. MAIL

National Union Fire Insurance Company
Attn: Arthur Gorodess
175 Water Street, 4th Floor
New York, NY 10038

Re:   PACA, Inc. v. Charles Ehling, Judy Ehling, Ehling Insurance
      and Investments, Inc.
      In the Circuit Court of Tallapoosa County, Alabama
      Civil Action No. CV-05-45
      Agents' Errors & Omissions Insurance Policy Number 985-88-28
      Customer Number 210214000
      Policy Period: January 1, 2003 to January 1, 2004

To whom it may concern:

Our firm represents the Plaintiff in the above-styled case. Please find enclosed a copy of a judgment entered against your insured and in favor of the Plaintiff. Pursuant to the Court's Order, we are sending you notice of this Order and notice of a hearing to be held on damages on December 19, 2005.

If you have any questions, please do not hesitate to give me a call. Thank you for your consideration.

Yours truly,

Randall S. Haynes

cc:   Aon Association Services, Inc.

01259951.1

November 15, 2005
**Page 2**

cc:     Aon Association Services, Inc.
        **Plan Administrator**
        159 E. County Line Road
        Hatboro, PA 19040

        Charles Ehling
        4848 W. Spencer Field Road
        Pace, Florida 32571

01259951.1

MORRIS, HAYNES & HORNSBY
ATTORNEYS AT LAW

LARRY W. MORRIS, P.C.
RANDALL S. HAYNES, P.C.
CLAY HORNSBY, P.C.
NANCY L. EADY
JEREMY KNOWLES
M. TODD WHEELES
EMILY H. NELSON

REPLY TO:
131 MAIN STREET
P.O. BOX 1660
ALEXANDER CITY, ALABAMA 35011-1660
TELEPHONE (256) 329-2000
FACSIMILE (256) 329-2015

BIRMINGHAM OFFICE
3800 COLONNADE PARKWAY
SUITE 100
BIRMINGHAM, ALABAMA 35243

TELEPHONE (205) 324-4008
FACSIMILE (205) 324-0803
Email: chornsby@mhhlaw.net

DIRECT DIAL:
(256) 329-2742
Email: rhaynes@morrishaynesandhornsby.com

November 15, 2005

**VIA U.S. MAIL**

Westport Insurance Corporation
Professional Liability Claims
P.O. Box 2991
Overland Park, KS 66201

Re:    PACA, Inc. v. Charles Ehling, Judy Ehling, Ehling Insurance and
       Investments, Inc.
       In the Circuit Court of Tallapoosa County, Alabama
       Civil Action No. CV-05-45
       Professional Liability Insurance Policy Number LEO-59633
       Policy Period: March 1, 2002 to December 31, 2002

To whom it may concern:

Our firm represents the Plaintiff in the above-styled case. Please find enclosed a copy of a judgment entered against your insured and in favor of the Plaintiff. Pursuant to the Court's Order, we are sending you notice of this Order and notice of a hearing to be held on damages on December 19, 2005.

If you have any questions, please do not hesitate to give me a call. Thank you for your consideration.

Yours truly,

Randall S. Haynes

01259914.1

November 15, 2005
Page 2

WAS

cc:     Aon Association Services, Inc.
        **Plan Administrator**
        159 E. County Line Road
        Hatboro, PA 19040

        Charles Ehling
        4848 W. Spencer Field Road
        Pace, Florida 32571

81259876.1

MORRIS, HAYNES & HORNSBY
ATTORNEYS AT LAW

LARRY W. MORRIS, P.C.
RANDALL S. HAYNES, P.C.
CLAY HORNSBY, P.C.
NANCY L. EADY
JEREMY KNOWLES
M. TODD WHEELES
EMILY H. NELSON

REPLY TO:
131 MAIN STREET
P.O. BOX 1660
ALEXANDER CITY, ALABAMA 35011-1660
TELEPHONE (256) 329-2000
FACSIMILE (256) 329-2015

BIRMINGHAM OFFICE:
3800 COLONNADE PARKWAY
SUITE 100
BIRMINGHAM, ALABAMA 35243

TELEPHONE (205) 324-4008
FACSIMILE (205) 324-0803
Email: chornsby@mhhlaw.net

DIRECT DIAL:
(256) 329-2742
Email: rhaynes@morrishaynesandhornsby.com

November 15, 2005

VIA U.S. MAIL

Employers Reinsurance Corporation
Professional Liability Claims
P.O. Box 2991
Overland Park, KS 66201

Re:   PACA, Inc. v. Charles Ehling, Judy Ehling, Ehling Insurance and
      Investments, Inc.
      In the Circuit Court of Tallapoosa County, Alabama
      Civil Action No. CV-05-45
      Professional Liability Insurance Policy Number Leo-59633
      Policy Period: December 1, 2000 to January 1, 2002

To whom it may concern:

       Our firm represents the Plaintiff in the above-styled case. Please find enclosed a copy of
a judgment entered against your insured and in favor of the Plaintiff. Pursuant to the Court's
Order, we are sending you notice of this Order and notice of a hearing to be held on damages on
December 19, 2005.

