UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PACA, INC.; CHARLES EHLING; JUDY EHLING; AND EHLING INSURANCE & INVESTMENTS, INC., ) ) ) ) Plaintiffs, ) ) v. ) ) NATIONAL UNION FIRE INSURANCE COMPANY, ) ) ) ) Defendant. ) | Civil Action No. 3:06cv437-DRB |

REPLY OF NATIONAL UNION
IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER VENUE

The admissions by Plaintiffs make it even more apparent that the so-called "Amended Complaint" (a misnomer since National Union never was named as a defendant in the original complaint – even fictitiously -- and it names none of the original defendants) is but an "end run" effort to avoid the same issues being decided by a federal judge in Florida who already has jurisdiction and is hearing the same case or controversy, i.e., the contractual duty (if any) of National Union pay for the defense and indemnity of any liability claims against the Ehlings. The Florida action, furthermore, was brought by the same Ehlings who are named as plaintiffs in this case (and in whose shoes PACA stands to make a direct action claim under the National Union policy to collect its $4 million dollar consent judgment).

The following facts are either admitted or undisputed by plaintiffs, showing the appropriateness of National Union's request to dismiss (for lack of standing or failure to state a new separate claim) or

alternatively to transfer (this case containing a pendant claim that should be joined with an already pending Florida action):

- The same "case or controversy" – the contractual liability (if any) of National Union for the Ehling's actions – are pending in the Florida federal court.

- The Order of the Circuit Court of Tallapoosa County, Alabama provides for collection of the judgment only to the extent there exists insurance coverage. (Order of Nov. 14, 2005, Ex. A, ¶ 6.) Plaintiffs put the proverbial cart before the horse in seeking to collect benefits from National Union before the issue of contractual liability has been decided, which is the issue being litigated in the Florida Federal Court.

- National Union was never a party in the Tallapoosa County lawsuit in which a consent judgment against the Ehlings was rendered. It is not *res judicata* of anything related to National Union regardless of plaintiff counsel's suggestion (as if it mattered) that he sent notice to National Union. National Union already was a party in the Florida action (where they were sued by the Ehlings) before plaintiff's counsel even attempted to get his consent judgment against the Ehlings and turn it into an ambush by circumventing the Florida court.

- Plaintiffs admit that the issue of insurance contract liability has yet to be decided by any court, thereby compelling a dismissal of the action (under the Alabama Abatement Statute, Alabama Code Section 6-5-440 (1975)), or transfer to the Florida federal court where that action already is pending. (Pl. Resp. Mot. Dismiss, Doc. 11-1) (Plaintiffs admit, "The issues of insurance coverage as to the plaintiffs in the Florida action have yet to be ruled upon.").

Plaintiffs incorrectly argue form over substance in asserting that National Union has failed to raise improper venue and thus has waived it. To the contrary, National Union expressly raised improper venue as the Fifth Affirmative Defense to its answer, filed simultaneously with its motion. (Nat'l Union Ans., Doc. 3) Moreover it provided adequate and undisputed proof that dismissal or transfer is appropriate under federal law by invoking Section 1367 (which performs the same purpose and intent of the old "pendant" and "ancillary" jurisdiction) which by definition allows for the court to pend or "tag" a claim onto an existing federal proceeding. Moreover, even if the court wishes to use Sections 1404 or 1406 or forum non-conveniens, National Union has spelled out in detail each of the material elements of transfer including proof of an adequate alternative forum, the public and private factors weighing in favor of dismissal or transfer and that Plaintiffs rights will not be prejudiced by the transfer or dismissal. *See* 28 U.S.C. §§ 1404 & 1406. *See also, e.g., Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir. 2005); *Membreno v. Costa Crociere S.P.A.,* 425 F.3d 932, 937 (11th Cir. 2005).

Respectfully submitted,

\_\_\_/s/Chad C. Marchand_____
FORREST S. LATTA     (LATTF0526)
CHAD C. MARCHAND     (MARCC5089)
Attorneys for Defendant
National Union Fire Insurance Company

OF COUNSEL:
BOWRON, LATTA & WASDEN, P.C.
P.O. Box 16046
Mobile, AL  36616
Telephone:    251/344-5151
Facsimile:    251/344-9696

CERTIFICATE OF SERVICE

      I hereby certify that I have on this the 19th day of June, 2006, served a copy of the foregoing pleading on the following by depositing the same in the United States mail, properly addressed with first class postage prepaid.

COUNSEL OF RECORD:

Counsel for Plaintiffs
Randall S. Haynes, Esq.
Post Office Box 1660
Alexander City, AL  35011-1660

Mr. Charles Ehling
Mrs. Judy Ehling
Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL  32571

                                  ___/s/Chad C. Marchand_____
                                  OF COUNSEL