UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PACA, INC.; CHARLES EHLING; JUDY EHLING; AND EHLING INSURANCE & INVESTMENTS, INC., <br><br>　　　Plaintiffs, <br><br>v. <br><br>NATIONAL UNION FIRE INSURANCE COMPANY, <br><br>　　　Defendant. | Civil Action No. 3:06cv437-DRB |

OBJECTION TO PLAINTIFFS' MOTION TO REMAND

Defendant NATIONAL UNION FIRE INSURANCE COMPANY ("National Union") responds to Plaintiffs' Motion to Remand as follows:

**Jurisdiction Under 28 U.S.C. Section 1332.**[1]

The parties are completely diverse for purposes of jurisdiction under 28 U.S.C. Section 1332. Alabama does not have a direct action statute as contemplated by 28 U.S.C. Section 1332(c)(1) and even if it did, the Eleventh Circuit has held that "the direct action proviso does not affect suits brought by an insured against his own insurer[,]" *Bowers v. Continental Ins. Co.,* 753 F.2d 1574, 1576 (11th Cir. 1985) (denying remand on the basis of diversity jurisdiction because Section 1332(c)(1) did not apply) (citing *Spooner v. Paul Revere Life Ins. Co.,* 578 F. Supp. 369, 373 (E.D. Mich. 1984) (The

---

[1] Plaintiff's failure to even address jurisdiction under Section 1367 is a tacit admission of its applicability in this matter. Thus, exercising supplemental jurisdiction under 28 U.S.C. Section 1367(a) and removing this case to the United States District Court for the Middle District of Alabama, Eastern Division, therefore, is not only the judicially expedient course of action, but also the course compelled by federal law. Inasmuch as Plaintiff questions the "factual background and legal guidance" of *Jackson v. PRUPAC, et. al.,* (Def. Ex. H, Doc. 2), National Union attaches hereto as Exhibit "I" the briefs filed by the parties from which the court entered the subject Order provided as Exhibit G to its Removal Petition.

direct action proviso is triggered when "the act for which liability is sought to be imposed against the insurance company is the same act for which liability could be imposed against the insured."). Although used interchangeably among the states, a "direct action" is a term of art and does not include every action in which an insurance company is named as a party. *See, e.g., Evanston Ins. Co. v. Mimco, Inc.,* 844 F.2d 1185, 1188-1189 (5th Cir. 1988) (holding that provision does not apply in declaratory judgment action brought by insurer seeking declaration regarding coverage).

Plaintiffs incorrectly rely upon *Wheelwright Trucking Co. v. Dorsey Trailers, Inc.,* 158 F. Supp. 2d 1228 (M.D. Ala. 2001), to argue this matter is a "direct action" that bars removal under 28 U.S.C. Section 1332(c)(1). *Wheelwright Trucking*, however, actually reinforces the removability of this case. In *Wheelwright* the Plaintiff was a judgment creditor who filed a state court garnishment action against the insurer of a judgment debtor. *The judgment debtor was not a party to the action.* Thus under 28 U.S.C. Section 1332(c)(1) the insurer stepped into the shoes of its insured, the judgment debtor, for purposes of citizenship and determining diversity. The court stated that "[b]ecause [the judgment debtor] was not named in Wheelwright's garnishment action, [the insurer] is 'deemed a citizen of the State of which the insured is a citizen, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business.'" *Wheelwright Trucking Co.,* 158 F. Supp. 2d at 1301.

In the present action, the insureds, the Ehlings, are parties to this action and their citizenship is completely diverse from the insurer. This situation is entirely different than was envisioned by Section 1332(a)(1). That section made an exception to diversity jurisdiction *only* in those cases which allow an injured third-party to sue an insurance company directly without first suing the tortfeasor/insured.

> That section was enacted by Congress in order to eliminate the basis for diversity jurisdiction in state that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, event though the party insurance company would otherwise be diverse.

