**IN THE UNITED STATE DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| PACA, INC.; CHARLES EHLING; JUDY EHLING; AND EHLING INSURANCE & INVESTMENTS, INC., )<br><br>Plaintiffs, )<br>)<br>v. )<br>)<br>NATIONAL UNION FIRE )<br>INSURANCE COMPANY, )<br>)<br>)<br>Defendant/Garnishee. ) | CIVIL ACTION NO. 3:06cv437-DRB |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND**

COMES NOW Plaintiff PACA, Inc. ("PACA"), and for its Reply in Support of Motion to Remand, states as follows:

**I. INTRODUCTION**

1. On May 15, 2006, National Union removed this action to this Court. The Notice of Removal asserts that federal subject matter jurisdiction exists on the grounds of diversity of citizenship (28 U.S.C. § 1332) and supplemental jurisdiction (28 U.S.C. § 1367). In particular, National Union asserts that, because it is a corporate resident of the State of Pennsylvania, and because Plaintiffs PACA and the Ehling defendants are residents of Alabama and Florida, respectively, diversity of citizenship exists.

2. On June 12, 2006 PACA timely filed its Motion to Remand. The Motion to Remand asserts that, pursuant to 28 U.S.C. § 1332(c)(1)'s application to "direct actions," diversity of citizenship does not exist among the parties. In particular, the Motion to Remand points out that this garnishment action is, in fact, a "direct action" within the meaning of § 1332(c)(1). Furthermore, because the Ehlings (joined as party *plaintiffs*) are residents of the

State of Florida, and because § 1332(c)(1) mandates that National Union (the Ehling's insurer) is deemed to be a resident of the state of its insureds, the Ehlings, diversity does not exist.

3. On June 28, 2006 National Union filed its Objection to Plaintiff's Motion to Remand ("Objection"). Among other things, National Union's Objection argues that § 1332(c)(1) does not apply to the present case and that diversity exists.

## II. STANDARD OF REVIEW

On a motion to remand, the removing party – here, National Union – bears the burden of establishing jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1996)). "**Section 1332 should be construed *narrowly* with doubt construed *against* removal**." *Id*. (emphasis added); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107-09 (1941); *Wheelwright Trucking Co. v. Dorsey Trailers, Inc.*, 158 F. Supp. 2d 1298 (M.D. Ala. 2001).

## III. ARGUMENT

This action is due to be remanded pursuant to 28 U.S.C. §§ 1332 and 1447 on the grounds that diversity of citizenship does not exist between the parties.[1] National Union's Objection fails to address the plain language of § 1332(c)(1) and fails to distinguish a Middle District of Alabama case, among other cases, directly on point.

---

[1] In its Opposition to Motion to Remand, National Union takes the position that PACA has given its "tacit admission" to National Union's argument that 28 U.S.C. § 1367 forms a legitimate basis for removal of this action. Quite the contrary, because this argument, flawed as it may be, was taken up in PACA's Response in Opposition to National Union's Motion to Dismiss or, In the Alternative, Motion to Transfer, where PACA pointed out that National Union's reliance on § 1367 was badly misguided. For National Union to now say PACA has not addressed each of National Union's arguments is surprising, particularly when National Union failed to even mention PACA's argument in its Motion to Remand that this Court has the authority to and should abstain from retaining jurisdiction over this action. *See* Motion to Remand, pp. 5-6.

1.      **National Union's Argument That the Present Action is Not a "Direct Action" Within the Meaning of § 1332(c)(1) Fails and Its Attempts to Distinguish the *Wheelright* Case Are Misguided**

In its Objection to PACA's Motion to Remand, National Union argues that PACA's reliance on *Wheelwright Trucking Co. v. Dorsey Trailers, Inc.*, 158 F. Supp. 2d 1298 (M.D. Ala. 2001) is unsupported. The *Wheelwright* decision, National Union says, actually supports National Union's position. This argument is flawed for at least two reasons.

