UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PACA, INC.; CHARLES EHLING; JUDY EHLING; AND EHLING INSURANCE & INVESTMENTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No. 3:06cv437-MEF ) ) ) ) ) ) |

REBUTTAL TO PLAINTIFFS' MOTION TO REMAND

Defendant NATIONAL UNION FIRE INSURANCE COMPANY ("National Union") submits the following rebuttal to Plaintiffs' Motion to Remand as follows:

Plaintiffs' statement that a valid "coverage determination" was made is directly contradicted by the fact that the coverage issue under the National Union policy is currently pending before a Florida Federal Court through a declaratory judgment action the Ehlings filed. That issue has not been ruled upon. As described in National Union's Petition for Removal, an injured party in Alabama cannot bring a direct action against a tortfeasor's insurer without first obtaining a valid judgment against the tortfeasor *and* a determination of coverage under the tortfeasor's policy. *See, e.g., Bowers v. Continental Ins. Co.,* 753 F.2d 1574, 1576 (11th Cir. 1985) (denying remand on the basis of diversity jurisdiction because Section 1332(c)(1) did not apply) (citing *Spooner v. Paul Revere Life Ins. Co.,* 578 F. Supp. 369, 373 (E.D. Mich. 1984) (The direct action proviso is triggered when "the act for which liability is sought to be imposed against the insurance company is the same act for which liability could be imposed against the insured.").

PACA's suggestion that coverage exists under the National Union policy merely because PACA says so in a consent order PACA drafted and submitted to the state court as part of a settlement is illogical, especially in light of the fact that the court did not have jurisdiction over all of the parties to the contract (i.e. National Union was not a named party to the state court action until *after* the judgment was rendered and the order was entered against the Ehlings). To the contrary, National Union already had denied coverage and no court of competent jurisdiction had made a contrary determination.

The Florida declaratory judgment action already includes both parties to the insurance contract -- the Ehlings and National Union. This court, therefore, has both diversity jurisdiction (under Section 1332) and supplemental jurisdiction (under 1367) over this action such that it may grant proper relief in the form of either a transfer or dismissal. Plaintiffs may not rely upon a consent order they drafted and submitted to a court as part of a settlement (where the insurer was not even a party) in support of an attempt to manufacture a "direct action" against the insurer (even if labeled as a "garnishment"). This approach is simply an attempt to circumvent due process and the jurisdiction of a Florida Federal Court, which is already considering the issue of coverage.

### Jurisdiction Under 28 U.S.C. Section 1367(a)

Plaintiffs continue to ignore jurisdiction under Section 1367. While there are conflicting views among the Circuits on whether Section 1367 provides an *independent* basis for removal (which neither the Eleventh Circuit nor the United States Supreme Court has settled), there is no doubt of its application here. The existence of diversity jurisdiction, as discussed above, only strengthens National Union's argument for this Court to exercise supplemental jurisdiction over this matter and that removal to this Court was proper.

The United States Code provides that the United States District Courts have supplemental jurisdiction to hear any claim that is so related to a prior pending case as to form part of the same "case or controversy." *See* 28 U.C.S. § 1367(a). That statute, in fact, limits the power of courts to *refuse* to exercise supplemental jurisdiction over claims that are part of the same Article III case or controversy as claims over which the courts have original jurisdiction. By "providing that 'the district courts *shall* have supplemental jurisdiction . . .,' [the statute] confers power to entertain supplemental jurisdiction in *mandatory* terms." *Executive Software v. U.S. District Court,* 24 F.3d 1545, 1555 (9th Cir. 1994) (emphasis added).

A comparison of the two complaints at issue demonstrates that this action forms part of the same case and controversy as the already pending Florida action. National Union is a defendant in this action only because it is the insurer of the Ehlings and is already sued on the subject insurance policy in the Florida Federal action. The matters both seek to determine the extent (if any) of insurance coverage for the PACA claim, among others. Consequently, the two cases arise out of the same nucleus of operative facts, constitute the same case and controversy, and include the same parties. *See, e.g., United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). *See also Edmondson & Gallagher v. Alban Towers Tenants Assoc.,* 48 F.3d 1260, 1266 (D.C. Cir. 1995); *Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559, 1566 (11th Cir. 1994); *Rodriquez v. Pacificare of Texas, Inc.* 980 F.2d 1014, 1018 (5th Cir. 1993). Exercising supplemental jurisdiction under 28 U.S.C. Section 1367(a) and transferring this case to the Florida court, therefore, is not only the judicially expedient course of action, but also the course compelled by Federal law.

Respectfully submitted,

_____\s\Chad C. Marchand_____
FORREST S. LATTA        (LATTF0526)
CHAD C. MARCHAND        (MARCC5089)
Attorneys for Defendant
National Union Fire Insurance Company

OF COUNSEL:

BOWRON, LATTA & WASDEN, P.C.
P.O. Box 16046
Mobile, AL  36616
Telephone:    251/344-5151
Facsimile:    251/344-9696

## CERTIFICATE OF SERVICE

       I hereby certify that I have on this the 13th day of July, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

<u>COUNSEL OF RECORD</u>:

Counsel for PACA, Inc.
Randall S. Haynes, Esq.
rhaynes@morrishaynesandhornsby.com

Walker Percy Badham, III, Esq.
pbadham@maynardcooper.com

Brannon Jeffrey Buck, Esq.
bbuck@maynardcooper.com

Robert Wayne Tapscott, Jr., Esq.
rtapscott@maynardcooper.com


AND the following by depositing the same in the United States mail, properly addressed with first class postage prepaid:

Mr. Charles Ehling
Mrs. Judy Ehling
Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL  32571

                                                                    \s\ Chad C. Marchand_____
                                                                    OF COUNSEL