**IN THE UNITED STATE DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PACA, INC.; CHARLES EHLING;** | ) | |
| **JUDY EHLING; AND EHLING** | ) | |
| **INSURANCE & INVESTMENTS, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO. 3:06cv437-DRB** |
| **v.** | ) | |
| | ) | |
| **NATIONAL UNION FIRE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant/Garnishee.** | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE SPECIAL NOTICE OF FILING
IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT/GARNISHEE
NATIONAL UNION FIRE INSURANCE COMPANY**

COMES NOW Plaintiff PACA, Inc. ("PACA") and hereby responds in opposition to the

Special Notice of Filing in Support of Motion to Dismiss ("Special Notice") of

Defendant/Garnishee National Union Fire Insurance Company ("National Union"). In support

of this Response in Opposition, PACA states as follows:

## I. INTRODUCTION

This is a garnishment action. PACA seeks to recover insurance proceeds pursuant to the

judgments entered against National Union's insured (Ehling) in the Circuit Court of Tallapoosa

County, which established both liability and factual findings against Ehling. Since the time this

action was filed, National Union has (1) removed this action to this Court (Plaintiffs' Motion to

Remand is currently pending before the Court); (2) attempted to transfer this action to one

pending in the U.S. District Court for the Northern District of Florida where cross-declaratory

judgment actions were filed by Ehling and National Union, respectively; and (3) most recently,

moved to dismiss this action based on an order entered by the federal district court in Florida on National Union's Motion for Summary Judgment.  Although the factual basis of this lawsuit is not complex, the procedural history has become increasingly so.  What follows is a recitation of that procedural history and arguments made in opposition to National Union's most recent attempt to avoid coverage.

## II.  PROCEDURAL HISTORY

### a.      The Underlying Action

On March 4, 2005, PACA filed its Complaint against Charles Ehling, Judy Ehling and Ehling Insurance & Investments, Inc. (collectively, the "Ehling defendants") in the Circuit Court of Tallapoosa County, Alabama.  On November 14, 2005, the Tallapoosa Circuit Court entered its Order of Judgment (attached hereto as Exhibit A) against Ehling.  The Order of Judgment, which was signed by the Circuit Court Judge, Ehling and counsel for PACA, establishes, among other things, that Ehling,

> left with no other recourse, in order to reduce their exposure and because they are financially unable to defend themselves, . . . have been forced to enter into an agreement with Plaintiff whereby Defendants consent to a judgment against them in favor of the Plaintiff in exchange for Plaintiff's agreement to collect said judgment only to the extent that Defendants' insurance provides coverage.

*See* Order of Judgment, ¶ 6.  Moreover, the Order of Judgment establishes that Ehling made a claim with its insurance carriers (including National Union) to defend and indemnify them in the present case, and that such insurance carriers refused to do so.  *Id*. at ¶¶ 3, 4.  The Order of Judgment also set an evidentiary hearing for December 19, 2005 to establish the extent of

PACA's monetary damages and required that notice of the same be served on Ehling's insurance carriers.

On November 15 and 16, 2005, counsel for PACA sent letters to Ehling's insurance carriers (including National Union) giving notice of the December 19th hearing and inviting them to attend. These letters are attached collectively hereto as Exhibit B. Despite being given notice and the opportunity to attend, no representative from Ehling's insurance carriers, including National Union, chose to appear at the hearing.

On February 21, 2006, the Tallapoosa Circuit Court entered an Order setting forth, among other things, its findings from the December 19th hearing. The February 21, 2006 Order is attached as Exhibit C.[1] In particular, the court found that, based on the testimony of Mr. Wayne Stark, PACA's President, Ehling's wrongful acts caused PACA to suffer damages in the amount of $3,952,227.56. The February 21st Order also found that proper notice of PACA's claims against Ehling was given to National Union under policy no. 985-88-28. Finally, based upon the testimony and evidence presented, the court made the following findings:

> The Court finds that these damages were incurred as a result of the wrongful acts of the Defendants *during the performance of professional services* in placing Plaintiff's insurance coverage. The Court finds that, as related to Plaintiff's claim, *there were no intentional or malicious acts on the part of the Defendants and that the wrongful acts of the Defendants were negligent acts, errors and omissions*. The Court further finds that Plaintiff paid all outstanding medical claims and expenses and that *the damages assessed here are therefore not employee benefits* but rather reimbursement to Plaintiff for payment of claims and expenses. Finally, the Court notes for the record that Plaintiff experienced claim issues with Meridian, the Plan Administrator, prior to April 2003 when Plaintiff terminated Meridian as the Plan Administrator. Meridian did not file

---

[1] The November 14, 2005 Order of Judgment and the February 21, 2006 Order are attached to PACA's Amended Complaint as Exhibits A and C, respectively, and, therefore, this Court may properly consider them for purposes of National Union's Motion to Transfer.

