**EXHIBIT C**

IN THE CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
ALEXANDER CITY DIVISION

| | |
|---|---|
| PACA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-05-45 |
| ) | |
| CHARLES EHLING, JUDY EHLING, ) | |
| AND EHLING INSURANCE & ) | |
| INVESTMENTS, INC. ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before this Court for a determination of damages to be established on a judgment entered by this Court on November 14, 2005. The Court hereby makes the following findings:

1. PACA is the Plaintiff in this action against Defendants.

2. PACA filed this action on March 4, 2005.

3. Defendants made a claim with their insurance carriers to defend and indemnify them in the present case.

4. Defendants' insurance carriers failed and refused to defend and indemnify Defendants in this action.

5. As a result, Defendants did not have the financial ability to defend themselves in the present suit.

6. Consequently, left with no other recourse, in order to reduce their exposure and because they were financially unable to defend themselves, Defendants were forced to enter into an agreement with Plaintiff whereby Defendants consented to a judgment against them in favor

of the Plaintiff in exchange for Plaintiff's agreement to collect said judgment only to the extent that Defendants' insurance provides coverage.

7. Defendants did not, by virtue of this judgment, admit to any intentional wrongdoing.

8. Based upon the above, on November 14, 2005, this Court entered judgment against the Defendants and in favor of the Plaintiff and set a hearing for December 19, 2005 to determine damages and the amount of said judgment.

9. In its November 14, 2005 Order, this Court required that said order and notice of the December 19, 2005 hearing be served upon Defendants' insurance companies to allow them the opportunity to participate if they so chose.

10. Said notice was given as evidenced by the letters attached hereto as Exhibit A.

11. Despite being given notice and the opportunity to appear, no representative from any of the Defendants' insurance companies appeared at the December 19 hearing.

12. The Court finds that Defendants gave proper notice of this claim to National Union, under policy no. 985-88-28 for the policy period 1/05 to 1/06, as evidenced by the letter from Defendants attached hereto as Exhibit B. There could be other policies and policy periods implicated and/or applicable to this claim as well but the Court was only presented evidence relating to the policy period 1/05 to 1/06.

13. The Court heard extensive testimony from Mr. Wayne Stark, President of PACA, the Plaintiff in this case, relating to the damages suffered by the Plaintiff as a result of Defendants' wrongful conduct.

14. Based upon the testimony of Mr. Stark and the other evidence presented by the Plaintiff, this Court hereby enters judgment in favor of the Plaintiff and against all Defendants, jointly and severally, in the amount of $3,952,227.56.

01297530.1

15.	The Court finds that these damages were incurred as a result of the wrongful acts of the Defendants during the performance of professional services in placing Plaintiff's insurance coverage. The Court finds that, as related to Plaintiff's claim, there were no intentional or malicious acts on the part of the Defendants and that the wrongful acts of the Defendants were negligent acts, errors and omissions. The Court further finds that Plaintiff paid all outstanding medical claims and expenses and that the damages assessed here are therefore not employee benefits but rather reimbursement to Plaintiff for payment of claims and expenses. Finally, the Court notes for the record that Plaintiff experienced claim issues with Meridian, the Plan Administrator, prior to April 2003 when Plaintiff terminated Meridian as the Plan Administrator. Meridian did not file bankruptcy until May 15, 2003. Therefore, any damages awarded in this case are not based upon the insolvency of Meridian but rather on Meridian's claims handling abilities prior to its bankruptcy.

16.	As a result of circumstances surrounding the entry of this judgment and the actual entry of this judgment against Defendants, the Court finds that the Plaintiff and the Defendants now have a common interest, at least in regard to any insurance coverage that may be applicable to the claims and judgment in this case. Therefore, to the extent any relief is sought against Defendants' insurers, the Plaintiff and Defendants in this case shall be deemed to be realigned as Plaintiffs. Moreover, the Court finds that the Defendants and/or Realigned Plaintiffs are clearly indispensable, real parties in interest as to any action against their insurers based upon their desire to have the judgment entered against them satisfied with insurance proceeds.

2-24-06
Attny of Record
Deft.

_____  2-21-06
Circuit Court Judge of Tallapoosa County, Alabama

- 3 -

01297530.1