IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PACA, INC.; CHARLES EHLING; JUDY EHLING; AND EHLING INSURANCE & INVESTMENTS, INC.,<br><br>    PLAINTIFFS,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY,<br><br>    DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 3:06-cv-437-MEF<br>)<br>)  (WO-NOT FOR PUBLICATION)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiffs' Motion to Remand (Doc. # 12). For the reasons set forth in this Memorandum Opinion and Order, the Court finds that the motion is due to be GRANTED and the case is due to be REMANDED to the Circuit Court of Tallapoosa County, Alabama.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 15, 2006, National Union Fire Insurance Company ("National Union")filed a Notice of Removal which brought the instant case before this Court. The procedural life of this lawsuit prior to removal is a bit unusual. Given the arguments advanced by the parties it is as relevant to the issues before the Court as the factual predicate for the lawsuit. Accordingly, the Court will begin its discussion of this case with an overview of both the factual and procedural background of this case.

On March 4, 2005, an Alabama corporation known as PACA, Inc. ("PACA") filed

suit in the Circuit Court of Tallapoosa County, Alabama against a Florida corporation known as Ehling Insurance & Investments, Inc., an insurance agency or brokerage, and its owners Charles and Judy Ehling.[1]  PACA alleged that it had approached Charles and Judy Ehling, who held themselves out as experienced insurance agents/brokers, seeking assistance obtaining insurance coverage and plan administration for the PACA Health and Welfare Plan.  PACA alleged that based on recommendations from the Ehling Parties, it purchased insurance through the Ehling Parties from Meridian Benefit, Inc. ("Meridian").  PACA and its employees began to have difficulty with payment of claims made under the insurance purchased from Meridian, and it is alleged that PACA eventually paid its employees' claims out of its own funds.  Between these payments to its employees and the payments to Meridian for coverage it claims was not provided, PACA contended that it lost more than $862,000.  For this reason, PACA brought suit against the Ehling Parties for the following claims arising under Alabama law:  negligent failure to procure insurance, breach of fiduciary duty, wantonness, fraud/suppression. PACA sought punitive and compensatory damages for these claims.

In April of 2005, the Ehling Parties, proceeding *pro se*, filed an Answer.  On November 14, 2005, the Circuit Court of Tallapoosa County, Alabama entered judgment against the Ehling Parties and in favor of PACA.  According to the Order of Judgment, the

---

[1] Unless otherwise specified, the Court will refer to Ehling Insurance & Investments, Inc., Charles Ehling, and Judy Ehling collectively as "the Ehling Parties."

2

Ehling Parties had contacted the insurance companies from which they had purchased errors and omissions coverage and made a claim under that coverage for the insurance companies to defend and indemnify them from the suit filed by PACA, but the Ehling Parties' insurance carriers had failed or refused to either defend or indemnify the Ehling Parties. The Ehling Parties represented to the Circuit Court of Tallapoosa County, Alabama that they were financially unable to defend themselves in the action and that consequently to reduce their financial exposure, they were electing to consent to the entry of judgment against them in exchange for a promise from PACA that it would only collect the judgment to the extent that the Ehling Parties' insurers provided coverage. The Order of Judgment specifically notes that the Ehling Parties' consent to the entry of judgment did not constitute an admission of intentional wrong-doing. The Order of Judgment set a December hearing on the amount of the judgment to be entered and required that a copy of the Order of Judgment and notice of the hearing be served on the Ehling Parties' insurance companies.

The Circuit Court of Tallapoosa County, Alabama conducted a hearing on damages as scheduled in December of 2005 and thereafter issued an Order on February 21, 2006. In that Order, the Tallapoosa County Court found that the Ehling Parties' insurers had been provided with notice of the hearing and the judgment. Based on testimony it received at the hearing, it also found that PACA was entitled to the entry of judgment against the Ehling Parties in the amount of $3,952,227.56. The Tallapoosa County Court also specifically found that due to the circumstances of the case, the Ehling Parties had a common interest with PACA in collecting the judgment from the Ehling Parties' insurers and ordered that the

Ehling Parties be realigned as party plaintiffs to the action.

As a consequence of the February 21, 2006 Order, counsel for PACA filed an Amended Complaint on April 12, 2006. PACA and the Ehling Parties were listed as the plaintiffs to this action and the sole named defendant to the action was National Union. The Amended Complaint outlined the procedural events in the case which had already transpired. By the Amended Complaint PACA sought garnishment of monies due and owing under an Agent's Errors & Omissions insurance contract between National Union and the Ehling Parties and brought a claim pursuant to Alabama Code § 27-23-2 as a judgment creditor.

Pursuant to 28 U.S.C. §§ 1441 and 1446, National Union filed its Notice of Removal bringing the action from the Circuit Court of Tallapoosa County, Alabama to this Court. National Union contends that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity). Alternatively, National Union asserts that this action is also removable under the provisions of 28 U.S.C. § 1367(a) because the claims asserted by the Plaintiffs to this action are essentially the same "case or controversy" within the meaning of Article III of the United States Constitution as a case currently pending in the United States District Court for the Northern District of Florida.