       If you have any questions, please do not hesitate to give me a call. Thank you for your
consideration.

                                          Yours truly,

                                          Randall S. Haynes

                                          Randall S. Haynes

01259876.1

November 15, 2005
Page 2

WAS

cc:     Aon Association Services, Inc.
        **Plan Administrator**
        159 E. County Line Road
        Hatboro, PA 19040

        Charles Ehling
        4848 W. Spencer Field Road
        Pace, Florida 32571

# EXHIBIT C

IN THE CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

|  |  |  |
|---|---|---|
| PACA, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-05-45 |
| | ) | |
| CHARLES EHLING, JUDY EHLING, | ) | |
| AND EHLING INSURANCE & | ) | |
| INVESTMENTS, INC. | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER

This matter is before the Court for a determination of damages to be established on a judgment entered by this Court on November 14, 2005. The Court hereby makes the following findings:

1.    PACA is the Plaintiff in this action against Defendants.

2.    PACA filed this action on March 4, 2005.

3.    Defendants made a claim with their insurance carriers to defend and indemnify them in the present case.

4.    Defendants' insurance carriers failed and refused to defend and indemnify Defendants in this action.

5.    As a result, Defendants did not have the financial ability to defend themselves in the present suit.

6.    Consequently, left with no other recourse, in order to reduce their exposure and because they were financially unable to defend themselves, Defendants were forced to enter into an agreement with Plaintiff whereby Defendants consented to a judgment against them in favor

of the Plaintiff in exchange for Plaintiff's agreement to collect said judgment only to the extent that Defendants' insurance provides coverage.

7.    Defendants did not, by virtue of this judgment, admit to any intentional wrongdoing.

8.    Based upon the above, on November 14, 2005, this Court entered judgment against the Defendants and in favor of the Plaintiff and set a hearing for December 19, 2005 to determine damages and the amount of said judgment.

9.    In its November 14, 2005 Order, this Court required that said order and notice of the December 19, 2005 hearing be served upon Defendants' insurance companies to allow them the opportunity to participate if they so chose.

10.    Said notice was given as evidenced by the letters attached hereto as Exhibit A.

11.    Despite being given notice and the opportunity to appear, no representative from any of the Defendants' insurance companies appeared at the December 19 hearing.

12.    The Court finds that Defendants gave proper notice of this claim to National Union, under policy no. 985-88-28 for the policy period 1/05 to 1/06, as evidenced by the letter from Defendants attached hereto as Exhibit B. There could be other policies and policy periods implicated and/or applicable to this claim as well but the Court was only presented evidence relating to the policy period 1/05 to 1/06.

13.    The Court heard extensive testimony from Mr. Wayne Stark, President of PACA, the Plaintiff in this case, relating to the damages suffered by the Plaintiff as a result of Defendants' wrongful conduct.

14.    Based upon the testimony of Mr. Stark and the other evidence presented by the Plaintiff, this Court hereby enters judgment in favor of the Plaintiff and against all Defendants, jointly and severally, in the amount of $3,952,227.56.

01297530.1

15.    The Court finds that these damages were incurred as a result of the wrongful acts of the Defendants during the performance of professional services in placing Plaintiff's insurance coverage.   The Court finds that, as related to Plaintiff's claim, there were no intentional or malicious acts on the part of the Defendants and that the wrongful acts of the Defendants were negligent acts, errors and omissions.   The Court further finds that Plaintiff paid all outstanding medical claims and expenses and that the damages assessed here are therefore not employee benefits but rather reimbursement to Plaintiff for payment of claims and expenses.   Finally, the Court notes for the record that Plaintiff experienced claim issues with Meridian, the Plan Administrator, prior to April 2003 when Plaintiff terminated Meridian as the Plan Administrator.   Meridian did not file bankruptcy until May 15, 2003.   Therefore, any damages awarded in this case are not based upon the insolvency of Meridian but rather on Meridian's claims handling abilities prior to its bankruptcy.