*Forston v. St. Paul Fire and Marine Ins. Company,* 751 F.2d 1157, 1159 (11th Cir. 1985) (citing (*Hernandez v. Travelers Insurance Co.,* 489 F.2d 721, 723 (5th Cir.) (holding workers' compensation insurer deemed by section 1332(c) to be citizen of state of which insured is citizen in suit brought by insured's injured employee), *cert. denied,* 419 U.S. 844, 95 S. Ct. 78, 42 L. Ed. 2d 73 (1974)). *See also Bowers.,* 753 F.2d at 1576. In fact, that provision was enacted in 1964 in response to the overwhelming diversity cases being filed in Louisiana after the state adopted a direct action statute. *See S. Rep. No. 1308, 88th Cong., 2d Sess. (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 2778, 2778-2779. See also Northbrook Nat'l Ins. Co. v. Brewer,* 493 U.S. 6, 9, 110 S. Ct. 297, 107 L. Ed. 2d 223 (1989); *Bowers.,* 753 F.2d at 1576 (holding that "[t]he [Section 1332 direct action] proviso was passed in response to statutes authorizing actions against the holder of a contract of indemnity for liability by a wrongdoer to the plaintiff."). The Louisiana direct action statute reads, in pertinent part, as follows:

> The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, such action may be brought against the insurer alone only when:
>
> (a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
> (b) The insured is insolvent;
> (c) Service of citation or other process cannot be made on the insured;
> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons;
> (e) When the insurer is an uninsured motorist carrier; or
> (f) The insured is deceased.

LSA-R.S. 22:655 B(1).[2]  In other words, Section 1332(c)(1) was enacted in response to a large number of smaller cases, such as car wreck matters, being brought in federal court on diversity jurisdiction pursuant to state statutes that permitted an insurer of a tortfeasor to be named directly as a defendant without naming the insured or before receiving a judgment against the insured.  Therefore, to eliminate this practice, Congress provided for the citizenship of the tortfeasor to pass to the insurer to preclude diversity in such matters.   *See Brewer,* 493 U.S. at 9.  The insurer must stand in the shoes of its legally responsible insured, who would traditionally be a defendant in order for Section 1332(c)(1) to apply.  *See, e.g., John Cooper Produce v. Paxton Nat'l Ins. Co.,* 774 F.2d 433, 435 (11th Cir. 1985).

In contrast, Alabama does not have "direct action" statute as contemplated by U.S.C. § 1332(c)(1).  Rather Alabama precludes a direct action against an insurer unless there exists insurance coverage for the tortfeasor/insured and an underlying judgment is rendered.  *See State Farm Mut. Automobile Ins. Company,* 894 So. 2d 643, 647-48 (Ala. 2004).  *See also Dumas Brothers Manuf. Co., Inc. v. Southern Guaranty Ins. Co.*, 431 So. 2d 534, 536 (Ala. 1983).  Alabama Code Section 27-23-2 provides, in pertinent part:

> *Upon the recovery of a final judgment . . ., if the defendant in such action was insured against the loss or damage* at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment . . ..

---

[2]  The comments of the Louisiana statute further emphasize the reasoning for its enactment:  "It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insureds or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tortfeasor within the terms and limits of said policy."  LSA-R.S. 22:655 (comments).  Alabama has not taken this approach or interpretation of insurance policies.

(emphasis added.)  This statute is directly contrary to those "direct action" statutes envisioned by Section 1332(c)(1), such as the Louisiana statute.  In Alabama, a direction action without a judgment and a coverage determination are not permitted.  *Id.*  As described in National Union's Petition for Removal, in Alabama an injured party cannot sue a tortfeasor's insurer directly.  (Doc. 1, ¶¶ 9-13.)  A judgment must first be obtained against the tortfeasor in addition to a coverage determination, and only then may the claimant seek insurance benefits from the insurer.  Accordingly, the implications of 28 U.S.C. Section 1332(c)(1) do not apply to this case, and this Court has diversity jurisdiction over this action.

Respectfully submitted,

\_\_\_/s/ Chad C. Marchand_____
FORREST S. LATTA         (LATTF0526)
CHAD C. MARCHAND      (MARCC5089)
Attorneys for Defendant
National Union Fire Insurance Company

OF COUNSEL:
BOWRON, LATTA & WASDEN, P.C.
P.O. Box 16046
Mobile, AL  36616
Telephone:    251/344-5151
Facsimile:     251/344-9696

CERTIFICATE OF SERVICE

   I hereby certify that I have on this the 28th day of June, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


COUNSEL OF RECORD:

rhaynes@morrishaynesandhornsby.com


the following will be served via U.S. Mail, properly addressed and first class postage prepaid.

Mr. Charles Ehling
Mrs. Judy Ehling
Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL  32571


              _/s/ Chad C. Marchand_____
              OF COUNSEL