First, National Union conveniently fails to acknowledge that the Court in *Wheelright* expressly acknowledged that **writs of garnishment brought pursuant to Ala. Code §§ 6-6-370 *et seq*. and 27-23-2 are "direct actions" within the meaning of § 1332(c)(1).** *Wheelwright*, 158 F. Supp. 2d at 1301.[2] 28 U.S.C. § 1332(c)(1) states that "in any ***direct action*** against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a ***party-defendant***, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . ." 28 U.S.C. § 1332(c)(1) (emphasis added). Presiding over the *Wheelright* case, Judge Dement directly addressed the argument now posed by National Union and held that "[t]he diversity statute (§ 1332) is strictly construed, and under the modern trend, *a 'direct action' can include <u>post-judgment</u> garnishments brought by a judgment creditor against the judgment debtor's commercial insurer*." *Wheelwright*, 158 F. Supp. 2d at 1301; *accord*, *Reko v. Creative Promo's, Inc.,* 70 F. Supp. 2d 998, 1003-04 (D. Minn. 1999); *Boston v. Titan Indem. Co.,* 34 F. Supp. 2d 419, 424 (N.D. Miss.1999); *Sherman v. Pennsylvania Lumbermen's Mut. Ins. Co.,* 21 F. Supp. 2d 543, 545 (D. Md.1998); *Prendergast v. Alliance Gen. Ins. Co.,* 921 F. Supp. 653, 655 (E.D. Mo. 1996).

---

[2] Like PACA, Wheelwright brought a writ of garnishment under Ala. Code §§ 6-6-370 *et seq*. and 27-23-2. The U.S. District Court for the Middle District of Alabama explicitly stated that "[t]hese are direct action statutes."

3

In its Objection, National Union understandably turns a blind eye toward this finding, as it directly undermines the heart of its argument that PACA's action is not a direct action against National Union. In fact, National Union's statement that "Alabama precludes a direct action against an insurer *unless* there exists insurance coverage for the tortfeasor/insured and an underlying judgment is rendered" is actually a true statement of Alabama law and directly contradicts its position. Objection, p. 4 (emphasis added). Insurance coverage for the Ehlings *does* exist and an underlying judgment *has* been rendered (see the Tallapoosa Circuit Court's February 21, 2006 Order); thus, PACA may now pursue a direct action against National Union. Later in its Objection, National Union repeats that "[i]n Alabama, a direction (sic) action without a judgment and a coverage determination are (sic) not permitted." Objection, p. 5. Again, PACA has a judgment against the Ehlings and a "coverage determination" has been made per the Tallapoosa Circuit Court's February 21, 2006 Order. In total, PACA's garnishment action is a direct action against National Union within the meaning of § 1332(c)(1) and National Union has offered no support for a position to the contrary.

Second, National Union fails to address the plain language of § 1332(c)(1). Section 1332(c)(1) states that in a direct action (like this one) where the insured is not joined *as a party-defendant*, the insurer shall be deemed a citizen of the state where the insured is a citizen. The Ehlings have not been joined as party-defendants but, instead, as *party-plaintiffs* per the Circuit Court of Tallapoosa's February 21st Order. *See* February 21st Order, ¶ 16. Thus, by the plain language of § 1332(c)(1), the citizenship of National Union (the insurer) is deemed to be that of the Ehlings (the insureds). The Ehlings are citizens of the State of Florida. Thus, National Union is, pursuant to § 1332(c)(1), also deemed a citizen of Florida. Because the Ehlings, as Florida citizens, are *party-plaintiffs* to the Amended Complaint and National Union, also deemed

a Florida citizen, is a party-defendant to the Amended Complaint, diversity of citizenship does not exist. Accordingly, this action is due to be remanded to the Circuit Court of Tallapoosa County.

### IV. CONCLUSION

As stated above, "Section 1332 should be construed *narrowly* with doubt construed *against removal*." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). In light of Congress' intent that diversity jurisdiction be narrowly construed and for the reasons cited herein, this matter is due to be remanded to the Circuit Court of Tallapoosa County.

Respectfully submitted, this, the 11th day of July, 2006.

/s/ Randall S. Haynes
Randall S. Haynes
Counsel for Plaintiff PACA, Inc.

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
P.O. Box 1660
Alexander City, AL 35010
(256) 329-2000

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, the following persons will be served by CM/ECF and/or U.S. Mail:

Forrest S. Latta
Chad C. Marchand
Bowron, Latta & Wasden, P.C.
P.O. Box 16046
Mobile, AL 36616
251-344-5151

Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Charles Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

Judy Ehling
c/o Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571