> bankruptcy until May 15, 2003. Therefore, ***any damages awarded in this case are not based upon the insolvency of Meridian*** but rather on Meridian's claims handling abilities prior to its bankruptcy.

(emphasis added). National Union received notice of this hearing and had every opportunity to attend, but chose not to do so.

### b.    The Present Action

On April 12, 2006, PACA and Ehling[2] filed their Amended Complaint against National Union. The Amended Complaint asserts a claim under Ala. Code § 27-23-2 [3] and, additionally, seeks to garnish the insurance proceeds available to satisfy the judgment entered against Ehling. On May 15, 2006, National Union removed this action to this Court. On the same day, National Union filed its Motion to Dismiss or, In the Alternative, Motion to Transfer ("Motion to Transfer") and memorandum in support thereof.

The Motion to Transfer requests that this Court either dismiss the present action or, alternatively, to transfer it to an action National Union refers to as a "parallel action" pending in the U.S. District Court for the Northern District of Florida. In particular, National Union's

---

[2] The Ehling defendants were joined with PACA as party plaintiffs to the Amended Complaint based on the Tallapoosa Circuit Court's holding in the February 21st Order that the Ehling defendants were indispensable parties and that their interests were necessarily aligned with those of PACA for purposes of satisfying the underlying judgment with available insurance proceeds. *See* February 21st Order, ¶ 16.

[3] Section 27-23-2 states as follows:

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

01381250.1

Motion argues that, because the Florida action was filed before the instant lawsuit (presumably referring to the action instituted by the filing of the Amended Complaint), PACA either (1) somehow fails to state a claim upon which relief may be granted; or (2) the U.S. District Court for the Northern District of Florida "has assumed jurisdiction over these instant claims," therefore precluding PACA from bringing this lawsuit.  National Union relies on 28 U.S.C. § 1367 as authority for its Motion to Transfer.

        **c.**        **The Florida Action**

On October 11, 2005, Ehling filed a Complaint against National Union[4] in the Circuit Court for the Second Judicial Court in and for Leon County, Florida.  This lawsuit is referred to hereinafter as the "Florida action."  The Complaint alleges that National Union breached its duty to defend the Ehling defendants under policy number 985-88-28 in six lawsuits arising from the sale of Meridian insurance products.  National Union removed the action to the U.S. District Court for the Northern District of Florida on November 16, 2005 and counterclaimed for declaratory judgment on January 23, 2006, asserting that it (National Union) had no duty to defend or indemnify the Ehlings for eight lawsuits relating to the Ehlings' placement of insurance with Meridian.  The eight lawsuits made the subject of National Union's Counterclaim are 6 filed in Florida and two filed in Alabama – one of which is PACA's initial lawsuit against Ehling.  The other Alabama lawsuit pertains to the issue of whether losses resulting from automobile wrecks were covered under the applicable policy.

On February 28, 2006, National Union filed its Motion for Summary Judgment in the Florida action, asserting various grounds for its argument that it had no duty to defend or

---

[4] AIG Domestic Claims, Inc. is also named as a defendant to the action.

indemnify Ehling in these lawsuits. Among others, National Union sought to avoid coverage based on its assertion that the claims made against Ehling were not covered claims because they arose out of Meridian's insolvency or inability to pay insurance claims (the "insolvency exclusion"). On August 14, 2006 the Florida District Court granted, in part, National Union's Motion for Summary Judgment, finding that the insolvency exclusion barred coverage in seven of the eight lawsuits pending against Ehling – one of which is PACA's lawsuit.[5]

### d.    National Union's Motion at Hand

On August 21, 2006 National Union filed its Special Notice, which attaches the Florida Summary Judgment Order. PACA can only assume that this most recent submission by National Union is independent of its Motion to Transfer, as that motion was premised on National Union's attempts to somehow have this action transferred to the Florida action. Additionally, given the Florida Summary Judgment Order, PACA believes that the Motion to Transfer is now moot. The Special Notice makes no legal argument that the Florida Summary Judgment Order is res judicata or collateral estoppel on the present action but, instead, simply and conclusively states that the Order moots PACA's claims in this case.