On October 11, 2005, Charles Ehling and Ehling Insurance & Investments, Inc. brought suit against National Union and AIG Domestic Claims, Inc. ("AIG") in a circuit court for the State of Florida. That lawsuit was removed to the United States District Court for the Northern District of Florida on the basis of 28 U.S.C. § 1332 (diversity jurisdiction) where it remains pending. In the Florida case, Charles Ehling and Ehling Insurance &

4

Investments, Inc. alleged that the defendants to that action breached their duty to defend them in certain lawsuits. Charles Ehling and Ehling Insurance & Investments, Inc. alleged that the defendants had issued a policy of insurance to them which provided that defendants would insure them against any loss or liability occurring as a result of an error or omission by them in the course of their business as insurance agents and also that defendants would defend Charles Ehling and Ehling Insurance & Investments, Inc. in any action alleging that they caused someone harm by errors or omissions in the course of that business. The lawsuit specifically identified six actions brought against Charles Ehling and Ehling Insurance & Investments, Inc. for which National Union and AIG had refused to provide a defense. The suit by PACA in Alabama was not among the listed actions. After removal, National Union brought a Counterclaim seeking a declaration of its rights under the errors and omissions policy. Specifically, National Union sought a ruling in that lawsuit that it had no contractual obligation to either defend or indemnify Charles Ehling and Ehling Insurance & Investments, Inc. for any action arising out of their sale of Meridian products.[2] Unlike the original Complaint, this Counterclaim specifically refers to the PACA lawsuit in Tallapoosa County. Thus, the issue of whether or not Charles Ehling and Ehling Insurance & Investments, Inc. are entitled to insurance coverage under the National Union errors and omissions policy is

---

[2] On August 14, 2006, Judge Hinkle of the United States District Court for the Northern District of Florida entered an Order partially granting a motion for summary judgment filed in that case by National Union. Judge Hinkle found that National Union had no duty to indemnify the Ehling Parties for the judgment in the PACA case. There is not as of yet a final judgment in the Florida case because Judge Hinkle declined to enter judgment pursuant to Federal Rule of Civil Procedure 54(b).

being or has been litigated in the United States District Court for the Northern District of Florida, in a case properly before that court pursuant to its subject matter jurisdiction under 28 U.S.C. § 1332.

After removing the action to this Court, National Union sought dismissal or transfer of this action to the United States District Court for Northern District of Florida. Plaintiffs oppose dismissal or transfer of this action to United States District Court for the Northern District of Florida. They contend that this Court lacks subject matter jurisdiction over this matter and that it should be remanded to the Circuit Court of Tallapoosa County, Alabama.

## DISCUSSION

Removing defendants bear the burden of establishing federal subject matter jurisdiction. *See, e.g., Carson v. Dunham,* 121 U.S. 421 (1887); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996), *cert. denied*, 520 U.S. 1162 (1997) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction);*Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1996). Due regard for state governments' rightful independence requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits.[3] *Shamrock*

---

[3] Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). As such, they may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377.

*Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941).

## A. 28 U.S.C. § 1332 - Diversity Jurisdiction

The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1337 (11th Cir.2002). Indeed, one of the Supreme Court's earliest cases, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267(1806),[4] held that there is no diversity jurisdiction when any party on one side of the suit is a citizen of the same state as any party on the other side.

That this case satisfies Section 1332(a)(1)'s requirement that the amount in controversy exceed $75,000 is not in dispute. Whether Section 1332(a)(1)'s requirement that there be complete diversity of citizenship is satisfied presents a more complex and disputed question. The Ehling Parties, now party plaintiffs to this action, are citizens of Florida for purposes of diversity jurisdiction; their citizenship is not disputed. Plaintiff PACA is alleged to be a citizen of Alabama and this allegation is not disputed.[5] Defendant National Union, a corporation, is incorporated under the laws of Pennsylvania and has its principal place of business in Pennsylvania. That it is a citizen of Pennsylvania is not disputed by the parties.

---

[4] Overruled on other grounds by 43 U.S. (2 How.) 497 (1844).

[5] As a corporation, PACA is deemed to be a citizen of both its place of incorporation and its principal place of business for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

Indeed, the controversy in this case is whether 28 U.S.C. § 1332(c)(1) requires this Court to consider National Union to also be a citizen of Florida, which mean that there was no diversity of citizenship in this matter and no basis for this Court to exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

> The relevant provision of 28 U.S.C. § 1332(c) provides as follows:
>
> > For purposes of this section and section 1441 of this title ---
> > (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance,* whether incorporated or unincorporated, *to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen , as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business;*