16.    As a result of circumstances surrounding the entry of this judgment and the actual entry of this judgment against Defendants, the Court finds that the Plaintiff and the Defendants now have a common interest, at least in regard to any insurance coverage that may be applicable to the claims and judgment in this case.   Therefore, to the extent any relief is sought against Defendants' insurers, the Plaintiff and Defendants in this case shall be deemed to be realigned as Plaintiffs.   Moreover, the Court finds that the Defendants and/or Realigned Plaintiffs are clearly indispensable, real parties in interest as to any action against their insurers based upon their desire to have the judgment entered against them satisfied with insurance proceeds.

2-24-06
Attorney of Record
Deft.

_____        2-21-06
Circuit Court Judge of Tallapoosa County, Alabama

01297530.1                                    - 3 -

# ATTACHMENT D

| State of Alabama Unified Judicial System | PROCESS OF GARNISHMENT | Case Number |
|---|---|---|
| Form C-21 (Front)    Rev. 10/99 | | CV-05-45 |

| IN THE | Circuit | COURT OF | Tallapoosa | COUNTY, ALABAMA |
|---|---|---|---|---|

| NAME AND ADDRESS OF PLAINTIFF (Person Asserting Claim) | NAME AND ADDRESS OF DEFENDANT (Person Whose Property is |
|---|---|
| PACA, Inc. | Subject to Garnishment) |
| Please direct all correspondence or papers to attorney for plaintiff | Ehling Insurance and Investments, et al. |
| at the address shown below.. | 3163 Benton Boulevard |
| | Pace, FL 32571 |

| NAME AND ADDRESS OF ATTORNEY FOR PLAINTIFF | DATE OF | | |
|---|---|---|---|
| Randall S. Haynes | JUDGMENT    February 21, 2005 | | |
| P.O. Box 1660 | JUDGMENT AMOUNT: | $ | 3,952,227.56 |
| Alexander City, AL 35010 | COSTS: | $ | |

| NAME AND ADDRESS OF GARNISHEE | LESS CREDIT: | $ | |
|---|---|---|---|
| National Union Fire Insurance Company | OTHER: | $ | |
| 175 Water Street, 4th Floor | TOTAL: | $ | 3,952,227.56 |
| New York, NY 10038 | | | |

### AFFIDAVIT

A.   I make oath that I have obtained the above judgment and believe the named garnishee is or will be indebted to the named defendant or has or will have effects of the defendant when the garnishee's control, etc. I believe that a Process of Garnishment against the garnishee is necessary to obtain satisfaction of the judgment.

B.   If the garnishment is for wages, salary or other compensation, I further make oath that the amount to be withheld must be:
☐ 25% of disposable earnings for the week    the amount by which disposable earnings for the week exceed 30 times the federal minimum hourly wage in effect at the time the earnings are    payable, WHICHEVER IS LESS.
☐ 20% of disposable earnings for the week    the amount by which disposable earnings for the week exceed 50 times the federal minimum hourly wage in effect at the time the earnings are    payable, WHICHEVER IS LESS, which amount is in compliance with the instructions on the reverse side of this form.

C.   I hereby request disbursement of amounts periodically paid into court pursuant to this garnishment.

Sworn to and subscribed before me this
_____ day of April 12 , 2005

_____        _____
Notary Public/Clerk (Signature)        Affiant/Attorney (Signature)    Randy Haynes

### WRIT OF GARNISHMENT

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:
You are hereby commanded to serve Process of Garnishment on the GARNISHEE, | National Union Fire Insurance Company |
and a copy on the defendant, (s) Charles Ehling, | by Ehling, Ehling Insurance & Investments, Inc. | and make proper return to this court.
NOTICE TO DEFENDANT: READ THE IMPORTANT INFORMATION ON THE BACK OF THIS FORM (Regarding Your Rights)
NOTICE TO GARNISHEE: YOU ARE THE GARNISHEE IN THE ABOVE ACTION.

You must complete and file the enclosed Answer form within thirty (30) days from service of process. If you fail to file an Answer, the plaintiff can proceed to judgment against you for the amount of the claim, plus costs. Mailing the Notarized Answer Form to the clerk of the court at the address below constitutes making a proper appearance in the court. YOU MUST ANSWER:
(1) whether you are or were indebted to the defendant at the time you received this process, or when you make your answer, or during the intervening time, or
(2) whether you will be indebted to the defendant in the future by existing contract, or
(3) whether by existing contract you are liable to the defendant for the delivery of personal property or for the payment of money, or
(4) whether you have in your possession or control, money or effects belonging to the defendant.

You are commanded to retain the amount indicated above wages, salary or other compensation due or which will become due to the defendant for such period of time as is necessary to accumulate the sum of $ | $1,000,000.00 | (judgment and costs). You are required, after a period of 30 days from the first retention of any sum from the defendant's wages, salary, or other compensation, to begin paying the moneys withheld into court as they are deducted or withheld and continue to do so on a monthly or more frequent basis until the full amount is withheld. If employment of the defendant is terminated BEFORE the sum is accumulated, you are required by law to report the termination and pay into court within 16 days AFTER termination, all sums withheld in compliance with this garnishment. (See Reverse Side for Instructions on Garnishments). If you have in your possession or control property or money belonging to the defendant, which is NOT wages, salary or other compensation, you are further commanded to hold the property or money subject to orders of this court.

| Date Issued: | | | By: | |
|---|---|---|---|---|
| | Clerk | | | Deputy Clerk |
| | Address: | | | |

| This process was executed by serving a copy on (Garnishee) | | |
|---|---|---|
| | on (Date) | , Service on (Defendant) |
| Served by: | Title: | |

| COURT RECORD (Original) | PLAINTIFF (Copy) | DEFENDANT (Copy) | GARNISHEE (Copy) |
|---|---|---|---|

Form C-21 (back)    Rev. 10/99                PROCESS OF GARNISHMENT

**Instructions For Determining** **the Percentage of Wages, Salary or Other Compensation to be Withheld**

| | |
|---|---|
| I. | GARNISHMENTS TO COLLECT JUDGMENTS ... SING FROM SITUATIONS OTHER THAN CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO T ... E RESTRICTIONS OF: 16-10-7, Code of Alabama 1975, and Title 15, §1673, United States Code (U.S.C.) |

Under Alabama and federal law, the amount subj ... to garnishment to collect such judgments shall not exceed the LESSER of:
(1) twenty-five (25) percent of "disposable earni ... OR
(2) the amount by which "disposable earnings" f ... he week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable.

| | |
|---|---|
| II. | GARNISHMENTS TO COLLECT JUDGMENTS ... SING FROM CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF: 16-10- ... Code of Alabama, 1975 as amended by Act 83-284, effective April 13, 1983. |

A. Under this law, if the debt or demand was cre ... ated ON OR AFTER April 12, 1988, the amount subject to garnishment shall not exceed the LESSER of:
(1) twenty-five (25) percent of "disposabl ... earnings" for the week OR
(2) the amount by which "disposable earni ... gs" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable.

B. If the debt or demand was created BEFOR ... April 12, 1988, the amount subject to garnishment shall not exceed the LESSER of:
(1) twenty (20) percent of "disposable ea ... ngs" for the week OR
(2) the amount by which "disposable earni ... gs" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable.

DISPOSABLE EARNINGS DEFINED: An employee' ... disposable earnings" means that part of an individual remaining after deduction of amounts required by law to be withheld such as Federal Incom ... ax, Federal Social Security Tax, and State and Local Taxes.

## NOTICE TO GARNISHEE

Note: If you have in your possession or control pro ... ty or money belonging to the defendant (which is not wages, salary or other compensation), you should hold the property or money subject to ... e orders of the court. The formula outlined below only applies if the property sought to be garnished is wages, salary or other compensation of th ... defendant.
(Use the following formula to ... lculate a garnishment of wages, salary or other compensation)
(1) Calculate "disposable earnings" for the week ... (definition of "disposable earnings" above).
(2) If the twenty-five (25) percent block is checke ... on the front of this form, multiply the "disposable earnings" amount by twenty-five (25) percent. Then multiply the "minimum wage amount" (in effe ... at the time the earnings are payable by you) by thirty (30) and subtract this amount from "disposable earnings." Compare these two and obtain les ... er amount.

**OR**

(3) If the twenty (20) percent block is checked o ... e front of this form, multiply the "disposable earnings" amount by twenty (20) percent. Multiply the "minimum wage amount" (in effect at the tim ... the earnings are payable by you) by fifty (50) and subtract this amount from "disposable earnings." Compare these two and obtain lesser amour ...
(4) After the calculation is made in accordance wi ... (2) or (3) above (whichever is applicable), the amount of the garnishment for the week is the LESSER amount. Withhold this amount and pay it int ... court as instructed in the "Writ of Garnishment" on the front of this form:
(5) THE CLERK AND OTHER COURT PERSO ... EL CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE YOU SHOULD CONSULT A LAWYER FOR ADVICE.

PROTECTION AGAINST DISCHARGE: Title 15, §16 ... U.S.C., prohibits an employer from discharging any employee because his or her earnings have been subjected to garnishment for any one indebtedn ...

## NOTICE TO DEFEN ... NT OF RIGHT TO CLAIM EXEMPTION FROM GARNISHMENT

A process of garnishment has been delivered to y ... This means that a court may order your wages, money in a bank, sums owed to you, or other property belonging to you, be paid into court to satis ... a judgment against you.

Laws of the State of Alabama and of the United S ... s provide that in some circumstances certain money and property may not be taken to pay certain types of court judgments, because certain money or pr ... erty may be "exempt" from garnishment. For example, under state law, in some circumstances, up to $3,000.00 in wages, personal property, including ... ney, bank accounts, automobiles, appliances, etc. may be exempt from process of garnishment. Similarly, under federal law, certain benefits and certa ... welfare payments may be exempt from garnishment. Benefits and payments ordinarily exempt from garnishment include, for example, social security and workmen's compensation payments.

THESE EXAMPLES ARE FOR PURPOSES OF IL ... STRATION ONLY. WHETHER YOU WILL BE ENTITLED TO CLAIM ANY EXEMPTION FROM THE PROCESS OF GARNISHMENT, AND, IF SO, WH ... T PROPERTY MAY BE EXEMPT, WILL BE DETERMINED BY THE FACTS IN YOUR PARTICULAR CASE. IF YOU ARE UNCERTAIN AS TO YOUR RIG ... BLE EXEMPTION RIGHTS, YOU SHOULD CONSULT A LAWYER FOR ADVICE.

TO CLAIM ANY EXEMPTION THAT MAY BE AV ... ABLE TO YOU, YOU MUST PREPARE A "CLAIM OF EXEMPTION" FORM LISTING ON IT ALL YOUR WAGES AND PERSONAL PROPERTY; HAVE ... HE CLAIM OF EXEMPTION NOTARIZED; AND FILE IT IN THE CLERK'S OFFICE. ALSO, IT IS YOUR RESPONSIBILITY TO MAIL OR DELIVER A C ... Y OF THE CLAIM OF EXEMPTION TO THE PLAINTIFF WHO HAS A JUDGMENT AGAINST YOU. YOU MUST INDICATE ON THE CLAIM OF EXEMPTI ... THAT YOU FILED IN THE CLERK'S OFFICE WHETHER YOU MAILED OR DELIVERED THE COPY TO THE PLAINTIFF AND THE DATE ON WHI ... YOU MAILED OR DELIVERED IT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE, YOU SHOULD SEE A LAWYE ...

If you file a claim of exemption, the plaintiff will ha ... approximately ten (10) days to file a "contest" of your claim of exemption. If a contest is filed, a court hearing will be scheduled and you will be notifie ... the time and place of the hearing. If the plaintiff does not file a contest, the property claimed by you as exempt will be released from the garnishment.

If you do not file a claim of exemption, your prope ... may be turned over to the court and paid to the plaintiff on the judgment against you.
TO PROTECT YOUR RIGHTS, IT IS IMPORTAN ... HAT YOU ACT PROMPTLY. IF YOU HAVE ANY QUESTIONS, YOU SHOULD CONSULT A LAWYER.

## NOTICE TO PLAIN ... FF OF RIGHT TO CONTEST CLAIM OF EXEMPTION OF DEFENDANT

If a "Claim of Exemption" is filed in the clerk's ... ce and mailed or delivered to you by the defendant, you have approximately ten (10) days to file a "Contest" to the Claim of Exemption with the clerk ... the court.

If a Contest is timely filed, a court hearing will ... scheduled within seven (7) calendar days (or on the next business day thereafter if the court is not open on the seventh day). You and the defendant ... ll be notified of the time and place of the hearing.

If you fail to make timely Contest of the Cla ... of Exemption, after fifteen (15) calendar days from the filing of such claim by the defendant, the Process of Garnishment and any writ of garnishme ... sued therein shall be dismissed or, where appropriate, modified to the extent necessary to give effect to the claimed exemptions.

IF YOU ARE UNCERTAIN AS HOW TO FILE A ... ONTEST TO THE CLAIM OF EXEMPTION, YOU SHOULD CONSULT A LAWYER FOR ADVICE. THE CLERK AND OTHER COURT PERSONNEL ... ANNOT GIVE YOU LEGAL ADVICE.