### e.    Motion to Remand

On June 12, 2006, PACA filed its Motion to Remand this action back to the Circuit Court of Tallapoosa County. That motion has not yet been ruled upon and PACA asserts that a ruling on National Union's motions (with the exception of those directed to PACA's Motion to Remand) are not yet ripe for determination. In particular, based on the arguments and authority

---

[5] Of the eight lawsuits made the basis of National Union's Motion for Summary Judgment, summary judgment was granted as to all but the lawsuit filed in Alabama pertaining to the issue of covered losses from automobile wrecks.

01381250.1

asserted in support of PACA's Motion to Remand, it is very likely that this Court does not have subject matter jurisdiction over this action. Thus, in an effort to avoid the waste of judicial resources, PACA respectfully requests that the Court rule upon its Motion to Remand prior to considering any unrelated paper filed by National Union.

## III. ARGUMENT

**The Florida District Court's Order on National Union's Motion for Summary Judgment is Neither Binding on This Court Nor Is It Persuasive Authority As to Coverage Under the Applicable Insurance Policy**

As discussed more fully below, National Union's Special Notice implicitly assumes that the Florida Summary Judgment Order bars PACA's claims in the instant lawsuit. This could not be further from the truth, however, as that Order neither carries with it preclusive effect as to PACA's claims nor any weight whatsoever. Although National Union's Special Notice does not argue in favor of res judicata or collateral estoppel, or even mention these doctrines, these are the only conceivable avenues to argue that the Florida Summary Judgment Order bars PACA's claims. These doctrines provide no relief, however, as National Union failed to present critical evidence to the Florida District Court related to PACA's claims (thus, the issues presented in the two lawsuits are not identical) and, equally important, PACA was not a party to the Florida action. Therefore, the doctrines of res judicata and collateral estoppel are wholly inapplicable. In the same vein, the U.S. Constitution's Full Faith and Credit Clause does not compel this Court to apply the Florida Summary Judgment Order to PACA's claims.

A.    **The Issues Presented in This Action Were Not Fully and Fairly Litigated in the Florida Action**

01381250.1

As stated above, the Florida Summary Judgment Order is premised on the finding that the insolvency exclusion applied to all claims related to Meridian's insolvency or financial inability to pay claims.[6]  The insolvency exclusion of the insurance policy at issue removes from coverage claims against the Ehling defendants:

> **arising out of, based upon or attributable** to the insolvency, receivership, bankruptcy, liquidation or inability to pay, of any entity in which the Insured has placed funds or obtained coverage or invested funds for a client, including, but not limited to, the Named Insured, or any bank, banking firm, insurance company, benefit plan, broker/dealer, trust or investment vehicle . . .

Insurance Agents Professional Liability Insurance policy, p. 21.

It is undisputed that Meridian was an entity "in which the Insured ha[d] placed funds or obtained coverage or invested funds for a client."  It is also undisputed that, at some point, Meridian became insolvent and bankrupt.  Finally, it is undisputed that Meridian did not pay some of the health insurance claims submitted by or through PACA.  Nevertheless, there remains the factual question of whether the denial of these claims arose out of, were based upon or attributable to Meridian's insolvency or bankruptcy.[7]  In particular, if Meridian denied some or all of the insurance claims submitted by or through PACA for some reason <u>other</u> than its financial inability to pay such claims, the insolvency exclusion does not apply.  Thus, this inquiry focuses on the ***reason(s)*** why Meridian failed to pay claims.  In this respect, the Florida Summary Judgment Order states, in pertinent part, as follows:

---

[6] With the exception of the "insolvency exclusion" argument, the Florida District Court rejected National Union's other grounds for exclusion under the insurance policy.  *See* Order, pp. 13-17.

[7] This was one of the issues before the Florida District Court on National Union's Motion for Summary Judgment. As discussed more fully below, however, this issue went unopposed by Ehling and was not fully and fairly litigated. Moreover, the Tallapoosa Circuit Court's February 21, 2006 Order establishes that Meridian's failure to pay PACA's claims ***did not*** arise from Meridian's insolvency.  *See* February 21, 2006 Order, p. 3.

8

> If the reason for Meridian's nonpayment of a claim at issue was Meridian's insolvency, then the corresponding claim against Ehling arose out of and was attributable to that insolvency. . . . If, on the other hand, Meridian would not have paid the claims anyway – because, for example, it intended all along to deny claims (even if legitimate) and in effect to take the money and run, whether or not revenues were sufficient to cover obligations – then the claims against Ehling for placing coverage with an unlicensed entity arose on grounds separate and apart from Meridian's insolvency. If this is what happened, the claims did not arise from, and were not attributable to, the insolvency.

Order, p. 10. Given that there were eight separate lawsuits filed against Ehling relating to eight separate companies who had claims that went unpaid by Meridian, the inquiry into these circumstances is necessarily highly factual.

Moreover, given that PACA was not a party to the Florida action[8] and, therefore, was neither permitted to submit a brief in response to National Union's Motion for Summary Judgment nor supporting factual evidence, the "record" before the Florida District Court was devoid of the unique circumstances of PACA's lawsuit. Among other things, the judgment against Ehling and National Union, as well as the factual findings, entered in the Circuit Court Tallapoosa County were never submitted to the Florida District Court. By their plain language, the Tallapoosa County judgment and the subsequent order expressly found: (1) that National Union had been given adequate notice and an opportunity to appear in the underlying action to contest the claims asserted against its insured (Ehling); (2) that National Union had been given adequate notice and an opportunity to appear in the underlying action to contest the determination of coverage in favor of PACA based on Ehling's insurance policy with National

---

[8] Importantly, because PACA was not a party to the Florida action, it had no standing to appeal the Florida Summary Judgment Order.

Union; (3) that, despite such notice, National Union chose not to appear; and (4) that National Union chose not to appeal the judgment, coverage determinations or factual findings.

Thus, the record from which the Florida District Court made its decision was wholly inadequate, at least as it pertained to this lawsuit and the claims asserted by PACA against Ehling (and National Union, for that matter). As stated above, the reason for this is simple: PACA was never made a party to that action and had no opportunity to present such evidence. On the other hand, National Union was surely a party to the Florida action but, for obvious reasons, made the calculated decision **not** to submit that evidence.

Even aside from the fact that National Union already had a judgment entered against its insured, there was no evidence presented to the Florida District Court regarding the ***factual circumstances*** surrounding Meridian's failure to pay the health insurance claims submitted by or through PACA. In other words, given that the Florida Summary Judgment Order opened the door for submission of evidence tending to show that Meridian failed to pay claims for some reason other than its insolvency, it begs the question of whether such failure ***in PACA's case***, was, in fact, the result of Meridian's insolvency. The following questions are both relevant and necessary to this inquiry: (1) ***When*** were PACA's claims submitted? If some or all of them were submitted prior to the time Meridian became insolvent, there remains the question of what Meridian's intent was in choosing not to pay these claims; and (2) What was/were Meridian's ***reason(s) for denying the insurance claims*** submitted by or through PACA, in particular.

Evidence of when PACA submitted these claims or Meridian's reason(s) for not paying PACA's claims was not in front of the Florida District Court, though. In particular, Ehling's declaratory judgment action sought only a declaration that it was entitled to defense costs (not

indemnification) from National Union under its insurance contract.    National Union's subsequent cross-declaratory judgment action did, however, seek indemnification.  In support of its arguments in the subsequent Motion for Summary Judgment related to the insolvency exclusion, National Union attached the various complaints filed against Ehling arising out of the Meridian debacle.  The attached complaint pertaining to PACA was the initial Complaint filed in the Circuit Court of Tallapoosa County on May 4, 2005.  Noticeably, National Union did <u>not</u> attach the Tallapoosa County judgment against Ehling, the February 21, 2006 order, or PACA's Amended Complaint (the garnishment action).

More importantly, Ehling's response to National Union's Motion for Summary Judgment asserted only that National Union had a duty to defend, not indemnify, Ehling for the claims asserted against Ehling.  As such, ***there was no evidence submitted in the Florida action to contradict National Union's argument that the insolvency exclusion barred indemnification under the applicable policies.  In other words, there was zero evidence in front of the Florida District Court as to Meridian's intent for not paying the claims submitted by PACA.***  Thus, the Florida District Court was left to assume (because it was unopposed) that PACA's health insurance claims were related to Meridian's insolvency and entered summary judgment accordingly.

In sum, the Florida District Court could base its decision as to National Union's Motion for Summary Judgment on only those argument presented by the parties (Ehling and National Union) and the evidence submitted to it.  The bottom line is that the issue of indemnification under the applicable insurance policies (which is at the forefront of this action) was not fully and fairly litigated in the Florida action because Ehling never opposed National Union's arguments

that the insolvency exclusion barred coverage.  Equally important, neither National Union nor Ehling ever submitted the orders of the Tallapoosa Circuit Court establishing liability on the part of Ehling or the factual findings related thereto.

> **B.    The Florida Summary Judgment Order is Not Entitled to Full Faith and Credit**

Article IV, § 1, of the U.S. Constitution requires that "[f]ull faith and credit shall be given in each state to the . . . judicial proceedings of every other state."  *Omega Leasing Corp. v. Movie Gallery, Inc.*, 859 So. 2d 421, 422 (Ala. 2003).  In *Durfee v. Duke,* 375 U.S. 106, 109 (1963), the U.S. Supreme Court interpreted this provision, known as the Full Faith and Credit Clause, as follows: "Full faith and credit thus generally requires every State to give to the judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it."  "[A] judgment is entitled to full faith and credit . . . when the second court's inquiry discloses that those questions have been ***fully and fairly litigated*** and finally decided in the court which rendered the original judgment."  *Omega Leasing*, 859 So. 2d at 422 (Ala. 2003) (quoting *Durfee,* 375 U.S. at 111).

As discussed above, the issues presented to the Florida District Court, as they pertained to PACA's claims, were not "fully and fairly litigated."  National Union failed to present to the Florida court all facts relevant to the inquiry of insurance coverage as applied to PACA's initial lawsuit against Ehling and this subsequent lawsuit against National Union.  In particular, National Union and Ehling failed to submit the Tallapoosa Circuit Court's November 14, 2005 and February 21, 2006 Orders entered against Ehling and National Union (who chose not to appear or appeal that decision), which established that the insolvency exclusion was not

applicable to PACA's claims against Ehling and which established damages in favor of PACA. Second, National Union's Motion for Summary Judgment as it pertained to the issue of indemnification went unopposed by Ehling. It can hardly be argued that an issue was fully and fairly litigated when one party simply concedes the issue. Finally, as PACA was not a party to that action, it had no opportunity to present evidence of such.

That said, the issue of insurance coverage presented to the Florida District Court was not fully and fairly litigated with respect to PACA's claims. As such, this Court is not compelled to give the Florida Summary Judgment Order full faith and credit.

### C. The Florida Summary Judgment Order is Neither Collateral Estoppel Nor Res Judicata on the Issues Presented in This Action

Although National Union's Special Notice makes no argument that the Florida Summary Judgment Order has any legal preclusive effect on PACA's claims (it simply says these claims are moot), it is clear that the intent of the submission is to have that order become res judicata or collateral estoppel on PACA's claims. As discussed below, even assuming for the sake of argument that the Florida Summary Judgment Order is entitled to full faith and credit, which it is not, the doctrines of collateral estoppel and res judicata do not apply.

For the doctrine of collateral estoppel (issue preclusion) to apply, the party asserting collateral estoppel must establish the following elements: (1) the issue in a prior action was identical to the issue litigated in present action; (2) the issue was actually litigated in the prior action; (3) the resolution of the issue was necessary to the prior judgment; and (4) the same parties are involved in the two actions. *Unum Life Ins. Co. of America v. Wright*, 897 So. 2d 1059 (Ala. 2004). "Collateral estoppel applies where the matter raised in the second suit *is*

*identical in all respects* to that decided in the first proceeding ***and where the controlling facts and applicable legal rules remain unchanged***." *Id.* (emphasis added); *see also GLA and Associates, Inc. v. City of Boca Raton*, 855 So. 2d 278, 281 (Fla. App. 2003) ("The essential elements of the doctrine are that ***the parties and issues be identical***, and that the particular matter be ***fully litigated and determined in a contest*** which results in a final decision of a court of competent jurisdiction.") (emphasis added).

The Florida Summary Judgment Order is not collateral estoppel on PACA's claims because (1) the issue in the Florida action pertaining to PACA's claims is ***not*** identical to the one presented here; (2) PACA was not a party to the Florida action and, therefore, the same parties are not involved in the two actions; and (3) the issue raised in this action was not fully litigated in the Florida action.  As stated, neither National Union nor Ehling presented the Tallapoosa Circuit Court's November 14, 2005 and February 21, 2006 Orders in favor of PACA. Furthermore, Ehling never opposed National Union's Motion for Summary Judgment as it pertained to the issue of indemnification.  Thus, the issue presented in the Florida action was not identical to those issues presented by this action.  Second, and equally compelling, PACA was simply not a party to the Florida action.  Thus, the Florida Summary Judgment Order has no collateral estoppel effect on PACA's claims here.

Similarly, the Florida Summary Judgment Order has no res judicata effect on PACA's claims in the instant action.  The elements of res judicata (claim preclusion) are as follows: (1) the question or fact must have been litigated and determined by a court of competent jurisdiction; (2) the final judgment must have been rendered on the merits; (3) the parties, or those in privity with them, must be of such a relationship to the parties in the subsequent action

01381250.1

as to entitle them to the benefits and/or burdens of the prior litigation; (4) the same cause of action must be involved in both lawsuits. *E.B. Investments, L.L.C. v. Atlantis Development, Inc.*, 2005 WL 3120089 (Ala. 2005).

First, the Florida Summary Judgment Order is not res judicata on PACA's claims because the relevant question of fact – that is, whether the Circuit Court of Tallapoosa's November 14, 2005 and February 21, 2006 Orders bar National Union from relitigating issues already decided against it – was ***not*** litigated and determined by the Florida District Court. National Union cannot be allowed to conceal a judgment already entered against its insured from the Florida District Court, have that court make a ruling on National Union's Motion for Summary Judgment, and then argue that the Florida Summary Judgment Order has some preclusive effect on PACA's claims.  It simply cannot be done.   Second, PACA was neither a party nor in privity with any party to the Florida action.  Obviously, National Union has made no showing otherwise, as is its burden to do so if it wishes for the Florida Summary Judgment Order to have some preclusive effect.  Finally, the same cause of action presented here – that is, a statutory garnishment action based on the judgment entered against Ehling – was neither presented to the Florida District Court nor made a part of the causes of action asserted in that lawsuit.  Thus, there can be no argument that the causes of action asserted in this lawsuit and the Florida action are identical.  As such, the Florida Summary Judgment Order has no res judicata effect on PACA's claims here.

In sum, National Union has cavalierly submitted the Florida Summary Judgment Order and, without citation to any legal authority, conclusively stated that PACA's claim is moot.  As shown above, nothing could be farther from the truth and National Union's failure to even

discuss the necessary elements of full faith and credit, collateral estoppel and res judicata evidence the lack of merit underlying its Special Notice. The Florida Summary Judgment Order is, therefore, due no weight whatsoever.

## CONCLUSION

For the foregoing reasons, PACA respectfully requests that this Court remand this action to the Circuit Court of Tallapoosa County or, alternatively, enter an Order denying the relief requested by National Union's Special Notice.

Respectfully submitted, this, the 7th day of September, 2006.


/s/ Randall S. Haynes
Randall S. Haynes
Counsel for Plaintiff PACA, Inc.

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
P.O. Box 1660
Alexander City, AL 35011
(256) 329-2000


## CERTIFICATE OF SERVICE

I hereby certify that the following persons will be served by CM/ECF:

Forrest S. Latta
Chad C. Marchand
Bowron, Latta & Wasden, P.C.
P.O. Box 16046
Mobile, AL 36616
251-344-5151

Ehling Insurance and Investments, Inc.
3163 Benton Boulevard
Pace, FL 32571

16

01381250.1

17