28 U.S.C. § 1332(c)(1) (emphasis added). Thus, because the Ehling Parties, here the insured under the National Union policy, are not joined to this action as party-defendants, National Union will be counted as a citizen of the State of Florida, the State of which the Ehling Parties are citizens, if this case constitutes a "direct action against the insurer of a policy or contract of liability insurance." 28 U.S.C. § 1332(c)(1). This Court has previously determined that "under the modern trend, a 'direct action' can include post-judgment garnishments brought by a judgment creditor against the judgment debtor's commercial insurer." *Wheelwright Trucking Co. v. Dorsey Trailers, Inc.,* 158 F. Supp. 2d 1298, 1301 (M.D. Ala. 2001) (DeMent, J) (collecting cases). In this Court's view, the instant case

clearly falls within this description.[6] The claims brought in the Amended Complaint are most aptly characterized as claims by PACA, a judgment creditor, against National Union as the commercial insurer of the judgment debtors, the Ehling Parties, for post-judgment garnishment. Indeed, Count Two of the Amended Complaint is brought pursuant to Alabama Code § 27-23-2, a provision which this Court has previously deemed a "direct action statute." *Wheelwright Trucking,* 158 F. Supp. 2d at 1301. Thus, consistent with the holding of *Wheelwright Trucking,* the Court is compelled to find that National Union is a citizen of the State of Florida and complete diversity of citizenship is lacking. Accordingly, 28 U.S.C. § 1332(a) provides no basis on which this Court may exercise original subject matter jurisdiction over this action.

**B.  28 U.S.C. § 1367 - Supplemental Jurisdiction**

Separate and apart from its contention that this case is removable because this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), National Union contends that this action is also removable under the provisions of 28 U.S.C. §§ 1367(a) and 1441(a) because the claims Plaintiffs assert in this action are essentially the same "case or controversy" within the meaning of Article III of the United States Constitution as the case

---

[6] The Court is not persuaded by National Union's attempt to distinguish the *Wheelwright Trucking* case or to argue that *Wheelwright Trucking* actually supports a finding of original subject matter jurisdiction over this action. Moreover, the Court is not persuaded by National Union's invocation of the line of cases which provide that the direct action proviso does not affect suits brought by an insured against his own insurer. *See, e.g., Bowers v. Continental Ins. Co.,* 753 F.2d 1574, 1576 (11th Cir. 1985)Those cases bear no relevance to this action which is most fairly described as an action by a judgment creditor against a judgment debtor's insurer for garnishment.

pending in the United States District Court for the Northern District of Florida.

The removal statute National Union invokes states, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Thus, in evaluating the propriety of the removal of this action pursuant to 28 U.S.C. § 1441(a), this Court must determine whether it has original jurisdiction over this action. Two obvious sources of original jurisdiction: 28 U.S.C. § 1331 and 28 U.S.C. § 1332 may immediately be rejected. National Union has never contended that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. For reasons set forth in the preceding section of this Memorandum Opinion and Order, the Court has found that this Court does not have jurisdiction over this action pursuant to 28 U.S.C. § 1332.

National Union contends that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367(a). This statute, known as the supplemental jurisdiction statute, became law in 1990 and codified pendent and much of ancillary jurisdiction. The statute provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, *in any civil action of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. ...

28 U.S.C. § 1367(a) (emphasis added). The Court finds that the supplemental jurisdiction

statute on which National Union relies is not a source of original subject matter jurisdiction and that a removal petition may not base subject matter jurisdiction on the supplemental jurisdiction statute. While neither the United States Supreme Court,[7] nor the Eleventh Circuit Court of Appeals, has specifically made this holding, this Court is persuaded by the numerous published opinions from a variety of other courts which have reached this conclusion. *See, e.g., Patel v. Del Taco, Inc.,* 446 F.3d 996, 999-1000 (9th Cir. 2006) (affirming an award of attorney's fees against removing defendant for improper removal because "[s]ection 1367, which provides for supplemental jurisdiction, is not a basis for removal."); *Motion Control Corp. v. SICK, Inc.,* 354 F.3d 702, 705-06 (8th Cir. 2003) (holding that supplemental jurisdiction statute did not provide an independent basis for removal or authorize removal under § 1441 and that removal was therefore improper); *Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 456 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction...."); *Keene v. Auto Owners Ins. Co.,* 78 F. Supp. 2d 1270, 1273-74 (S.D. Ala. 1999) (holding that "the supplemental jurisdiction statute is not an independent source of removal jurisdiction and therefore does not empower

---

[7] The United States Supreme Court has indicated in *dicta* that "[a]ncillary jurisdiction...cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441." *Syngenta Crop Protection, Inc. v. Henson,* 537 U.S. 28, 34 (2002). While not binding precedent, *dicta* from the United States Supreme Court is certainly persuasive authority.

11

a defendant to remove an otherwise unremovable case for consolidation with a related federal action."); *Brown v. Prudential Ins. Co. of Am.,* 954 F. Supp. 1582, 1584 (S.D. Ga. 1997) (holding that supplemental jurisdiction does not provide the original jurisdiction necessary for removal under § 1441).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1.  Plaintiffs' Motion to Remand (Doc. # 12) is GRANTED.

2.  Defendant National Union's Motion to Dismiss, or in the Alternative, Motion to Transfer (Doc. # 4) is DENIED without prejudice.

3.  This case is REMANDED to the Circuit Court of Tallapoosa County, Alabama.

4.  The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this the 11th day of January, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE